IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BEVERLY WOOTEN, as Surviving Spouse of BARRY WOOTEN and BARRY WAYNE WOOTEN, as Administrators of the ESTATE OF BARRY WYATT WOOTEN, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY and ROBERTBOSCH LLC,<br><br>Defendants. | CIVIL ACTION NO: 5:23-cv-00346 |

## DJC LAW PLLC'S MEMORANDUM IN SUPPORT OF THE MOTION TO INTERVENE

Comes now Michael G. Horner on behalf of DJC Law PLLC ("DJC") and hereby files this Memorandum in Support of the Motion to Intervene, pursuant to Fed. R. Civ. P. 24(a)(2) and states as follows:

### INTRODUCTION

Ford's defective "advanced driver assistance system" (or ADAS) killed Barry Wooten. Specifically, the lane-centering and lane-keeping features of ADAS are at the heart of the Wootens' defect claims. A senior service department manager at Five Star Ford, Wooten preordered his 2021 F-150 with all the advanced safety features. He was fascinated with the autonomous features and used them regularly: "A.I. - driving with cruise is still fascinating to me," he texted his son just weeks before

his death. Adaptive cruise control (which includes lane centering and lane keeping) was engaged when his truck drove through the gore at an inter-state exit—even as Wooten slammed on the brakes and steered hard to the right. But the truck ignored his steering and plowed into a tree. He died a few hours later. The Wootens sued Ford under Georgia law for strict liability and negligence.

The DJC law firm was retained to represent Beverly Wooten and Barry Wayne Wooten as Administrator of the Estate of Barry Wyatt Wooten.  On October 11, 2024, attorney Nick Wooten left the DJC law firm.  After the departure of Mr. Wooten, the DJC law firm received notice on October 28, 2024 that Beverly Wooten and Barry Wayne Wooten were terminating the attorney client relationship with DJC. DJC law also has a co-counsel agreement to represent the Wootens with the Cheeley Law Group.

Pursuant to Fed. R. Civ. P. 24(a)(2), DJC moves to intervene in this matter to file a lien to protect DJC's attorney fee and expense reimbursement interest as it relates to the attorney/client contract and co-counsel agreement.  The intervention is timely and disposing of the matter may impair or impede DJC's ability to protect its interest.  DJC has a direct interest in the recovery of the contractual attorney's fees and expenses and is not adequately represented by the existing parties.[1]

## LEGAL STANDARD

DJC seeks to intervene as of right under Rule 24(a), which requires it to (1) make a timely application, (2) have an interest relating to the subject matter of the action, (3) be at risk that that interest will be impaired by the action's disposition and (4) demonstrate a lack of adequate representation of the

---

[1] *See* Georgia Code Section, O.C.G.A. § 15-19-14 and *White v. Aiken,* 197 Ga. 29 (1943).
.

interest by the existing parties. *Georgia v. U.S. Army Corps of Engineers,* 302 F.3d 1242, 1249-50 (11th Cir. 2002) and, *Athens Lumber Co., Inc. v. Federal Election Com'n,* 690 F. 2d 1364, 1366 (11th 1982).

**ARGUMENT**

The timeliness requirement, rather than imposing a precise time limit, essentially means that an intervenor must use reasonable diligence. *Reeves v. Wilbanks*, 542 F.3d 737 (11th Cir. 2008). This test essentially sets out a reasonableness standard: potential intervenors need to be reasonably diligent in learning of a suit that might affect their rights, and upon so learning they need to act reasonably promptly. *United States v. South Bend Community School Corp.,* 710 F.2d 394, 396 (7th Cir. 439*439 1983), *cert. denied,* 466 U.S. 926, 104 S.Ct. 1707, 80 L.Ed.2d 181 (1984).

Here, DJC acted in a timely manner. DJC received notice from Ms. Williams that she was terminating the attorney client relationship on October 28, 2024. DJC sought to intervene in this matter eight days later on November 7, 2024. By moving to intervene within days, DJC acted "with dispatch" and was therefore diligent and acted promptly from the time it was informed of the termination and the move to intervene. The timeliness requirement of Rule 42(a) is therefore satisfied.

The Supreme Court has held that an interest under Rule 24(a)(2) means a "significantly protectable interest," *Donaldson v. United States,* 91 S.Ct. 534 (1971). DJC has a direct and substantial interest related to the subject matter of this action. DJC represented the Wootens in this case and had a contingent fee interest in this case based on an attorney client contract with the Wootens and its co-counsel agreement with the Cheeley Law Group. In order to protect its fee and reimbursement of expense interest, DJC must file a lien in this matter and provide notice of that lien under Georgia Code § 15-19-14 (2023) which states in part:

> (b) Upon actions, judgments, and decrees for money, attorneys at law shall have a lien superior to all liens except tax liens; and no person shall be at liberty to satisfy such an action, judgment, or

> decree until the lien or claim of the attorney for his fees is fully satisfied. Attorneys at law shall have the same right and power over the actions, judgments, and decrees to enforce their liens as their clients had or may have for the amount due thereon to them.

DJC seeks to intervene here to protect its fee and expense reimbursement interest in the case should the Wootens make a recovery. This interest is direct and is substantially related to the underlying case before the court. As such, the second requirement of Rule 24(a) is satisfied.

As to the third requirement, if the Wootens are successful and an attorney fee and expense reimbursement lien is not in place, DJC's ability to recover will be greatly impaired. It is well recognized that once funds from a lawsuit are distributed to a party in litigation, either through judgment or settlement, an attorney's ability to claw back fees and expenses is greatly impaired. As such, states have implemented laws, such as the above Georgia attorney fee lien law to provide a means for attorneys to recover fees and expenses form clients where necessary. If this case is decided or settled in the Wootens favor, and funds are distributed without a lien in place, DJC's interest will be impaired.

The proposed intervenor has the burden of showing that the existing parties cannot adequately represent its interest, but this burden is "treated as minimal." *Clark v. Putnam County,* 168 F.3d 458, 461 (11th Cir.1999) (quoting Trbovich v. United Mine Workers, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972)). The parties to this action are the Wootens and Ford. None of these parties will adequately represent DJC's interest in the recovery of its attorney's fees and expenses in this case. Neither the estate, Ms. Wooten nor Ford have a stake in DJC's recovery of fees and expenses should Plaintiffs recover in this case. Only DJC can protect this interest and therefore this intervention is necessary because the existing parties will not represent DJC's interests.

## CONCLUSION

For the foregoing reasons, DJC respectfully requests that this Court allow DJC to intervene in this matter pursuant to Rule 42(a) to assert a lien for its attorney's fees and reasonable expense reimbursement.

Dated: November 18, 2024.

        *Respectfully submitted,*

        **REYNOLDS, HORNE & SURVANT**


          */s/ Michael G. Horner*
        MICHAEL G. HORNER
        GA Bar No. 251194
        *Attorney for DJC Law PLLC*


P.O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300 (phone)
(478) 405-0550 (fax)
firm@reynoldsinjurylaw.com


Daniel Christensen, *pro hac vice*
DJC LAW, PLLC
1012 West Anderson Lane
Austin, Texas 78757
(512) 220-180

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2024, a true and correct copy of the foregoing DJC Law PLLC Memorandum in Support of the Motion to Intervene was filed via the Court's CM/ECF system, which will serve a copy on all counsel of record. And a copy was mailed to Beverly Wooten and Barry Wayne Wooten as the Administrator of the Estate of Barry Wyatt Wooten and via First Class US Mail.

/s/ *Michael G. Horner*
Michael G. Horner