IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BEVERLY WOOTEN, as Surviving Spouse of BARRY WYATT WOOTEN, Deceased, BEVERLY WOOTEN and BARRY WAYNE WOOTEN, as Co-Administrators of the ESTATE OF BARRY WYATT WOOTEN, Deceased,<br><br>*Plaintiffs*,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>*Defendant*. | CIVIL ACTION FILE NO.<br><br>5:23-cv-00346-MTT |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DJC LAW PLLC'S MOTION TO INTERVENE**

The Court should deny DJC Law PLLC's Motion to Intervene under Federal Rule 24(a)(2) because DJC fails to satisfy the second and third prongs of the Eleventh Circuit's four-part test for intervention by right. DJC's motion to intervene fails because (1) DJC does not have an interest relating to the subject matter of this case; and (2) disposition of this case does not impede or impair DJC's rights. As will be shown, DJC lacks any enforceable lien rights in this case, cannot claim any fees under a contingency agreement, and must

seek quantum meruit from its former co-counsel, not the Plaintiffs in this action.

## Introduction

DJC seeks intervention asserting lien rights and a contingency fee interest in this case. DJC asserts an employment agreement with the Plaintiffs. However, the fee contract in this case was solely executed between Beverly Wooten, as surviving spouse and co-administrator, Wayne Wooten, as co-administrator, (together the "Wooten Plaintiffs") and Cheeley Law Group ("CLG"). DJC was involved in this case through a co-counsel agreement for the sharing of fees and costs between DJC and CLG. This co-counsel agreement was ratified and approved by the Wooten Plaintiffs after Nick Wooten became involved in this litigation.

Under Georgia law, the Wooten Plaintiffs had the absolute right to terminate DJC and the Association Agreement between Cheeley Law Group and DJC at any time, with or without cause. The Wooten Plaintiffs elected to terminate their relationship with DJC Law after Nick Wooten resigned from DJC on October 11, 2024. Since this case did not resolve prior to DJC's termination, under Rule 1.5 of the Georgia Rules of Professional Conduct, no fee has been earned by DJC. Georgia Law prohibits an attorney from sharing a contingency fee after their termination by the client. Georgia case law addressing the termination of a fee-splitting agreement between two law firms

due to the client's termination of one of the law firms involved requires the terminated lawyer to seek quantum meruit from its former co-counsel. Therefore, DJC has no right to intervene in this action.

## Facts

Importantly, Cheeley Law Group ("CLG") is the only law firm that has ever had an employment agreement with the Wooten Plaintiffs. CLG was solely retained by the Wooten Plaintiffs who executed a written contingency fee agreement in 2021 shortly after Barry Wooten's death. Robert Cheeley originated the case with Barry Wooten's surviving spouse, Beverly, who was referred to Cheeley by her brother, Bill Butler.

Nick Wooten, the nephew of the deceased, met with Beverly after Barry's funeral and before her retention of CLG to discuss her legal options. After Beverly informed Nick Wooten of her brother's relationship with Robert Cheeley and CLG's interest in pursuing the case, Nick Wooten encouraged Beverly to retain CLG due to Robert Cheeley's experience and sterling reputation for automobile products defect litigation. At that time, Nick Wooten was not employed by DJC, but rather, self-employed.

CLG initially co-counseled this case with the Firm of Conley Griggs Partin. Conley Griggs withdrew from the representation of the Wooten Plaintiffs in mid-2023 after taking a nonsuit of the original action. In early June 2023, Wayne Wooten contacted Nick Wooten requesting him to discuss the case status and refiling with CLG. At that time, Nick Wooten was employed with DJC in Austin, Texas simultaneously litigating numerous complex litigation matters in several states. Nick Wooten's discussions with CLG eventually led to a co-counsel agreement between DJC and CLG whereby Wooten would act as co-counsel to CLG in this refiled case.

The written co-counsel agreement between CLG and DJC included a fee and cost sharing provision. The Wooten Plaintiffs were provided with a written explanation of the co-counsel agreement between CLG and DJC including the division of fees and costs. The Wooten Plaintiffs signed an acknowledgement approving the co-counsel agreement and the division of fees and costs between CLG and DJC. The Wooten Plaintiffs never signed a contingency fee agreement with DJC.

At DJC, Nick Wooten was the sole attorney working on this case from June of 2023 until April 1, 2024, when Associate Sabine Wakim was hired to assist Nick Wooten with his complex litigation docket. Besides Attorneys

Wooten and Wakim, no other attorney at DJC performed any substantive work on this matter from June of 2023 until the Wooten Plaintiffs terminated DJC on November 1, 2024. During his employment with DJC, Nick Wooten made regular reports of the case's progress to his managing attorney, Mark Pierce, and to the owner of DJC as requested.

In late August of 2024, in rapid succession, DJC terminated several lawyers in DJC's Chicago office who assisted Nick Wooten with complex litigation in Chicago, reassigned Attorney Wakim away from Nick Wooten's docket which led to her resignation, and DJC's very well-respected Director of Operations resigned from the Firm. These events left Nick Wooten without adequate staffing or support needed to prosecute his caseload effectively. Thereafter, Nick Wooten notified DJC of his decision to leave the Firm on October 11, 2024.

In accordance with normal ethical obligations, Nick Wooten notified the Wooten Plaintiffs that he was departing DJC and that he was willing to continue representing them in the underlying case. The Wooten Plaintiffs were told they had the right to decide who represented them and were given the choice to stay with DJC, leave with Nick Wooten, or terminate both DJC and Nick Wooten and continue with CLG alone. The Wooten Plaintiffs chose to terminate DJC and have Nick Wooten and CLG continue to represent them in this case.

At the time of his departure from DJC, Nick Wooten informed DJC that CLG would reimburse DJC for all its case expenses. Upon receiving DJC's proof of expenses, CLG promptly reimbursed DJC its case expenses.

DJC also requested and received from the Wooten Plaintiffs a formal termination letter mentioned above and dated November 1, 2024. After receiving the Wooten Plaintiffs' termination letter, and prior to filing its intervention motion in this Court, DJC improperly claimed the right to force the Wooten Plaintiffs to pay a double contingency fee if they terminated DJC's employment.

DJC's only involvement with this case was through its employment of Nick Wooten. No lawyer currently at DJC has ever spent substantive time working on this case. Nick Wooten's former managing attorney, Mark Pierce, attended the 30(b)(6) deposition of Ford's corporate representative on Zoom. No other legal work has been done by any attorney currently employed by DJC–including Dan Christensen, DJC's owner and the party pursuing this lien. Outside of Nick Wooten and Sabine Wakim, DJC acted as nothing more than a case expense funding source during the co-counsel arrangement. DJC has already been repaid for its case expenses by CLG.

**Standard**

Rule 24 of the Federal Rules governs intervention, and DJC moves to intervene by right under subsection (a)(2). Fed. R. Civ. P. 24. The Eleventh

Circuit has articulated a four-part test for intervention by right under Rule 24, requiring a movant (1) to timely file an application to intervene; (2) have an interest relating to the property or transaction which is the subject of the pending litigation; (3) be so situated that disposition of the action, as a practical matter, may impede or impair the movant's ability to protect that interest; and (4) demonstrate that movant's interest is not represented adequately by the existing parties to the suit. *Worlds v. Dep't of Health & Rehabilitative Servs.*, 929 F.2d 591, 593 (11th Cir. 1991). Only the second and third prongs of this test are at issue.

## Argument

DJC's motion should be denied because DJC cannot satisfy the second and third prongs of the *Worlds'* four-part test for intervention by right. This is because DJC has no interest in this case and no enforceable rights against the Wooten Plaintiffs. DJC must pursue any claim for payment of fees in quantum meruit and that claim must be raised against CLG.

### a. **DJC does not have an interest relating to the property or transaction which is the subject of the pending litigation.**

DJC's intervention is grounded in the claim that DJC acquired a direct and substantial interest related to the subject matter of this action because DJC represented the Wooten Plaintiffs in this case and had a contingent fee

interest in this case based on an attorney client contract with the Wootens and its co-counsel agreement with the Cheeley Law Group.

Again, DJC has never had a contingency fee employment agreement with the Wooten Plaintiffs. Rather, DJC had a co-counsel agreement with DJC to split fees and costs. This co-counsel agreement was approved and authorized by the Wooten Plaintiffs until DJC's termination as co-counsel on November 1, 2024. DJC also acknowledges that the Wooten Plaintiffs terminated its representation. Even if DJC had a contingency employment agreement, DJC's termination occurred "before the occurrence of contingencies that would have given rise to the payment of attorney fees[.]" *Eichholz Law Firm, P.C. v. Tate Law Grp., LLC*, 310 Ga. App. 848, 850, 714 S.E.2d 413, 415 (2011). *Eichholz* recognizes Georgia law embodies a "policy against allowing a discharged lawyer to collect contingent attorney fees." *Id.* 851.

This fact pattern aligns with the facts from *Kirschner & Venker, P.C. v. Taylor & Martino, P.C.*, 627 S.E.2d 112 (Ga. Ct. App. 2006). Kirschner & Venker, P.C., a Georgia law firm, entered into a co-counsel agreement with Taylor & Martino, P.C., an Alabama law firm, to serve as local counsel in a personal injury case that ultimately yielded attorney's fees of $1,500,000. However, the client fired Kirschner & Venker, P.C., before the resolution of the underlying case occurred triggering contingency fee rights.

After the case resolution, Kirschner & Venker sued Taylor & Martino for half the fees paid in the case. The trial court first held "[w]hen the contingency justifying a fee has not yet occurred, the discharged attorney has no basis for collecting a fee connected to that contingency." *Id.* 112. Instead, the trial court found quantum meruit was the proper measure of Kirschner & Venker's recoverable fees. The Georgia Court of Appeals affirmed. Relevant to this motion, *Kirschner* also holds that in a case involving rights asserted under a fee-splitting agreement with former co-counsel, the discharged attorney's quantum meruit claim would lie against its former co-counsel, and not the former clients. See *Kirschner* at 113-14. Since DJC's rights arise against CLG and not the Wooten Plaintiffs, DJC has absolutely no interest in this case to protect by intervention.

**b. DJC has no lien rights that could be impacted by this case.**

DJC argues it must be allowed to intervene to file an attorney's lien in this matter pursuant to Georgia Code § 15-19-14(b) (2023). This section is inapplicable to this fact pattern. DJC's lien rights were terminated when the Wooten Plaintiffs terminated DJC's employment. The leading case explaining the predecessor to § 15-19-14(b) is the 1943 case of *White v. Aiken*, 197 Ga. 29, 28 S.E.2d 263 (1943). The predecessor statute to § 15-19-14(b) contained the same language as current § 15-19-14(b). Interpreting this language in *White*, Justice Grice explained "A fair construction of the language would seem to be

that all that was intended to be said was, that so long as the relationship existed the attorneys, for the purpose of enforcing their liens, not only had the same right and power over judgments and decrees as their clients, but control over the suits. It meant nothing more." *Id* 266. *White* made clear, the act "deals only with the liens of attorneys, presupposing that the relation of attorney and client exists." *Id*. Since DJC's termination predated this lien claim, there is no attorney-client relation to sustain any enforceable lien rights in this case under § 15-19-14(b). The holding from *White v. Aiken* makes explicit that the right to discharge is absolute and § 15-19-14(b) has no impact on those rights: "There is nothing in that provision, or in the section from which it is taken, or in the act itself, which treats of the right of a client to discharge an attorney, or a denial of any such right." *Id*.

### c. DJC's rights are unaffected by this action.

As noted above, DJC's involvement in this case arose under a co-counsel agreement with CLG. DJC was terminated by the Wooten Plaintiffs prior to the occurrence of any contingency. DJC's case expenses have been reimbursed. Any right to payment of fees would arise under quantum meruit principles. DJC's quantum meruit claim lies against CLG and not the Wooten Plaintiffs. See *Kirschner* at 113-14. DJC has no lien rights in this action to assert or enforce. See *White* at 266. For these reasons, DJC's rights are preserved

against CLG and are adequately protected. DJC has no basis to intervene in this case.

## Conclusion

DJC made good on its threat to the Wooten Plaintiffs to seek a double contingency fee from them by filing this motion for intervention. If DJC is entitled to any payment of attorney's fees, DJC must seek that payment under quantum meruit principles from CLG and not the Wooten Plaintiffs. By necessity, DJC must file a separate action involving the proper parties. The motion to intervene is an unnecessary and improper distraction, not well grounded in fact or law, and does not meet the threshold standard for intervention. The Court should deny DJC's motion to intervene.

Submitted December 9, 2024.           /s/ *Robert D. Cheeley*
                                      Counsel for Plaintiffs

**Slavik Law Firm, LLC**                **CHEELEY LAW GROUP, LLC**
                                        Robert D. Cheeley
Donald H. Slavik                        GA Bar No. 122727
CO Bar No. 33860                        Nick Wooten
*Admitted Pro Hac Vice*                 TX Bar No. 24128672
2834 Blackhawk Court                    *Admitted pro hac vice*
Steamboat Springs, CO 80487-2018        Andre T. Tennille III
Tel.: (970) 457-1011                    GA Bar No. 940510
Fax: (267) 878-7697                     Gabrielle D. Gravel
dslavik@slavik.us                       GA Bar No. 449376
                                        2500 Old Milton Parkway
                                        Suite 200
                                        Alpharetta, GA 30009
                                        Tel.: (770) 814-7001
                                        Fax: (678) 559-0273
                                        bob@cheeleylawgroup.com

                nick@cheeleylawgroup.com
                dre@cheeleylawgroup.com
                gabby@cheeleylawgroup.com

# CERTIFICATE OF SERVICE

I hereby certify that today I served the foregoing motion via CM/ECF which will provide copies via email to the following counsel of record. Copies are also being provided via U.S. Mail.

Michael R. Boorman
Paul E. Petersen, III
WATSON SPENCE, LLP
Bank of America Plaza
600 Peachtree Street NE
Suite 2320
Atlanta, GA 30308
mboorman@watsonspence.com
ppetersen@watsonspence.com

*Attorneys for Defendant
Ford Motor Company*

Scott A. Richman
Tiffany M. Gutierrez
MCDONALD TOOLE WIGGINS, PA
111 N. Magnolia Avenue
Suite 1200
Orlando, FL 32801
srichman@mtwlegal.com
tward@mtwlegal.com
WootenvFord@mtwlegal.com

*Attorney for Defendant
Ford Motor Company*

MICHAEL G. HORNER
GA Bar No. 251194
Attorney for DJC Law PLLC
REYNOLDS, HORNE & SURVANT
P.O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300 (phone)
(478) 405-0550 (fax)
firm@reynoldsinjurylaw.com

Daniel Christensen, pro hac vice
DJC LAW, PLLC
1012 West Anderson Lane
Austin, Texas 78757
(512) 220-1800

                                  */s/ Robert D. Cheeley*
                                   Robert D. Cheeley
                                   Counsel for the Plaintiffs