IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BEVERLY WOOTEN, as Surviving Spouse of BARRY WOOTEN and BARRY WAYNE WOOTEN, as Administrators of the ESTATE OF BARRY WYATT WOOTEN, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY and ROBERTBOSCH LLC,<br><br>Defendants. | CIVIL ACTION NO: 5:23-cv-00346 |

## DJC LAW PLLC'S REPLY IN SUPPORT OF THE MOTION TO INTERVENE

Comes now Michael G. Horner on behalf of DJC Law PLLC ("DJC") and files this Reply in Support of the Motion to Intervene, pursuant to Fed. R. Civ. P. 24(a)(2) and states as follows:

Plaintiffs' Response in Opposition to DJC's Motion to Intervene ("Response") is without merit. By Plaintiffs' own admission, DJC had an attorney/client relationship and both an express and implied contract with Plaintiffs for well over a year during the time DJC represented them regarding this litigation. Attached as Exhibit A is a letter from DJC to Plaintiffs, counter signed by Plaintiffs, executed on October 3, 2023,

around the beginning of the attorney/client relationship.[1]  The letter confirms the attorney/client relationship and written agreement for the provision of legal services between Plaintiffs and DJC for this litigation.  The attorney/client relationship continued under this agreement until Plaintiffs terminated it with DJC in writing on November 1, 2024.  *See* Response at 5.  Tellingly, Plaintiffs do not dispute this in their recitation of facts.  Plaintiffs' Response in Opposition to DJC Law PLLC's Motion to Intervene ("Response") at 3.

The letter not only asked Plaintiffs to affirmatively acknowledge their attorney/client relationship, it confirmed their agreement with DJC to pay DJC for its legal services and it defined percentages of any fees recovered in this matter:

> Second, I [Nick Wooten] need to disclose the new financial agreements among the Firms now handling the case. My Firm [DJC], along with Bob Cheeley and his Firm, and Don Slavic and his Firm, have agreed to the following financial arrangements. My Firm will pay all the remaining costs of this litigation through completion *and will receive 50% of any fees recovered under your employment agreement with Bob Cheeley and his Firm. Bob Cheeley and his Firm will remain engaged and continue to work with us to prosecute this case.* Bob Cheeley and his Firm will be entitled to recover their expenses of litigation already incurred and 30% of any fees ultimately recovered in this case. Don Slavic and his Firm will not be responsible for any costs incurred in this litigation and will be entitled to 20% of any fees recovered in this case for his contributions to our success.
>
> (emphasis added).

Among other agreements, Plaintiffs acknowledged and agreed to the following

---

[1] The letter has been redacted to remove irrelevant, confidential information.

contract terms by signature of the attached letter:

> I [the Wootens] understand that the financial arrangements between the lawyers and law firms in this case has been adjusted based upon DC Law [n/k/a DJC] and Don Slavic and his law firm *becoming involved* in the case. *I have been informed about and agree to the following division of fees and expenses by and among the lawyers and law firms upon a successful recovery in this case:*
>
> > a. Bob Cheeley and Cheeley Law Group will be reimbursed for all case expenses previously incurred and will receive 30% of any fees recovered.
> >
> > b. Don Slavic and his Firm will receive 20% of any fees recovered and will not be responsible for any expenses of this litigation.
> >
> > *c. DC [now DJC] Law will pay all expenses of this litigation going forward and will receive 50% of any fees recovered.*
>
> (emphasis added).

As discussed by Plaintiffs in their Response, DJC lawyers Nick Wooten and Sabine Wakim worked for well over a year on this case when they represented Plaintiffs. DJC attorneys and staff made significant contributions to the case during the period of DJC's representation. Through the October 3 acknowledgement letter, DJC disclosed the type of working relationship it had with Bob Cheeley and had an express contract laying out the terms of consideration (50% of the fee) for the work that formed the basis of the attorney/client relationship between the Wootens and DJC.

As plainly laid out above and in the attached letter, an express attorney/client contract and attorney/client relationship did exist between Plaintiffs and DJC. DJC accordingly has a "significantly protectable interest" under Fed. R. Civ. P. 24(a)(2).

In Georgia, the formation of an attorney/client contract adheres to general contract principles, requiring an offer, acceptance and consideration. "Generally, the relation of attorney and client is a matter of contract, but the contract may be express, or implied from the conduct of the parties. The employment is sufficiently established when it is shown that the advice or assistance of the attorney is sought and received in matters pertinent to his profession." *In Re Dowdy,* 247 Ga. 488, 491(1981). "The relationship of attorney-client may be expressly created by written contract, or may be inferred from the conduct of the parties." *Guillebeau v. Jenkins*, 182 Ga. App. 225 (1987). "[T]he basic question in regard to the formation of the attorney-client relationship is whether it has been sufficiently established that advice or assistance of the attorney is both sought and received in matters pertinent to his profession." *Huddleston v. State,* 259 Ga. 45, 46-47 (1989).

Plaintiffs concede in their statement of facts that ". . . Wayne Wooten contacted Nick Wooten requesting him to discuss the case status and refiling with CLG. At this time, Nick Wooten was employed with DJC in Austin, Texas." Response at 4. They further admit that DJC attorney "Nick Wooten was the sole attorney working on this case from June of 2023 until April 1, 2024 when [DJC] Associate Sabine Wakim was hired to assist" on the case. *Id*. And they acknowledge that ". . . Plaintiffs were provided with a written explanation of the co-counsel agreement between CLG and DJC including the division of fees and costs." *Id*. Thus, under Plaintiffs' own factual recitation, they agree

that an attorney client relationship was entered into and performed for well over a year while both Nick Wooten and Sabine Wakim and DJC Law were representing them in this case.

Georgia law requires DJC to file a lien in this matter in order to protect its fee interest.  Under Georgia Code § 15-19-14 (2023):

> (b) Upon actions, judgments, and decrees for money, attorneys at law shall have a lien superior to all liens except tax liens; and no person shall be at liberty to satisfy such an action, judgment, or decree until the lien or claim of the attorney for his fees is fully satisfied. Attorneys at law shall have the same right and power over the actions, judgments, and decrees to enforce their liens as their clients had or may have for the amount due thereon to them.

Because DJC is not a party to this case, it cannot simply file the lien on the docket. DJC must first intervene in the case for the limited purpose of protecting its fee interest, in order to file its lien.  DJC's interest in doing so is direct and is substantially related to the underlying case before the court. As such, Rule 24(a) is satisfied.

Plaintiffs' reliance on both *Eichholz Law Firm, P.C. v. Tate Law Grp., LLC*, 310 Ga. App. 848 (2011) and *Kirschner & Venker, P.C. v. Taylor & Martino, P.C.,* 277 Ga. App. 512 (2006) is misplaced. Both *Eichholz* and *Kirschner* permit a discharged lawyer to obtain a recovery of attorney's fees in *quantum meruit* after being discharged by a client.  *See Eichholz* at 851 ("because the clients had terminated the Eichholz firm's representation before the occurrence of contingencies that would have given rise to the payment of attorney fees, and thus the Eichholz firm's recovery on the claims would be

___

limited instead to *quantum meruit*), 853 ("the Eichholz firm may seek to recover in *quantum meruit* for services it provided to the Tate firm pursuant to their joint venture"); *Kirschner* at 514 ("The trial court properly concluded that quantum meruit represented the proper measure of fees recoverable by" the terminated law firm).

The Notice of Lien attached to the Motion to Intervene accordingly, and properly, asserts a "fee interest" against Plaintiffs. *See Tolson v. Sistrunk*, 332 Ga. App. 324, 329 (Ga. App. 2015) ("Contrary to Tolson's argument, OCGA § 15-19-14 (b) affords protection to former counsel who performed legal work for a client in anticipation of filing a lawsuit, even if successor counsel ultimately filed the suit. By its plain language, OCGA § 15-19-14 (b) applies without limitation . . . ."). Indeed, as extensively discussed in *Tolson*, Section 15-19-14(b) expressly allows a discharged attorney to file a lien to protect its fee interest earned in a case. *Id*. As in *Tolson*, DJC only seeks to preserve its interest in recovery by Plaintiffs in this matter for the extensive and important work DJC did for over a year on Plaintiffs' behalf.

Finally, while DJC may indeed have a separate claim against CLG for breach of contract, that does not negate DJC's right to file a lien in this case to preserve its entitlement to be fairly paid in *quantum meruit* for its work in this matter, should Plaintiffs ultimately obtain a recovery for it—in part due to DJC's efforts.

For the foregoing reasons, DJC respectfully requests that this Court allow DJC to intervene in this matter pursuant to Rule 42(a) for the limited purpose of asserting a lien for its attorney's fees in *quantum meruit*.

Dated: December 19, 2024.                            *Respectfully submitted,*

<b>REYNOLDS, HORNE & SURVANT</b>

   */s/ Michael G. Horner*
MICHAEL G. HORNER GA Bar No. 251194
*Attorney for DJC Law PLLC*

P.O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300 (phone)
(478) 405-0550 (fax)
firm@reynoldsinjurylaw.com


Daniel Christensen, *pro hac vice*
DJC LAW, PLLC
1012 West Anderson Lane
Austin, Texas 78757
(512) 220-1800

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2024, a true and correct copy of the foregoing DJC Law PLLC Reply in Support of the Motion to Intervene was filed via the Court's CM/ECF system, which will serve a copy on all counsel of record.

/s/ *Michael G. Horner*
Michael G. Horner