Applied Cognitive Sciences

October 18, 2024

Nick Wooten
Cheeley Law Group. LLC
2500 Old Milton Parkway
Suite 200
Alpharetta, Georgia

**Wooten, et al v. Ford Motor Company, et al.**

Dear Mr. Wooten,

As you requested, I have reviewed the file material provided me in the above referenced matter wherein Barry Wyatt Wooten was fatally injured when the Ford F-150 he was driving struck a tree. Based on this information, my training, experience, and expertise, I conducted Human Factors Engineering analysis of this fatal incident.

My findings and conclusions, along with their underlying bases are summarized below. I base my findings and opinions on: my training, experience, and expertise in the field of human factors engineering, as well as the various file material pertaining to this case that your office provided. The material I reviewed that was specific to the facts of this case included:

- Recast Complaint for Damages and Demand for Jury Trial;
- Georgia Motor Vehicle Crash Report;
- Sgt. K. Williams Incident Report (Motor Vehicle Crash Narrative) (12/8/2021);
- CAD 911 Report;
- 911 Dispatch Radio Traffic Recording;
- Photos
  - Accident Pictures
  - Scene Photo Taken by Wayne Wooten (9/17/2021);
  - Monroe County EMS Fire Department;
  - Personal Family Photos.

This report is based on the information that is available to date. It is my understanding that discovery is continuing in this matter, thus I reserve the right to further expand and/or mend my opinions and their bases if additional information relevant to my area of expertise becomes available.

Attached as an exhibit to this report is a copy of my CV that highlights my training, experience, and expertise as it pertains to safety and risk management. Also attached is a listing of my sworn testimony for the past 5 years.

**Qualifications**
***Education***
I graduated first in my class with a Bachelor of Science Degree in Human Factors Engineering from Wright State University (GPA 3.9 out of 4.0) in 1979; I graduated first in my class from Colorado School of Mines (GPA 3.9 out of 4.0) with a Master's Degree in Engineering. It is noted that many of the classes that I took throughout my academic training as an engineer included teachings on the basic engineering concept/methodology of safe design, including the Safety Hierarchy meant to protect the public from a defective design.

Since 2006, I have been a Certified Human Factors Professional (CHFP) pursuant to a license granted by the Board of Certification in Professional Ergonomics, License Number 1392. In addition, I am a Certified XL Tribometrist (CXLT), which is one who studies and measures the slip resistance of footwear and walking surfaces, pursuant to a license granted by the Internal Safety Academy; my License Number is 170. Finally I am a Certified Safety Professional; I received this certification number 24124 from the Board of Certified Safety Professionals in 2013.

Although I am not a Professional Engineer (PE), the specific focus of my work, continued training/education and certification over the last 44 years has been within the fields of Human Factors and Safety and Risk Management (i.e. Certified Human Factors Professional and Certified Safety Professional).

***Professional Experience***
From 1979 – 1983 I worked on a design team for Martin Marietta Corporation as a Human Factors Engineer, wherein we designed, fabricated, tested, and installed specialized flight safety monitoring equipment on the various stages of the MX missile. I routinely conducted hazard analyses in order to identify and mitigate any design features that posed a safety concern for Air Force personnel who would be interacting with the various components in order to perform the required installation and maintenance tasks. This work also included development of operational protocols and manuals, which we created by applying basic design principles from the field of safety and risk management. These documents were then utilized by Air Force personnel to design appropriate and necessary training.

From 1983 - 1994 I worked in a variety of engineering positions for the United States Department of Energy at one of their design facilities in the nuclear weapons complex. This work included the development and implementation of an Occurrence Reporting System which included Root Cause Analysis and Lessons Learned of any incident or near miss at the facility, which employed 5000-7500 people. My work also specifically included the development of corrective actions in order to prevent recurrence, which were identified by applying basic design principles from the field of safety and risk management.

In 1994 I began employment with Applied Cognitive Sciences, Inc. (ACS), which is a consulting group specializing in Human Factors Engineering, particularly safety and risk management. Initially, ACS' work was focused on research (i.e. writing research grants and conducting the work); grants were awarded from various governmental agencies, as well as private industry. ACS' work also included consulting with business and industry in mechanical engineering and human factors engineering, as well as safety and risk management. Forensic consulting has also been included within my work at ACS. During the last 18 years I have been retained by both the plaintiff and defense on civil matters around the country and internationally, as well as criminal matters. In 2018, I became the owner/President of Applied Cognitive Sciences. Generally speaking, the scope of my work in civil litigation is to analyze the discovery material, conduct a site investigation and inspection/evaluation of equipment when necessary, and then conduct a Human Factors Engineering Safety and Risk Management analysis so as to identify the underlying causes of the incident. I have been qualified to testify as an expert witness in the field of Human Factors and Safety and Risk Management analyses in state and/or federal courts throughout the country.

**The Discipline of Human Factors**

The study of Human Factors is the science that combines the traditional engineering disciplines, such as mechanical engineering, safety engineering, and accident reconstruction (i.e., the study of what caused any type of accident, not merely automotive accident reconstruction), with the science of human behavior, such as human perception, learning and memory, cognition, decision making, response selection and execution, anthropometrics, and the like. Human Factors evolved in the early 1940's out of the science of accident reconstruction, due to the shortfall in traditional accident reconstructionists whose training was devoid of the science of human behavior. Given the success that interdisciplinary teams of engineers/physicists and cognitive psychologists had in determining the underlying root causes of a wide array of accidents, the field of Human Factors was born.

Since that time, Human Factors has evolved and expanded beyond the reactive approach of accident reconstruction to include a proactive approach. In short, the approach of Human Factors Engineering is to compliment the traditional engineering design process by including within that process consideration of the human component, including its foreseeable failure modes, within the system. By analyzing human behavior, it enables one to understand and predict the likely range of conduct, including failure modes, which may pose a foreseeable and predictable danger to the overall safety of the system.

Human Factors and/or ergonomics first evolved in the early 1940s and has been a formally recognized discipline since the early 1950s. There are several associations, or organizations, specific to the field, namely: The International Ergonomics Association, The American Psychological Association, and The Human Factors and Ergonomics Society, of which I have been an active member since the mid 1970's when I first started studying Human Factors Engineering in undergraduate school.

**Description of Incident**
On the day of this fatal crash, September 14, 2021, at approximately 3:24 PM, Mr. Wooten was travelling northbound on Georgia Highway 408 near mile marker 15. Suddenly and unexpectedly the Ford Truck left the roadway in the gore between the Exit 15 off ramp and GA 408. The Motor vehicle Crash Narrative for Case Number 2021024358 states: " Unearthed dirt as well as uprooted grass support this fact. Vehicle one then struck the "exit 15" sign that is in the gore. The sign being down and tire tracks directly in line with the sign support this fact. The vehicle continued to travel in the gore until it struck a large tree in a small patch of woods that borders GA408. The vehicle's final rest as well as unearthed dirt with bent grass supports this fact".

It is my understanding that the EDR data indicates Mr. Wooten began increasing steering movements 2.9 seconds prior to hitting a stump in the grass, including inputs of more than 80 degrees. This data also indicates brake inputs and no accelerator inputs in the 3 seconds before the crash. Yet, inexplicably the photographs of the scene reveal tire tracks in the grass that are straight with no yawing or turning. Mr. Wooten had less than a second to attempt to alter the path of the truck after the left front tire crossed the fog line until the vehicle was in the grass. This failure of the vehicle to respond to steering inputs as recorded in the EDR resulted in the Ford truck hitting a stump and then finally accelerating into a large pine tree.

**Human Factors Analysis**
We, as human, utilize both "bottom-up" and "top-down" processing to understanding the stimuli presented to us.[1] In short, top-down processing involves utilizing contextual information and our prior experiences to recognize patterns to process information while bottom-up processing involves analyzing each piece of information to build an understanding of the entire scenario presented.

Although, in reality, a combination of both top-down and bottom-up processing are utilized, top-down processing is particularly useful as it allows us to quickly process information without much effort. In fact, we heavily rely on top-down processing to function; if we did not, we would be unable to efficiently function. For example, when we rent a vehicle while on vacation, we are able to operate the vehicle without much thought because our previous experiences tell us that the steering wheel is used to direct the vehicle, the right pedal accelerates the vehicles, the left pedal is the brake, and so forth. Imagine not being able to rely on previous experiences and having to re-learn the functions of the controls of a vehicle every time you encountered a new vehicle!

While top-down processing is influenced by several factors (i.e., expectancy, desire, motivations, and so forth), expectancy is the component of top-down processing that describes our predisposition to believe a certain set of conditions will exist based on our previous experiences with a familiar stimulus, scenario, and so forth.

---

[1] Lee, J. D., Wickens, C. D., Liu, Y., & Boyle, L. N. (2017). *Designing for people: An introduction to human factors engineering*. Charleston, SC: CreateSpace.

When Expectancies are violated, there is a greater potential for errors to be made. In order to overcome that potential, there must be a stimulus to change the Expectancy. For example, A common expectancy in the driving environment is right-hand exits off freeways. When expectancies are violated, such as a left-hand exit without advance notice, errors can be made, often because of the impact on PRT (i.e., increasing the time for a driver to react; see discussion below). Traffic engineers change drivers' Expectancies by placing additional signage indicating a left-hand exit, and placing that signage further ahead of the exit.

When Expectancies are violated, errors are foreseeable. These "errors" may foreseeably include pumping the brakes, or an alternate method of attempting to bring the vehicle under control. It is contrary to basic principles of the human factors field of study to expect drivers to attempt alternate means to slow a vehicle – e.g., shifting to neutral, turning the vehicle off, downshifting, using the emergency brake in the event of a perceived brake failure.

Other alternative responses such as shifting to neutral, turning the vehicle off, downshifting, using the emergency brake are extremely rare and demonstrate a high level of information processing and decision making. Alternative responses are not automated or learned responses; in fact, they are extraordinarily rare events for most drivers. In order for a driver to identify, select, and attempt such atypical responses, several stages of information processing would have to be completed:

a) the perception and conscious awareness that braking was not achieving the necessary results;
b) the determination that there was a need and value in expending cognitive resources to search for alternative solutions (i.e., diverting cognitive resources from crash avoidance);
c) identifying potential solutions that the driver had likely never used before in efforts to slow a moving vehicle;
d) choosing an alternative solution from a set of alternatives that the driver likely had not used at any time before while driving; and
f) attempting to implement a unique/untried solution under conditions of extreme mental workload, duress, and panic.

Given the facts of Mr. Wooten's fatal crash incident –apparent inability to slow, stop or even steer the truck, – it is unlikely that the average or typical driver would have completed such cognitive processing and attempted such alternative means to slow the vehicle, particularly in such a short time as from the beginning of this event to final rest (i.e., it is my understanding that this crash sequence was completed in approximately 3 seconds)[2].

Situations characterized as being comprised of: (a) a startling stimulus; (b) life-threatening consequences; and (c) serious consequences without a quick solution, typically create a

[2] Dror, I., Busemeyer, J., and Basola, B. (1999). Decision Making Under Time Pressure: An Independent Test of Sequential Sampling Models. Memory & Cognition, 1999, 27(4), 713-725.

condition of "panic" or hypervigilance[3]. Clearly this fatal collision, as would be the case for many drivers and passengers immersed in a perceived brake failure event, was highly likely to create an emotional state of panic or hypervigilance. Some of the more relevant consequences of such a cognitive state include:

1. People are delayed in their responses;
2. Oftentimes people "freeze";
3. There is a failure to respond to appropriate stimuli despite the availability of appropriate alternatives;
4. The stress creates a perceptual narrowing and a focus of attentional resources; thus, effective solutions are missed;
5. Habitual responses are significantly more likely when stressful conditions exist.

**Safety Overview**

In general, the role of human factors and safety is to prevent human interaction with hazardous conditions. The level of safety an entity accomplishes is rooted in their "safety culture". The notion of a safety culture is not novel; in fact, the term *safety culture* is generally ascribed to the International Atomic Energy Agency (IAEA) reports following the Chernobyl nuclear disaster in April of 1986[4]. That is, it was found that the cataclysmic disaster was, in part, caused by a lack of "introduction and promotion of safety culture, and in the enforcement of regulations".[5] Safety culture has been defined as *the fundamental underlying beliefs and values of a group of people in relation to risk and safety.*[4] A culture of safety is achieved through management initiatives, policies and procedures, training, employee empowerment, encouragement to report hazardous conditions, accidents, and near misses, and so forth with the ultimate goal to prevent human interaction with hazardous conditions.

In human factors and safety, there are largely two approaches implemented in an attempt to prevent human interaction with hazardous conditions, proactive approach and reactive approach. The reactive approach to safety consists of analyzing previous incidents and near misses in order to design/re-design systems and products free of such recognized hazards (i.e., to the extent possible). In fact, such an approach to safety is largely responsible for growth in the fields of human factors and safety. For example, during World War II (1939 to 1945) United States military aircraft were inexplicably crashing; many times "pilot error" was

---

[3] Leach, J. (2004). Why People Freeze in an Emergency: Temporal and Cognitive Constraints on Survival Responses. Aviation, Space, and Environmental Medicine. Vol. 75, No. 6, June 2004, pg 539-542.

[4] Glendon, A. I., & Clarke, S. G. (2017). *Human safety and risk management: a psychological perspective* (3rd ed.). Boca Raton: CRC Press.

[5] International Atomic Energy Agency. (1992). *The Chernobyl accident: Updating of INSAG-1.* (International Safety Advisory Group, Safety Series 75–INSAG–7). Vienna, Austria: IAEA.

deemed the cause of the incident. A study of several hundred aircraft crashes revealed that cockpit design (i.e., the controls the pilots interacted with) was largely responsible for crashes.[6] For instance, it was found that pilots were confusing the controls for landing gear and wing flaps due to their close proximity and similar designs. A pilot revealed that when taking off, his aircraft was not adequately gaining altitude, scraping tree tops as the crew attempted to gain altitude; it was realized that in an attempt to raise the landing gear, the co-pilot pulled up the flaps nearly causing a deadly crash.[7] The findings of this study allowed aircraft designers to "react," and redesign aircraft to mitigate hazardous conditions experienced by pilots and passengers on an aircraft. For example, the flap control was made large and in the shape of a wing while the landing gear was designed to mimic a wheel.

As with any science, human factors and safety continually evolve as the sciences progress forward. Human factors and safety professionals soon realized that products and systems needed to be proactively designed to mitigate hazardous conditions before users were exposed to them; it is much more effective to identify controls on an aircraft that will foreseeably cause a crash and pilot death before the crash/death. This "proactive approach" to safety has since become an essential part of the design of any safe system or product. For example, cars, products, medications, and so forth are tested prior to being available to the public to ensure they are safe for human interaction. In fact, entities such as the Federal Highway Administration, Federal Aviation Administration, Occupational Safety and Health Administration, ASTM International, American National Standards Institute, Consumer Product Safety Commission, International Building Code, International Organization for Standardization, US Food and Drug Administration, and many more were in part established to ensure systems and products are proactively designed and maintained. Furthermore, researchers continue to identify new hazardous conditions associated with the ever-advancing world (e.g., autonomous vehicles) and methods to mitigate such hazardous conditions. The point to be made is that the proactive approach to safety is appreciated and essential to mitigate human interaction with hazards.

Due to the fundamental nature of the proactive approach to system/product safety, researchers have published a plethora of literature regarding the proper implementation of proactive safety. It is undeniable that the first step to a proactive approach to safety is to identify the foreseeable hazards associated with the system or product (i.e., a hazard analysis). A hazard analysis considers three elements: the foreseeable actions of the expected users under the expected conditions. Following the identification of hazards, the hazards must be mitigated; there are two main methods by which a hazard is mitigated, passive safety or active safety.

Passive safety is the most effective methodology because it does not rely on the user to take action to avoid interacting with a hazardous condition. Passive safety is implemented by designing out the identified hazards or providing a barrier between the hazard and the user,

---

[6] P.M. Fitts and R.E. Jones. Analysis of factors contributing to 460 "pilot error" experiences in operating aircraft controls (Report No. TSEAA-694-12). Technical report, Aero Medical Laboratory, Air Material Command, US Air Force., Dayton, OH:, 1947.

[7] Lee, J. D., Wickens, C. D., Liu, Y., & Boyle, L. N. (2017). *Designing for people: an introduction to human factors engineering* (3rd ed.). Charleston, SC: CreateSpace.

albeit less effective. Conversely, it is a well-recognized, basic principle in safety that active safety is the least effective methodology because it relies on the user to take action to avoid interaction with a hazardous condition. Active safety is typically implemented through warnings, training, inspections, and so forth. Safety literature emphasizes the importance of only resorting to active safety alone when it is not possible to implement passive safety.[7,8,9] When active safety must be implemented alone, it is especially critical that special care is taken to maximize its effectiveness.

Although proactive and reactive approaches to safety are inherently contrasting, an entity that establishes a safety culture implements both. As expressed above, it is extremely important that entities implement proactive safety prior to exposing users to a system or product. Nonetheless, it is also key that in the event of an incident or near miss the entity "react" to mitigate the newly identified hazard. The two approaches implemented in conjunction create a cyclic process that allows the system to remain safe through environmental changes, new users, and so forth.

Unfortunately, it has been found that many safety systems rely solely on the reactive approach to safety, resulting in a "reactive culture".[10] When an entity develops a reactive culture, safety is no longer a main objective; rather, safety is regarded as meeting minimum requirements in the pursuit of a business objective. The reactive culture results in addressing incident symptoms rather than root causes and assigns blame to users rather than identifying an inappropriately designed system/product. Consequently, users continue to experience near misses and injury incidents.

I am unaware if Ford has taken any action with respect to the operational issues that created this incident.

**Opinions and Basis**

The following specific opinions, as well as all opinions expressed in this report, are expressed on a more probable than not basis and are based on my education, training, and experience in Human Factors Engineering and Safety and Risk Management as well as the material I have reviewed. I developed these opinions through the execution of a human factors engineering analysis. A human factors engineering analysis to determine the underlying root cause(s) of a personal injury incident considers the system as a whole including, the environment, the user, and the task/user behavior, relative to the scope of the requested analysis; this is referred to as the "systems approach".[11] In short, a root cause, in the context of a human factors engineering analysis, is an initiating cause of either a condition (i.e., hazardous condition) or a causal chain that leads to a condition (i.e., hazardous condition). In a system where the components (i.e.,

---

[8] Wogalter, M. S., DeJoy, D. M., & Laughery, K. R. (1999). *Warnings and risk communication*. London: Taylor & Francis.

[9] Sanders, M. S., & McCormick, E. J. (1993). *Human factors in engineering and design*. New York: McGraw-Hill.

[10] Earnest, R. E. (1997). Characteristics of proactive & reactive safety systems. *Professional Safety*, *42*(11), 27.

[11] Lee, J. D., Wickens, C. D., Liu, Y., & Boyle, L. N. (2017). *Designing for people: an introduction to human factors engineering* (3rd ed.). Charleston, SC: CreateSpace.

environment, user, task/user behavior) interact, there may be multiple root causes throughout the system that interact to ultimately cause the injury incident. The following opinions outline the root cause(s) that I have identified through the execution of a Human Factors Engineering analysis.

1. The failure of the Ford to have responded to the steering and braking inputs as identified in the EDR data created a significant hazard for Mr. Wooten.
    a. He had less than 1 second to change the course of the truck.

    b. This sudden startling stimulus requiring an effective response in an extremely short time period would have likely created a state of hypervigilance.

    c. Such a state of hypervigilance leads to ineffective and or missed potential solutions.

2. Mr. Wooten's Expectancy with respect to the operation of his truck would have been violated; violations of Expectancy can result in errors. In this case I have not identified any errors initiated by Mr. Wooten that contributed to this crash.

3. Mr. Wooten's failure to have brought the vehicle under control in an unconventional way, if that was even possible given the specific defect(s), was consistent with foreseeable human behavior.
    a. To his credit, Mr. Wooten did attempt to alter the trajectory of this fatal crash; he was unsuccessful

Respectfully,

Joellen Gill

Joellen Gill, M.S., CHFP, CXLT, CSP

Applied Cognitive Sciences

Joellen Gill
10501 South Lambs Lane
Mica, Washington 99023
Phone: (509) 624-3714/Fax: (509) 795-5633
Email: Joellen@ACSciences.com

**LICENSES:**

Board of Certification in Professional Ergonomics
Certified Human Factors Professional, 2006
License Number: 1392

International Safety Academy
Certified XL Tribometrist, 2005 - present
License Number: 170

Project Management Institute
Project Management Professional, 1993 – present
Certification Number: 1384

Board of Certified Safety Professionals
Certified Safety Professional, 2013 - present
Certification Number: 24124

**EDUCATION:**

Colorado School of Mines, 1994
M.S. in Environmental Engineering

University of Northern Colorado, 1988
Masters in Business Administration

Wright State University, 1979
B.S. in Human Factors Engineering

**PROFESSIONAL EXPERIENCE:**

*Human Factors Engineering Consultant for Applied Cognitive Sciences (1994-Present):* I have worked as a research associate, human factors engineering associate, and senior engineer on several hundred legal cases, for both the plaintiff and defense, nationwide; I am currently the owner and President of Applied Cognitive Sciences. The focus of my work has been in safety and risk management; my areas of expertise include, but are not limited to: facility design and fall-at-elevation accidents, industrial accidents, automotive accidents, bicycle accidents, workplace injuries, consumer products, and Warnings. I have also worked on human factors engineering consulting projects for private industry, again with an emphasis in safety and risk management; projects have included work for: Anchor Industries, City of Snohomish, and the American Fun Cart Association, Cam-X Crossbows, and the Davis Company.

*Project Manager for EG&G (1992–1994):* I was responsible for Environmental Restoration projects from conception and initial design through test and close-out. This included overall responsibility for safety and risk management issues of the project, as well as maintaining scope, schedule and budget baselines, preparation of all required documentation, and overall leadership, management, and coordination of multi-functional disciplines in order to maximize program effectiveness and efficiency.

*Senior Principal Engineer for EG&G (1990-1992):* I was responsible for the development and implementation of plant wide systems in accordance with Department of Energy Orders and Best Industry Practice. This included programs for Root Cause Analysis (i.e. so as to determine the underlying causes of accidents and near misses so that corrective action could be implemented), Lessons Learned, Occurrence Reporting, and Document Control.

*Principal Engineer for Rockwell International (1983-1990):* This position required a Department of Energy Q Clearance. I was responsible for the development of new weapons programs and served as the principal contact on technical matters with customers. Responsibilities included task analyses for unique processes in order to identify and mitigate safety and risk management issues.

*Human Factors Engineer for Martin Marietta Aerospace (1979-1983):* This position required a Secret Security Clearance. I was responsible for the Human Factors Engineering on the MX Missile System, including safety and risk management issues. In this position I conducted hazard analyses in all phases of the design, development, and manufacturing cycles of the MX Missile to ensure the Instrumentation and Flight Safety System was operable and maintainable by the 5th through 95th percentile Air Force technician. In addition, I developed detailed procedures for system operation and maintenance.

## PUBLICATIONS

Dixon, L., DeBusk, H., Fenley, E., Gill, J. (2024). Evaluating the Slip Resistance of Various Walkway Surface Contaminants. Proceedings of the Human Factors and Ergonomics Society Annual Meeting (68), 1-6.

DeBusk, H., Dixon, L., Gill, J., Gill, R. (2019). Measuring the Static Coefficient of Friction of Non-Fluid Contaminants. Proceedings of the Human Factors and Ergonomics Society Annual Meeting, (63)1, 537-541.

## HONORS AND AWARDS:

Graduated *summa cum laude* at Colorado School of Mines, (GPA 3.9 out of 4.0), 1994

Graduated *summa cum laude* at University of Northern Colorado, (GPA 4.0 out of 4.0), 1988

Best Presentation Award at Martin Marietta Aerospace, 1980

Graduated *summa cum laude* at Wright State University, (GPA 3.9 out of 4.0), 1979

Outstanding Senior Engineer at Wright State University, 1979

W.S.U. Foundation Scholarships, 1977 and 1978

## PRESENTATIONS:

Gill, J. Short Course in Human Factors & Safety. Invited Presentation by the Washington State Association for Justice, May 2015

Gill, J. Forensic Applications of Human Behavior. Invited Presentation by the Washington State Association for Justice, November 2013

Gill, J., Gill, R., and Colcombe, A. Safety by Design: Not Always. Invited Presentation by the Idaho Trial Lawyers' Association, September 2013.

Gill, R. and Gill, J. Safety by Design: Not Always. Invited presentation by the 360 Advocacy Institute, February 2009

Gill, J. and Gill, R. Human Factors in Litigation. Invited presentation by the Washington State Trial Lawyer's Association, October 2006.

## PROFESSIONAL ACTIVITIES:

Member of Human Factors and Ergonomics Society
Member of ASTM International
Member of Illuminating Engineering Society of North America
Member of National Safety Council
Member of System Safety Society

**CONTRACTS:**

Evaluation of Warnings and Instruction Manual for Gantry Crane; Spanco; Co-Investigator; 2023.

Evaluation of product disclaimer, packaging and product insert for single-use pass/fail BAC testers; Think Twice; Co-Investigator, 2018.

Evaluation of Product Label and Safety Instructions for Multi-Plug; Davis Company; Co-Investigator; 2018.

Evaluation of On-Product and On-Manual Warnings, CamX Crossbows, 2016

Testing and Evaluation of "Safe Steps Floor Treatment" on University of California Riverside campus, Principal Investigator, 2010.

Evaluation and Development of a Fire Shelter Warning System for Anchor Industries, Principal Investigator, 2006.

Safety Analysis of Electronic Billboards, City of Snohomish, Co-investigator, 2005

Evaluation of Warning Label Designs, American Fun Kart Association, Co-investigator, 2002.

Applied Cognitive Sciences

**Sworn Testimony for Joellen Gill, M.S., CHFP, CXLT, CSP**
**As of October 15th, 2024**

**2024**
**Trials:**

1. Wilmot v State of California Department of Transportation; (No. 22CV00456); County of Santa Barbara, California
2. Miller v 3MCompany, et al; (Civil Action 18-CI-00149); Commonwealth of Kentucky
3. Harcourt v Tesla, Inc., et al; (No. 19CV358488); Santa Clara County, California
4. Moorman v City of San Bernardino, et al; (No. CIVDS1818724); San Bernardino County, California
5. Vallin v City of Long Beach, et al; (No. 21STCV26668); County of Los Angeles, California
6. Spencer v State of Washington, et al; (No. 22-2-15042-4 SEA); King County, Washington

**2024**
**Depositions/Arbitrations:**

1. Leung, Estate of v City of Seattle; (No. 21-2-15314-0 SEA); King County, Washington
2. Govig v ProBake Inc., et al; (No. 3:20-cv-01999-AC); District of Oregon, Portland Division
3. Stanley et al v Logston & Logston, Inc.; (No. CIV D-307-CV-2021-01175); State of New Mexico
4. Tackett, et al v 3M Company, et al; (No. 21-CI-00731); Commonwealth of Kentucky
5. Wilmot v State of California Department of Transportation; (No. 22CV00456); County of Santa Barbara, California
6. Lee-Meditz v Country Trace Condominium Association; (No. 22-2-07111-7 SEA); State of Washington in and For the County of King
7. Evans v The City of Tacoma, et al; (No. 20-2-07562-6); State of Washington in and For the County of King
8. Harcourt v Tesla, Inc.; (No. 19CV358488); State of California, County of Santa Clara

9. Meyerink v Academy Motion Picture Arts and Sciences, et al; (No. 21STCV01810); State of California, County of Los Angeles
10. Wren, et al v AffinityLifestyles.com, Inc. d/b/a Real Water, a Nevada Corporation, et al (No. A-21-831169-B (Lead Case) Dept. No. XXVII, Clark County, Nevada
11. Bryant v National Railroad Passenger Corporation, et al; (No. 22CH-CC0028); Chariton County, Missouri
12. Fletcher v Kumar, et al; (No. 18CECG00954); County of Fresno, California
13. Gulley, et al v James B. Woodfork, et al; (No. 10-CV-2022-900033); Butler County, Alabama
14. Feltner v 3M Company, et al; (No. 20-CI-00237); Commonwealth of Kentucky
15. Figueroa v Scott Technologies, Inc., et al; (No. 22STCV05835); County of Los Angeles, California
16. Alvarez v Kurashima, et al; (No. 21STCV05291); County of Los Angeles, California
17. Castillo v Jo-Ann Stores, LLC; (No. 2:23-cv-01035-TSZ); Western District of Washington at Seattle
18. Burkes v Wal-Mart Stores, Inc; et al; (No. A-21-8444484-C); Clark County, Nevada
19. Barrios v Telacu NW Five, Inc; et al; (No. 20STCV46934); County of Los Angeles
20. Katz v Panera Bread Company, et al; (No. 2:23-cv-04135-TJS); Eastern District of Pennsylvania
21. Miller v City of San Diego, et al; (No. 37-2020-00044662-CU-PT-NC); County of San Diego
22. Davidson v Huitron, et al; (No. 21CV-0702); County of San Luis Obispo, California
23. Spencer, et al v University of Washington, et al; (No. 22-2-15042-4 SEA); King, County, Washington
24. Meissner v Spokane County, et al; (No. 23-2-01031-32); County of Spokane, Washington
25. Griffin v Toyota Motor Corporation, et al; (No. 1:23-cv-03107 – TWT); Northern District of Georgia, Atlanta Division
26. Sinapopo v Mercedes-Benz USA, LLC, et al; (No. 21-CIV-03449); County of San Mateo, California
27. McArthur, et al v Holland America Line, Inc., et al; (No. 2:22-cv-01071-RAJ-TLF; Western District of Washington
28. Austin, et al v Urban Renaissance Group, LLC, et al; (No. 22-2-20137-1 KNT); King County, Washington
29. Scanlan v Adams Manufacturing Company, et al.; (No. 2:22-cv-00586); Eastern District of Wisconsin
30. Simmons v City of San Diego, et al; (No. 37-2022-00016872-CU-PO-CTL); County of San Diego, California
31. Jackson v Flamingo Pines LP, et al; (No. A-23-863898-C Dept No. 11); Clark County, Nevada
32. Shaw v Nudd, et al; (No. 19STCV07203); Los Angeles County, California

33. Miller, et al – McKnight, Est of, et al v 3M Company, et al (No. 19-CI-00346); Commonwealth of Kentucky
34. Grant, et al v State of California, et al (No. 19CV-0565); San Luis Obispo County, California

**<u>2023</u>**
**Trials:**

1. Coyne v CMX, LLC, et al. (No. CV28-21-1800); Kootenai County, Idaho—Bench Trial
2. Everman, Estate of v Kentucky Utilities (No. 19-CI-560); Commonwealth of Kentucky
3. Bahr v NCL (Bahamas) LTD (No. 19-cv-22973-BB); Southern District of Florida
4. Osemwengie v Las Vegas Razor Adventures LLC, et al. (No. A-17-757540-C); Clark County, Nevada
5. Thorp, Estate of v Toyota Motor Sales, Inc., et al. (No. FST-CV-20-6045222-S); Judicial District of Stamford/Norwalk at Stamford
6. Hsu v Tesla, Inc. (No. 20STCV18473); Los Angeles County, California
7. Salinas v Nissan, et al. (BC 569227); Los Angeles County, California
8. Stocker, Estate of v University of Washington (No. 20-2-13171-7 SEA); King County, Washington
9. Tagliarini v City of Phoenix (No. CV2021-004382); Maricopa County, Arizona
10. Braun v Powder Corp., et al; (No. 20CV09639); Deschutes County, Oregon
11. Fite v City of Puyallup, et al; (No. 17-2-07876-5); Pierce County, Washington
12. Beebe v Elite Restoration, Inc., et al; (No. CV01-21-16671); District Court of the Fourth Judicial District of the State of Idaho, In and for the County of Ada

**Depositions/Arbitrations:**

1. Biggs v Puget Sound Energy, Inc. (No. 21-2-10981-7 SEA); King County, Washington
2. Trotter v Horizon Air Industries, Inc. (No. 20-2-00572-36); Walla Walla County, Washington
3. Hamilton v Damn Properties, LLC, et al. (No. CV01-20-11334); Ada County, Idaho
4. Stocker, Estate of v University of Washington (No. 20-2-13171-7 SEA); King County, Washington
5. Djemil v Tesla, Inc. (No. 3:21-cv-05251-DGE); Western District of Washington
6. Gill, et al. v Hildebrand and Sons Trucking, et al; (No. 18CV00153-Lead Case; 18CV00169-Consolidated Case); Santa Cruz County, California
7. Lenthe v Yamaha Motor Corporation, USA, et al; (No. RG19034284); Alameda County, California
8. Hsu v Tesla, Inc. (No. 20STCV18473); Los Angeles County, California
9. Gonzalez v Affinity Gaming (No. A-21-827475-C); Clark County, Nevada
10. Anderson v City of Sumner (No. 21-2-08670-7); Pierce County, Washington
11. Cerna v L&K Enterprises, Inc., et al (No. CV-18-001309); County Of Stanislaus, California

12. Caceres v Los Angeles County Metropolitan Transportation Authority; (No. 20STCV23470 r/w 20STCV29920); Los Angeles County, California
13. White v Honey Pearl Ranch, Inc., et al; (No. 20-2-00742-1 SEA); King County, Washington
14. Mitchell v Goodfellow Bros., Inc., et al; (No. 3CCV-20-0000024); State of Hawaii
15. Redwine v Byline and Grant County; (No. 22-2-07457-4 KNT); King County, Washington
16. Parducci v Kirkland Partners, LLC, et al; (No. 22-2-08982-2 SEA); King County, Washington
17. Bandlow v Net Health Shops, LLC; (No. 2:21-cv-06291-FLA-JCx); Central District of California
18. Waines/Clarence v Dorel Juvenile Group, Inc. et al; (No. 2021-24840); Harris County, Texas
19. Aviles v Fairfield Stonegate, LLC et al; (No. A-21-836817-C); Clark County, Nevada
20. Schwartz v King County; (No. 17-2-12349-3); Pierce County, Washington
21. Walker v NP Palace LLC; (No. A-20-825814-C); Clark County, Nevada
22. Moscatel v City of Seattle, et al.; (No. 21-2-16737-0 SEA); King County, Washington
23. Jones v Argosy L.P.; (No. 22-2-09020-1 SEA); King County, Washington
24. Hinds v United States of America; (No. 2:21-cv-00622-ART-VCF); District of Nevada
25. Moribe Wharton v American Water Heater Company, et al.; (No. CV 21-00254-HG-WRP); District of Hawaii
26. Quick v Mendez, et al.; (No. CVSW2107969); Riverside County, California
27. Truskowski v Washington State Department of Corrections, et al.; (No. 22-2-00501-34); Thurston County, Washington
28. Roubal v Ford Motor Company; (No. 2019-CA-010395-O); Orange County, Florida
29. Hill v Nissan North America, Inc.: (No. 2022-CC00244-01); City of St. Louis, State of Missouri
30. Anderson v Der Ritterhoff Inn; (No. 22-2-00510-04); Chelan County, Washington
31. Feltner et al. v Toyota Motor Corporation, et al.; (No. 17-CI-00504); Commonwealth of Kentucky
32. Ferrill v Rivera Auto Transport, LLC, et al.; (No. 2021-CA-002810); Escambia County, Florida
33. Vallin v City of Long Beach; (No. 21STCV26668); Los Angeles County, California
34. Ajodhar v FB Vegas, LLC., et al; (No. A-21-840474-C); Clark County, Nevada
35. Miller v 3M Company, et al; (No. 18-CI-00149); Magoffin Circuit Court, Commonwealth of Kentucky
36. Dellinges, et al. v Textron Aviation Inc., et al; (No. DC-20-00555); District Court of Dallas, Texas
37. Yalda, Estate of v Ford Motor Company; (No. STK-CV-UPL-2019-11314); Superior Court of The State of California, County of San Joaquin
38. Estates of Steven T. Wayne and Emoke H. Rock, et al v King County et al; (No. 22-2-11513-1 SEA); King County, Washington

39. Zaretsky v Subaru of America, Inc., et al; (No. 2020-CA-010773); Palm Beach County, Florida
40. Martino v Mercedes-Benz USA, LLC; (No. 20-CA-000807 Division D); Hillsborough County, Florida
41. Hynes v Buck Institute For Research On Aging; (No. CIV 1802570); County of Marin, California
42. Howard, et al v GHP Group, Inc.; (No. 21-CI-00157); Commonwealth of Kentucky
43. Gurney v Murrey's Disposal Company, Inc. (No. 23-2-04402-4); Pierce County, Washington

**2022**

**Trials:**

1. Owens v Mt. Hood Ski Bowl, et al. (No. 18CV22336); Multnomah County, Oregon
2. Pathak v Forum Shops LLC (A-18-786024-C); Clark County, Nevada
3. Lloyd v Sea Legend, LLC (No. 19STCV23548); Los Angeles County, California
4. Cooper v Coyote Ridge Correction Center (No. 17-2-02163-3); Benton County, Washington
5. Andrade, Estate of v Norman S. Wright Climatec (No. 19STCV10659); Los Angeles County, California
6. Sweigart v Voyager Trucking Corporation, et al. (5:21-cv-00922); Eastern District of Pennsylvania
7. Heimbach v City of Poulsbo (19-2-00619-18); Kitsap County, Washington

**Depositions/Arbitrations:**

1. Spicer v City of Ontario, et al. (No. CIV DS1711812); San Bernardino County, California—Vol II-Rebuttal
2. Jensen v Yamaha Motor Corporation, et al. (No. 19-2-15438-1); King County, Washington
3. Thompson v The Kroger Company, et al. (No. 19-2-03111-03); Benton County, Washington
4. Royer v Toyota (No.30-2019-01060146-CU-PL-CJC); Orange County, California
5. Hernandez v JC Food Service (No. BC 667222); Los Angeles County, California
6. Massey v The Retreat (No. 2019-CA-0033026); Alachua County, Florida
7. Andrade, Estate of v Norman S. Wright Climatec (No. 19STCV10659); Los Angeles County, California—Vol II-Rebuttal
8. Diaz-Toler v Teraflex (No. A-19-799469-C); Clark County, Nevada
9. Scribner (E.S.) v Flippin Family Fun, LLC, et al. (No. 2:20-cv-00407-SMJ); US District Court, Eastern District of Washington
10. Elbert, Est. of v American Colloid Company, et al. (No. 20-CV-00003-ABJ); US District Court, District of Wyoming—Daubert Hearing
11. Andrews v Walt Disney Parks and Resorts U.S., Inc.; (No. 8:19:cv-01665—FLA JDE); US District Court-Central District of California

12. Cutting v Werner Company., et al. (No. 3:20-cv-05346-BHS-JRC); Western District, Washington-Tacoma
13. Ivanov v Costco Wholesale Corporation, et al. (No. 20-2-01866-32); Spokane County, Washington
14. Castillo v Jo-Ann Stores, LLC (No. 20-2-17505-6 SEA); King County, Washington
15. Lewis v Trader Joe's Company (No. A-18-785891-C); Clark County, Nevada
16. Hakki v City of Kennewick (No. 20-2-00522-03); Benton County, Washington
17. Higashi v Flamingo Las Vegas (No. A-17-758604-C); Clark County, Nevada
18. McDermott v Green Valley Ranch Station Casino (No. A-20-817513-C); Clark County, Nevada
19. Gharibjanyan v GBG North America Holdings Co., Inc. (No. 18STCV08152); Los Angeles County, California
20. Longoria v Silver State Schools Credit Union (No. A-20-814136-C); Clark County, Nevada
21. Lasarte v California Cylinders, et al. (N. BC514465-Lead Case;C/W Case Nos. BC519002 &BC543268); Los Angeles County, California
22. McClafferty v Flamingo Las Vegas (No. A-20-808767-C); Clark County, Nevada
23. Frase v EXXON Mobil Corporation, et al (No. 19-CV-273); Western District of Wisconsin
24. Hiser v Tarantino, et al. (No. 21-2-01519-7SEA); King County, Washington
25. Johnson v City of Seattle (No. 19-2-01271-4SEA); King County, Washington
26. Williams v Fred Meyer Stores, Inc. (No: 19-2-24579-4KNT); King County, Washington
27. Aguilar v 3H Cattle Company, et al. (No: 20C-0335); County of Kings, California
28. Berkstein v Flam (No. 20STCV04292); Los Angeles County, California
29. Kim v Kemper Development Company, et al. (No. 20-2-16103-9 SEA); King County, Washington
30. McNulty v City of Arcata, et al. (No. CV2100216); Humboldt County, California
31. Thorp, Estate of v Toyota Motor Sales, Inc., et al. (No. FST-CV-20-6045222-S); Judicial District of Stamford/Norwalk at Stamford
32. Ceesay, Estate of v UBER, et al. (No. 2:21-cv-202); Western District of Washington-Seattle
33. Tagliarini v City of Phoenix (No. CV2021-004382); Maricopa County, Arizona
34. Gaston v MGM Grand Hotel (No. A-20-822424-C); Clark County, Nevada
35. Orelt v Ameren Illinois, et al. (No. 20L0934); St. Clair County, Illinois
36. Bigdeli v Fred Meyer Stores, Inc. (No. 20-2-12285-8SEA); King County, Washington
37. Sweigart v Voyager Trucking Corporation, et al. (5:21-cv-00922); Eastern District of Pennsylvania
38. Taylor v Sunbeam Products, Inc. (No. 1:21-cv-00090-SEB-DLP); Southern District of Indiana, Indianapolis Division
39. Crump, Estate of v Ryder Truck Rental, et al. (No. 49D13-1808-CT-034536); Marion County, Indiana
40. Pope v 3M Company, et al. (No. 20-C-138); Mingo County, West Virginia

41. Campbell, et al. v Greyhound Lines, Inc. (No. 10CEG03185); Fresno County, California
42. Currier v Mirage Casino-Hotel (No. A-20-815298-C); Clark County, Nevada
43. James, Estate of v Trinity Industries, Inc. (No. CJ-2020-5239); Oklahoma County, Oklahoma
44. Cook v Toyota Motor Corporation, et al. (No. B-0184121); Jefferson County, Texas
45. Perry v United States of America, et al. (No. 3:20-CV-01451-JAH-MDD); Southern District of California
46. State of West Virginia, et al. v 3M Company, f/k/a Minnesota Mining and Manufacturing Company, et al. (No. CC-22-2003-C-109); Lincoln County, West Virginia
47. Shingler, Estate of v Toyota Motor Corporation (502019CA001227XXXXMB AE); Palm Beach County, Florida—Rebuttal Deposition
48. Andres v Fresca, LLC d/b/a 'Arizona Charlie's Boulder RV Park', et al. (No. A-19-804995-C); Clark County, Nevada
49. Hauser v The Orleans Hotel/Casino (No. A-20-815680-C); Clark County, Nevada
50. Reyes, et al. v Toyota Motor Corporation, et al. (No. 19STCV40257); Los Angeles County-Pomona, California
51. Coleman; Owens, et al v 3M Company, et al (No. 21-CI-00275); Pike Circuit Court, Commonwealth of Kentucky
52. Coyne v CMX, LLC, et al. (No. CV28-21-1800); Kootenai County, Idaho
53. Sorenson, Estate of; et al v Wabash National Corporation, et al. (No. 20-2-07273-7 SEA); King County, Washington
54. Reavis, Estate of, et al v City of Seattle (No. 21-2-11855-7 SEA); King County, Washington
55. Moorman v City of San Bernardino (No. CIVDS1818724); San Bernardino County, California
56. Mead v General Motors, LLC, et al. (No. A-20-813945-C); Clark County, Nevada

**2021**
**Trials:**

1. Kekona, Estate of v Alaska Airlines, Inc. (No. 17-2-33240-2 SEA); King County, Washington
2. Robinson v City of Omak, et al. (No. 18-2-00279-24); Okanogan County, Washington
3. Perez v City of Denver (No. 2020CV32078); Denver County, Colorado—Hearing
4. Smithhart v City of Kent (No. 19-2-10151-2 KNT); King County, Washington
5. Heath v Tristar (No. 2:17-cv-02869-GMN-PAL); District Court, Nevada
6. Borrello v Harrah's Las Vegas (No. A-17-765427-C); Clark County, Nevada
7. Howard v AWH SeaTac Hotel, LLC (No. 20-2-04223-4 KNT); King County, Washington
8. Herman v Aronowitz (No. 19STCV07711); Los Angeles County, California

**Depositions/Arbitrations:**

1. Osmer v Mariner Storage, et al. (No. 19-2-00140-16); Jefferson County, Washington
2. Nay v BNSF Railway Company, et al. (3:19-cv-05425-BHS-MLP); Western District of Washington-Tacoma
3. Salinas v Nissan, et al. (BC 569227); Los Angeles County, California
4. Robinson v City of Omak, et al. (No. 18-2-00279-24); Okanogan County, Washington
5. Harder v Stan Bonham Company, Inc. (No. CV01-19-05346); Ada County, Idaho
6. Henderson, Estate of v Terrible Herbst (No. a-19-793022-C); Clark County, Nevada
7. Backlund v Owens, et al. (No. 18-2-04368-4); Pierce County, Washington
8. Mazur v 3535 LV Newco, LLC (No. A-18-777430-C); Clark County, Nevada
9. Chacon v Alaska Leader Fisheries (No. 19-2-25579-0-SEA); King County, Washington
10. Dickey v The Golf Club at Black Rock (No. CV28-20-1453); Kootenai County, Idaho
11. Cummings-Tucker v City of Seattle (No. 19-2-24407-1 SEA); King County, Washington
12. Ceja, et al. v Bridgestone, et al. (No. 18STCV01899); Los Angeles County-North Valley District, California
13. Fulbright v Greater Wenatchee Regional Events Center (No. 18-2-00519-04); Chelan County, Washington
14. Feliz-Bordonada v Keiser, et al (No. 18-2-22470-5-KNT); King County, Washington
15. Everman, Estate of v Kentucky Utilities, et al. (No. 19-CI-560); Fayette Circuit Court, Commonwealth of Kentucky—Vol I, Vol II
16. Borrello v Harrah's Las Vegas (No. A-17-765427-C); Clark County, Nevada
17. Spicer v City of Ontario, et al. (No. CIV DS1711812); San Bernardino County, California
18. Denney v Target (No. A-19-790653-C); Clark County, Nevada
19. Greenfield v City of Kirkland (No. 20-2-11981-4 SEA); King County, Washington
20. Bergman v WSDOT-Ferries (No. 18-2-01919-31); Snohomish County, Washington
21. Garcia v City of Yakima (No. 18-2-030013-9); Yakima County, Washington
22. Seife v County of Santa Barbara (No. 18CV05879); Santa Barbara County, California
23. Smithhart v City of Kent (No. 19-2-10151-2 KNT); King County, Washington
24. Abel v State of Washington, et al. (No. 20-2-07874-3); King County, Washington
25. West v Stratosphere Gaming, LLC (No. A-19-788869-C); Clark County, Nevada
26. Bahr v NCL (Bahamas) LTD (No. 19-cv-22973-BB); Southern District of Florida
27. Lloyd v Sea Legend, LLC (No. 19STCV23548); Los Angeles County, California
28. Pierce v Yellow Dog Ventures, LLC (No. CV28-20-4810); Kootenai County, Idaho

29. Moore v The Hunter Safety System, Inc. (No. CV-2018-900039); Covington County, Alabama
30. Hunt; Chapman v 3M Company, et al. (No. 18-CI-00409); Pike Circuit Court, Commonwealth of Kentucky
31. Rich v Godefroy, et al (No. 19-2-08791-9 KNT); King County, Washington
32. Powers v Paradise Bound, LLC (No. 19-00668 DKW-WRP); US District Circuit, District of Hawaii
33. Gonzalez (Refugio) v Duran, et al. (No. 19STCV31096); Loos Angeles County, California
34. Osemwengie v Las Vegas Adventures, LLC, et al (No. A-17-757540-C); Clark County, Nevada
35. Herman v Aronowitz (No. 19STCV07711); Los Angeles County, California
36. Erikson v Goodyear Auto Service Center, et al. (No. 19-2-17816-7 SEA) King County, Washington
37. Gattas-Tona v El Pueblo Motel, Inc. (No. SCV265031) Sonoma County, California
38. Abbott v City of Henderson (No. A-20-819317-C) Clark County, Nevada
39. Osemwengie v Las Vegas Adventures, LLC, et al (No. A-17-757540-C); Clark County, Nevada (Vol II)
40. Riedesel v United States of America (No.2:21-cv-00033-RSM); Western District of Washington-Seattle
41. Andrade, Estate of v Norman S. Wright Climatec (No. 19STCV10659); Los Angeles County, California
42. Patterson v City of Auburn, et al. (No. 19-2-17605 KNT); King County, Washington
43. Chung v Lumsden (No. 30-2018-01005659-CU-PO-CJC); Orange County, California
44. Chu v Great Wall Shopping Mall (No. 20-2-09334-3 SEA); King County, Washington
45. Calderon v United Construction, Inc., et al. (No. BC644409); Los Angeles County, California-Stanley Mosk Courthouse
46. Salinas v Alliance, et al. (No. C-1266-18-G); Hidalgo County, Texas
47. Morales, et al. v Tristar Products, Inc. (No. CACE-20-000902); Broward County, Florida
48. Huerta v Castillo, et al. (Case No. RIC2002006); Riverside County, Central District, California

**2020**
**Trials:**

1. Shiro v Boyne USA, Inc. (16-2-0544-2); Pierce County, Washington
2. Gates v Goree (17-2-02060-5 KNT); King County, Washington
3. Kaden v The Kroger Co., et al (18-2-56738-6 SEA); King County, Washington
4. Dallo v Holland America Line, Inc. (2:19-cv-00865-TSZ); Western District of Washington-Seattle

**Depositions/Arbitrations:**

1. Stroud, et al. v KIA Motors, et al (BC705872); Los Angeles County, California

2. Martinolich v Pelican Fueling (18-2-51248-1); Franklin County, Washington
3. Lefiell v City of Martinez, et al. (3:18-cv-00522-SI); Northern District of California
4. Salinas v Nissan, et al. (BC 569227); Los Angeles County, California
5. T.S., et al. v Toyota, et al. (BC615438); Los Angeles County California
6. Kaden v The Kroger Co, et al. (No. 18-2-56738-6 SEA); King County, Washington
7. Lewis/Tyler, Estates of v City of Tacoma (17-2-13629-3); Pierce County, Washington
8. Heimbach v City of Poulsbo (19-2-00619-18); Kitsap County, Washington
9. Beach v Contra Costa County, et al. (C17-00077); Contra Costa County, California
10. Cooper v Coyote Ridge Correction Center (17-2-02163-3); Benton County, Washington
11. Bozarth v The Hotel Group Holdings, LLC (19-2-06211-3); Pierce County, Washington
12. Mansilla v HAAS Automation, Inc. (BC685354); Los Angeles County, California
13. Sheldone, Estate of v The Oaks Bradenton TRS, LLC (2017-CA-001070); Manatee County, Florida
14. Cropper v Wal Mart, Inc. (2:19-cv-00629-JCM-NJK); US District Court of Nevada
15. Macias v Skyjack, Inc., et al. (1:18-cv-3063-WJM-STV); US District Court of Colorado
16. Waterford v Sanchez (No. S1400CV201800780); Yuma County, Arizona
17. Robinson v Rio Tinto America, Inc., et al. (160904829); Salt Lake County, Utah
18. Anderson v Rugged Races LLC, et al. (18-cv-02272PJS/HB); District of Minnesota
19. McGowan v Mead School District #354 (18-2-0068-1) Spokane County, Washington
20. Bard, et al. v Monsanto, et al. (18-2-11915-4 SEA) King County, Washington
21. Keefer v Arizona Charlies (A-18-778734-C; Dept XX) Clark County, Nevada
22. Chouinard v Vermeer Manufacturing (6:17-CV-00987-AA) Eugene Division, District of Oregon
23. Fountain v Wall-2-Wall, et al. (CV03-19-02079) Bannock County, Idaho
24. Schoonover v Clallum Bay Apartments, et al. (19-2-00363-05) Clallum County, Washington
25. Khaleghi v City of Bellevue, et al (17-2-31059-0 SEA) King County, Washington
26. Chochon v US Bank, et al (19-2-00112-15) Island County, Washington
27. Gilmore, et al v State of Washington (17-2-03967-0) Spokane County, Washington
28. Sill v Dunn Lumber Company (18-2-25064-1 KNT) King County, Washington
29. Shingler, Estate of v Toyota Motor Corporation (502019CA001227XXXXMB AE); Palm Beach County, Florida
30. Robinson v Rio Tinto America, Inc., et al. (160904829); Salt Lake County, Utah—Rebuttal Deposition

31. Hollenbeck v Mercy Housing Management Group (18-2-01004-37); Whatcom County, Washington
32. McGill v Grange Supply (19-2-29229-6 SEA); King County, Washington
33. Cook v Chapel Hill Presbyterian Church (20-2-04168-3); Pierce County, Washington
34. Allen v Missoula Housing Authority, et al. (DV-32-2019-1391); Missoula County, Montana
35. Westmoreland v Utah Athletic Foundation (170500374); Summit County, Utah
36. Stroud v Las Barisas Apartment Home (A-18-780396-C); Clark County, Nevada
37. McGeachy v Rush Commercial Construction, et al. (19-2-08605-5); Pierce County, Washington
38. Pathak v Forum Shops LLC (A-18-786024-C); Clark County, Nevada

**2019**
**Trials:**

1. Milburn v Honda; Dallas County, Texas
2. Lewis v C.R England, et al.; Sacramento County, California
3. Aquino v A & M Respicio, Inc.; Kitsap County, Washington
4. Towell v Lee; Boise County, Idaho
5. Ravichandran v Yokomizo; Los Angeles County, California
6. Emerson v Harris—Perpetuation Deposition; King County, Washington
7. Shourds v Curley, et al.—Perpetuation Deposition; Lake County, Montana
8. Newbold v Correll; Deschutes County, Oregon
9. Sutton v Tracey; Los Angeles County, California
10. Yarborough v Nampa Highway District; Canyon County, Idaho
11. Hodny v McDonalds; Cass County, North Dakota
12. Vo, Estate of v City of Tacoma; Pierce County, Washington
13. Fite v City of Puyallup, et al.; Pierce County, Washington

**Depositions/Arbitrations:**

1. Heath v Tristar; District Court; Nevada
2. Lewis v C. R. England, et al.; Sacramento County, California
3. Ravichandran v Yokomizo; Los Angeles County, California
4. Newton v City of Port Townsend; Jefferson County, Washington
5. KeKona v Alaska Airlines; King County, Washington
6. Wilson v Utah DOT; Utah County (Provo Department), Utah
7. Oliver v Parking Company of America, Inc.; Dallas County, Texas
8. Caudill, Terry v 3M/A-O Companies; Commonwealth of Kentucky
9. Adams, James; Adams, Dennis; Kincer, Dwight v 3M/A-O Companies; Commonwealth of Kentucky
10. Walker, Joey v 3M/A-O Companies; Commonwealth of Kentucky
11. Huff, James v 3M Company; Commonwealth of Kentucky
12. Reisser v Silverdale Whaling Company, LLC; Kitsap County, Washington
13. Fox v PetCo Animal Supplies Stores, Inc.; Clark County, Nevada
14. Conciatore v Paris Las Vegas; Clark County, Nevada
15. McFadden v Gozzer Ranch Golf Club, et al.; Kootenai County, Idaho

16. Robinson v Crown Equipment Corporation; Washoe County, Nevada
17. Osborne, Carlo/Gilbert, Ace v A-O Company; Commonwealth of Kentucky
18. Blevins, Lewis/Shanks, Greg v A-O Company; Commonwealth of Kentucky
19. Banks, Michael/Lucas, Timothy v A-O Company; Commonwealth of Kentucky
20. Sutton v Tracey; Los Angeles County, California
21. Vo, Estate of v City of Tacoma; Pierce County, Washington
22. Hatfield v 3M/A-O Companies; Commonwealth of Kentucky
23. Kitzhaber v Avis Budget Group, Inc.; King County, Washington
24. Shupp v Wal Mart, Inc.; Western District of Washington (Seattle)
25. Ayyaluru v Hnosko, et al.; King County, Washington
26. Koernschild v Stevens Pass Mountain Resort, LLC; King County, Washington
27. Reese, Estate of v JAC Trucking; Los Angeles County, California
28. Salinas v Nissan Motor Company, LTD, et al.; Los Angeles County, California
29. Vo, Estate of v City of Tacoma (Continuation); Pierce County, Washington
30. Lee, et al v ITWFEG; Santa Barbara County, California
31. Salazar, Estate of v El 7 Mares Restaurant; Los Angeles County, California
32. Carmeli, Estate of v Blakely; San Diego County, California
33. Jayne, Estate of v City of Sioux Falls; District Court, South Dakota
34. Stout v Foss Maritime Company; King County, Washington
35. Naef v Wyndham Worldwide; Orange County, California
36. Oum, Estate of v Ramos, et al; Los Angeles County, California
37. Tricoli, Estate of v Palmero; Clark County, Nevada
38. Crume, et al. v State of Washington; Thurston County, Washington
39. Ruknaitis v Potolicchio; San Diego County, California
40. Akers v Wang, et al.; Sacramento County, California
41. Willhide v Mammoth Ski Area; Mono County, California
42. Smith v Rockart, Inc.; Commonwealth of Kentucky
43. Ball v R'N'R Holiday, Inc.; Spokane County, Washington
44. Ndiaye v American Seafoods Company; King County, Washington

Applied Cognitive Sciences
10501 S Lambs Lane
Mica, WA 99023

# 2024 Fee Schedule

| Experts | Rates (Per Hour) | Sworn Testimony (Per Hour) | Sworn Testimony (Minimum) |
|---|---|---|---|
| **Joellen Gill**, MS, CHFP, CXLT, CSP<br>President | $700 | $1000 | $3000 |
| **Levi Dixon**, MS, CXLT, CSP, CHFP<br>Senior Engineer | $350 | $525 | $1575 |
| **Scot Gill,** MS, CXLT, PAEMST<br>Associate Physicist | $275 | $420 | $1260 |
| **Ethan Fenley**, MS, GSP, CXLT, UX<br>Associate Engineer | $250 | $375 | $1125 |

## Terms and Billing Information:

- **Invoices are due upon receipt.**
- **We require a non-refundable $2,000 retainer.**
- All rates are plus expenses, including preparation of requested materials by opposing counsel.
- Expedited work (i.e., work/travel required to be completed within fifteen (15) business days or on weekends) is billed at double time; during major holidays, such requests will be billed at triple time.
- All charges are portal to portal, plus expenses.
- There will be a 15% fee for travel arrangements.
- Any cancellation fees for airlines/hotels resulting from canceled work will be billed to the case.
- Sworn testimony fees on weekends will be billed at double time, holidays at triple time.
- 50% of the minimum fee for sworn testimony will be billed if canceled within one (1) week of the scheduled date.
- Depositions canceled with less than 24 hours notice will be charged full price for a minimum of three (3) hours.
- For any account with a balance exceeding $5,000, work will be subject to cease until balance is paid in full.
- Contract work outside of litigation will be performed at 50% of the rates quoted above.
- In the event an Expert Witness of Applied Cognitive Sciences is the subject of a legal motion (e.g., Daubert, Frye, or motion in limine hearing) in the action in which said employee is retained by Client, the Client hereby agrees to immediately notify Applied Cognitive Sciences, and the costs/fees for opposing said motion will be borne by Client.
- **Payment Methods** (NO ADDITIONAL FEES):
  - Checks: Make payable to 'Applied Cognitive Sciences, Inc.' (Tax # 20-1883699). Mail to Applied Cognitive Sciences, 10501 S Lambs Lane, Mica, WA 99023, or submit electronically via our website using ACH, https://acsciences.com/contact/
  - Credit cards: Payments can be made via phone or online without additional fees, https://acsciences.com/contact/
  - Electronic payments: available via Bill.com
  - For any payment-related questions or inquiries, please contact Kristi:
    - Phone: 509-624-3714
    - Email: accounting@acsciences.com

Square

Effective 04.26.2024