## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| **BEVERLY WOOTEN, as surviving spouse and co-administrator of the Estate of deceased BARRY WYATT WOOTEN, et al.,** )<br>)<br>)<br>)<br>) | |
| **Plaintiffs,** ) | |
| ) | |
| v.  ) | **CIVIL ACTION NO. 5:23-cv-346 (MTT)** |
| ) | |
| **FORD MOTOR COMPANY, et al.,** ) | |
| ) | |
| **Defendant.** ) | |

### ORDER

This tort action arises from a 2021 Ford F-150 vehicle wreck that resulted in the death of Mr. Barry Wyatt Wooten. Doc. 1. Plaintiffs sued Ford Motor Company alleging defective design, manufacturing defect, failure to warn, negligence, and strict liability. *Id*. ¶¶ 49-114. The Plaintiffs' former co-counsel, DJC Law, PLLC, seeks to intervene as of right under Federal Rule of Civil Procedure 24(a) for the purpose of filing an attorney's lien in this case. Doc. 70-1 at 2.

DJC and the Plaintiffs' current counsel, Cheeley Law Group ("CLG"), agree that they previously had a co-counsel agreement to represent the Plaintiffs. Docs. 70-1 at 2; 74 at 2-4; 75 at 2-4. Although the Plaintiffs approved that co-counsel agreement, they did not sign a contingency fee agreement with DJC. Docs. 74 at 2-4; 75 at 1-5; 75-1. However, it is undisputed that DJC had an attorney-client relationship with the Plaintiffs. Docs. 74 at 4; 75 at 1. DJC and CLG further agree that the Plaintiffs terminated their relationship with DJC before this case was resolved and the Plaintiffs continued to

retain CLG as counsel. Docs. 74 at 5; 75 at 2. CLG then reimbursed DJC for expenses incurred by DJC. Doc. 74 at 6.

To intervene as of right, a movant must satisfy four requirements: "(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Purcell v. Bank Atlantic Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996). CLG argues that DJC's motion to intervene fails because DJC does not have an interest relating to the subject matter of this case and disposition of this case does not impede or impair DJC's rights. Doc. 74 at 1. The Court disagrees.

For some reason, CLG believes DJC is attempting to recover a "double contingency fee," whatever that is. Doc. 74 at 6; 11. That is not true. DJC acknowledged that it is only entitled to quantum meruit recovery from CLG, pursuant to their co-counsel agreement, and from the Plaintiffs pursuant to the attorney-client relationship DJC had with the Plaintiffs. Doc. 75 at 6. *See Tolson v. Sistrunk*, 332 Ga. App. 324, 333 n. 6 (2015) ("[I]f the former and current counsel worked as co-counsel for the mutual benefit of the client before the former counsel was discharged, then the former counsel may recover his fees in quantum meruit from the current counsel.") (citing *Eichholz Law Firm, P.C. v. Tate Law Group*, 310 Ga. App. 848, 852-853 (2011); *Kirschner & Venker, P.C. v. Taylor & Martino, P.C.*, 277 Ga. App. 512, 514 n. 1 (2006)). Thus, DJC has sufficiently alleged an interest relating to the property or transaction which is the subject of the action and disposing of the action would impair

-3-

DJC's ability to protect its interest.  Moreover, "intervention is generally recognized as an appropriate means of pursuing a lien on the proceeds of litigation in which an attorney has participated."  *N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 2011 WL 4373977, at *4 (N.D. Ga. Sept. 19, 2011), vacated in part on other grounds, 2012 WL 12950085 (N.D. Ga. Feb. 3, 2012) (citing Fed. R. Civ. P. 24(a)(2); *Sweeney v. Athens Reg'l Med. Ctr.,* 917 F.2d 1560, 1565 (11th Cir.1990)).

Accordingly, DJC's motion to intervene for the purpose of filing an attorney's lien (Doc. 70) is **GRANTED**.  The Court **ORDERS** that DJC shall revise its Notice of Lien to make clear it is only seeking to recover under quantum meruit.

**SO ORDERED**, this 27th day of June, 2025.

                                                                 S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT