IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BEVERLY WOOTEN, as Surviving Spouse of BARRY WOOTEN and BARRY WAYNE WOOTEN, as Administrators of the ESTATE OF BARRY WYATT WOOTEN, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | CIVIL ACTION FILE NO:<br><br>5:23-cv-00346 |

**FORD'S STATUS REPORT ON MOTION FOR FINAL CASE DEADLINES**

On August 21, 2025, Ford filed its Motion for Final Case Deadlines (Doc. No. 186), pursuant to this Court's Order (Doc. No. 184-3, p. 69:8-15 and 70:14-17). Per the Parties discussion, and the Court's Order at the August 7, 2025 hearings, Ford proposed deadlines for Plaintiffs to produce a supplemental expert report for Steve Loudon **based on his review of the FMEA documents Ford produced to Plaintiffs' after the August 7, 2025 hearing** (Doc. No. 186**,** p. 1(3a)), for Mr. Loudon and Mr. Harrington's discovery depositions based on their new reports and Mr. Harrington's new testing, and for Ford to submit its supplemental expert reports due to the same.

Plaintiffs responded in opposition to some of Ford's deadlines. (Doc. No. 188). In their Response, Plaintiffs' changed horses and stated their experts would instead rely on the disputed and improperly unredacted "**NHTSA documents** Plaintiffs obtained from NHTSA's website" (*Id*. at 1 (2-3)) (i.e., not the FMEA documents this Court's Order contemplated), which were and are the subject of a pending Motion for Sanctions before the Court.. Thereafter, the Parties met and

conferred, and Ford ultimately asked the Court to wait until August 29, 2025 to rule on Ford's Motion for Final Deadlines to give the Parties time to discuss whether Plaintiffs would agree to supplement Steve Loudon's and Shawn Harrington's expert reports to disclose "all 'bases and reasons' for any expert opinions if their experts are relying on documents not previously disclosed under Rule 26. Fed. R. Civ. P. 26(a)(2)(B)(i)-(iii)." (Doc. No. 189, p. 3).

Plaintiffs have now informed Ford that three of their experts, Steve Loudon, Shawn Harrington, and Joellen Gill, plan to rely on the disputed and improperly unredacted NHTSA investigation documents, and that all three of these experts will now rely on those documents to support their previously disclosed opinions. Plaintiffs have also not agreed to supplement their expert reports to explain which documents are relevant to which opinions or how they are relevant and relied on by the experts, claiming the same is not required by Rule 26. Plaintiffs have today provided a list of approximately 143 unredacted NHTSA documents—still totaling in excess of 7,000 pages of the total 10,710 pages originally produced—that these three experts intend to rely upon for their various opinions. Ford believes more supplementation is required under Rule 26 so that it can determine which if any of these experts will require additional discovery deposition, assuming the Court allows the NHTSA documents in this case.

However, as shown in Ford's Motion Seal and for Appropriate Sanctions (Doc. No. 184), Reply in Support thereof (Doc. No. 193), the improperly unredacted NHTSA documents are not relevant or responsive to discovery requests and were obtained through improper means outside the course of this Court's endorsed discovery process, so this Court should bar Plaintiffs and their experts from relying on said documents at trial. Therefore, Ford respectfully requests this Court rule on its Motion to Seal and for Appropriate Sanctions, which it is believed will moot the major

disagreement between the Parties[1] standing in the way of setting final case deadlines, prior to ruling on Ford's Motion for Final Case Deadlines.

Respectfully requested this the 29th of August 2025.

/s/ Paul E. Petersen, III
Michael R. Boorman
Georgia Bar No. 067798
Paul E. Petersen, III
Georgia Bar No. 791066
WATSON SPENCE, LLP
Bank of America Plaza
600 Peachtree Street NE
Suite 2320
Atlanta, GA  30308
Telephone: 229-436-1545
mboorman@watsonspence.com
ppetersen@watsonspence.com

Scott A. Richman
*Admitted pro hac vice*
Tiffany M. Gutierrez
*Admitted pro hac vice*
MCDONALD TOOLE RICHMAN & CORRENTI, P.A.
srichman@mtrclegal.com
tgutierrez@mtrclegal.com

Michael Carey
*Admitted pro hac vice*
DYKEMA
mcarey@dykema.com

Derek Linkous
*Admitted pro hac vice*
Bush Seyferth PLLC
linkous@bsplaw.com

*Attorneys for Defendant*
*Ford Motor Company*

---

[1] I.e., whether Plaintiffs' experts can rely on the NHTSA documents and the extent of Plaintiffs' obligation to supplement expert reports if reliance is allowed.

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Robert D. Cheeley
Nick Wooten
Andre Tennille
Gabrielle Gravel
CHEELEY LAW GROUP, LLC
2500 Old Milton Parkway, Suite 200
Alpharetta, Georgia 30009
bob@cheeleylawgroup.com
Nick@cheeleylawgroup.com
dre@cheeleylawgroup.com
ggravel@cheeleylawgroup.com
*Counsel for Plaintiffs*

Donald H. Slavik
Slavik Law Firm, LLC
3001 South Lincoln Avenue
Suite C-1
Steamboat Springs, Colorado 80487
dslavik@slavik.us
*Counsel for Plaintiffs*

Virgil L. Adams
ADAMS, JORDAN & HERRINGTON, P.C.
915 Hill Park Suite 101
P.O. Box 928
Macon, GA 31202
vadams@adamsjordan.com
*Counsel for Plaintiffs*

This 29th day of August, 2025.

/s/ *Paul E. Petersen, III*
Michael R. Boorman
Georgia Bar No. 067798
Paul E. Petersen, III
Georgia Bar No. 791066