IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BEVERLY WOOTEN, as Surviving Spouse of BARRY WOOTEN and BARRY WAYNE WOOTEN, as Administrators of the ESTATE OF BARRY WYATT WOOTEN, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | CIVIL ACTION FILE NO:<br><br>5:23-cv-00346 |

**FORD MOTOR COMPANY'S LIMITED RESPONSE TO
PLAINTIFFS' MOTION FOR EVIDENTIARY HEARING**

Plaintiffs' "Motion for Evidentiary Hearing" is really a procedurally inappropriate motion for reconsideration. In contravention of this Court's instructions in its September 2, 2025 Order (Doc. No. 195), Plaintiffs improperly argue against Ford's original Motion to Seal and for Sanctions (Doc. No.184) by raising positions they failed to raise in their response. The Court should refuse to consider Plaintiffs' belated motion.

Although Plaintiffs' motion should be denied without more as procedurally improper, Ford addresses two limited issues raised by Plaintiffs' motion.[1] *First*, no evidentiary hearing is required or necessary for this Court to sanction Plaintiffs. Plaintiffs have had ample opportunity to respond to Ford's allegations. And their response admitted the key facts warranting sanctions under this Court's Order (Doc. No. 195): that Plaintiffs downloaded confidential redacted documents off

---

[1] In responding to these limited issues, Ford is not intending to waive any objections to any other representations or arguments in Plaintiffs' motion.

NHTSA's website, saw the confidential stamps on each page, intentionally removed the redactions anyways, and produced those unredacted documents on the Court's public docket, without disclosing the confidential documents had been altered to remove the redactions. Nothing in Plaintiffs' latest filing changes any of that. *Second*, Plaintiffs do not show that any depositions of high-level Ford employees are even remotely necessary to resolve this discrete issue. Deposing these high-level officials on decidedly tangential issues would only serve to harass Ford.

At bottom, Plaintiffs requested relief will only waste the parties and Court's time and delay trial even further. The Court should deny or strike Plaintiffs' motion.

I.      **Plaintiffs' Motion is Procedurally Improper.**

Plaintiffs' motion should be denied or stricken as procedurally improper. This Court's first order requested a single response from Plaintiffs (Doc. No. 185), which they filed (Doc. No. 188). The Court's second order simply requested that Plaintiffs submit affidavits from their experts identifying which NHTSA documents they are using and why. (Doc. No. 195.) Nothing in either order authorized additional briefing on this issue. And nothing in Plaintiffs' motion even attempts to justify Plaintiffs' failure to raise these new arguments in the response brief it was permitted to file. Plaintiffs' motion should be denied for that reason alone.

Although Plaintiffs' motion is titled "Motion For An Evidentiary Hearing," its function is as a motion for reconsideration of this Court's order that "sanctions are appropriate." *See Robins v. Oubre*, No. 5:13-CV-348, 2014 WL 4070851, at *1 (M.D. Ga. Aug. 15, 2014) ("the Court should look beyond the title of a document in order to properly analyze its substance"). At this stage, any motion for reconsideration is premature since the Court has not even fully resolved the issue of sanctions and has stated that the "breadth of those sanctions will be determined" later. (Doc. No. 195.) In any event, if Plaintiffs wanted this Court to reconsider sanctions, they should have done

so pursuant to Fed. R. Civ. P. 60. *See Carter By and Through Carter v. United States*, 780 F.2d 925, 928 (11th 1986). Plaintiffs have not sought relief under Rule 60, likely because their new arguments—which could and should have been raised in their response brief—"cannot be raised in the Rule 60(b) context." *Williams v. Warden*, 858 F. App'x 328, 330 (11th 2021).

Plaintiffs' motion is doubly improper from a procedural standpoint.

**II.     An Evidentiary Hearing is Unnecessary.**

Plaintiffs' motion fares no better on substance. An evidentiary hearing should be denied as unnecessary. Plaintiffs' motion does not cite any rule or case law requiring an evidentiary hearing to uphold this Court's ruling or issue the limited sanctions requested by Ford. Plaintiffs' case law says just the opposite. *Dashtpeyma v. Liberty Insurance Corporation* (cited by Plaintiffs at page 12) explained that an evidentiary hearing "is not a *per se* requirement prior to awarding sanctions." No. 1:11-CV-3809-JEC-AJB, 2012 WL 13012622, at *3 (N.D. Ga. July 10, 2012). *Dashtpeyma* further observed that the Eleventh Circuit in *Thomas v. Tenneco Packaging Company* rejected a similar argument to the one pressed by Plaintiffs: that a district court abused its discretion in imposing sanctions "by failing to make . . . a factual finding or to hold an evidentiary hearing on the factual issue." *Id.* (citing 293 F.3d 1306, 1319 (11th Cir. 2002)). All the Court "must give the offending party [is] an opportunity to be heard prior to imposing sanctions." *Id.* at *2. Here, Plaintiffs were given an opportunity to respond in writing to Ford's arguments, which they did. Nothing more is required where Plaintiffs had their "opportunity to respond, orally or in writing, to the invocation of such sanctions" and an opportunity "to justify [their] actions." *Baker v. 3M Co.*, No. 21-12393, 2023 WL 3734013, at *3 (11th Cir. May 31, 2023).

In any event, an evidentiary hearing is unnecessary because Plaintiffs admitted in their response their conduct that shows subjective bad faith.  The facts and Plaintiffs' admissions show they:

(1) downloaded confidential, **redacted** documents off NHTSA's website;

(2) saw the confidential stamps on each page;

(3) **intentionally removed the redactions** to view the confidential information; and

(4) produced those unredacted documents to Ford, the Court and their experts, and filed some on the Court's public docket, without disclosing the confidential documents had been altered to remove the redactions.  (See Doc. No. 187).

There is simply no evidentiary dispute about these key facts.  At a minimum, Plaintiffs' actions violate Georgia Rule of Professional Conduct 3.4, which prohibits counsel from unlawfully altering documents (subsection (a)) and "us[ing] methods of obtaining evidence that violate the legal rights of the opposing party" (subsection(g). (*See* Doc. No. 184, p. 6).  Plaintiffs' lack of candor to the Court regarding the NHTSA documents also violates Rule 3.3.  (*Id.*)  Nothing in Plaintiffs' new motion changes these unavoidable facts.

An evidentiary hearing is neither required for this Court to issue sanctions nor would it settle any material disputed issues.

### III.     Plaintiffs are Not Entitled to Depose Ford Executives.

The Court should also reject Plaintiffs' attempt to leverage their own wrongdoing into two inappropriate depositions of Ford executives—Emily Frascaroli and Tom Single—who have nothing to do with this case and little to with the NHTSA documents.  Despite Plaintiffs' contrary assertion (Doc. No. 187-5), Ms. Frascaroli is the Global Director of Ford's Automotive Safety

Office. Mr. Single is the Deputy Director of that Office. Plaintiffs do not and cannot show that such intrusive depositions are necessary to resolve this discrete issue.

Because Ms. Frascaroli and Mr. Single are high-level executives, the apex deposition rule applies. "Under the apex doctrine, a court may bar a deposition of a high level executive who lacks unique or personal knowledge related to the case." *Lewis v. Lowes Home Centers LLC*, No. 1:23-CV-8, 2023 WL 10947360, at *2 (M.D. Ga. Oct. 24, 2023). "Courts generally restrict parties from deposing high-ranking officials . . . because executives are particularly vulnerable to numerous, repetitive, harassing, and abusive depositions by virtue of their position." *Id.* "Thus, absent extraordinary circumstances, courts will not permit the deposition of a high-ranking corporate or government official." *Id.* To obtain such a deposition, Plaintiffs "must demonstrate that the official has unique or superior knowledge of discoverable information that cannot be obtained by other means." *Id.* Plaintiffs cannot.

Plaintiffs do not show extraordinary circumstances justifying these depositions. Nor do Plaintiffs show that Ms. Frascaroli or Mr. Single have *unique or superior* knowledge regarding the NHTSA documents. At best, Plaintiffs show that Ms. Frascaroli or Mr. Single were involved in some capacity in providing the documents to NHTSA but little else. And although Ford believes any additional evidence is unnecessary to resolve the issue of sanctions, there are plenty of "other means" to obtain evidence about the NHSTA filing, including requests for documents or written discovery, if necessary. *Id.* at *3 (denying depositions of executives where there were "other, less burdensome means" of getting the requested information).

Discovery must achieve a proper purpose (i.e., not to harass, unnecessarily delay, or impose needless expense) and be proportional to what is at issue in the litigation, and if it is not, the judge is expected to impose appropriate sanctions to punish and deter. *Western Convenience Stores, Inc.*

*v. Suncor Energy (U.S.A.) Inc.*, 2014 WL 1257762 at *24-25 (D. Colo. March 27, 2014). These depositions—requested by Plaintiffs only after their own wrongdoing—is the definition of harassment and needless expense.

* * *

To be clear, Ford's motion for sanctions seeks limited relief. Ford never asked for case ending sanctions or personal sanctions against any attorney. The full extent of the relief requested by Ford is outlined below. Strikethroughs represent relief that has already been accomplished through this Court's preliminary ruling (Doc. 195) and/or agreement with Plaintiffs.

1. ~~The immediately sealing the altered documents filed in the Court file as Doc. Nos. 180-1 through 180-7~~;

2. ~~Requiring Plaintiffs to disclose whether they have disseminated any of these unredacted documents to their experts or any third parties, and to destroy any and all copies of these documents that they possess and claw back any they have provided to their experts or other third parties and destroy those as well~~;

3. ~~Prohibiting Plaintiffs from re-deposing Chet Hearn on the draft affidavit they would never have obtained except through improper means~~;

4. Prohibiting Plaintiffs from using any of the NHTSA documents in this case or at trial;

5. Requiring Plaintiffs to destroy any altered documents in their possession; and

6. Ordering that Plaintiffs are barred from conducting ANY AND ALL additional discovery in this case, with the case proceeding to dispositive and Rule 702 motions and then trial.

(Doc. No. 185, Ford's Motion). Every request above not already agreed to by Plaintiffs or granted by this Court is focused on moving this case towards dispositive motion practice and trial. That is

all Ford wants at this point. Plaintiffs' motion, on the other hand, asks the Court to unreasonably expand the scope of discovery and further delay a conclusion to this case.

## **CONCLUSION**

Nothing in Plaintiffs' motion warrant reconsideration of this Court's ruling (Doc. No. 195), or harassing Ford executives, or holding an evidentiary hearing. The motion should be denied outright. In the alternative, if the Court is inclined to consider Plaintiffs' motion, Ford respectfully requests the Court issue Ford instructions on which issue(s) it would like briefed more fully.

Respectfully submitted this 17th day of September, 2025.

/s/ Paul E. Petersen, III
Michael R. Boorman
Georgia Bar No. 067798
Paul E. Petersen, III
Georgia Bar No. 791066
WATSON SPENCE, LLP
Bank of America Plaza
600 Peachtree Street NE
Suite 2320
Atlanta, GA 30308
Telephone: 229-436-1545
mboorman@watsonspence.com
ppetersen@watsonspence.com

Scott A. Richman
*Admitted pro hac vice*
Tiffany M. Gutierrez
*Admitted pro hac vice*
MCDONALD TOOLE RICHMAN & CORRENTI, P.A.
srichman@mtrclegal.com
tgutierrez@mtrclegal.com

Michael Carey
*Admitted pro hac vice*
DYKEMA
mcarey@dykema.com

Derek Linkous
*Admitted pro hac vice*

                Bush Seyferth PLLC
                linkous@bsplaw.com
                *Attorneys for Defendant*
                *Ford Motor Company*

**CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Robert D. Cheeley
Nick Wooten
Andre Tennille
Gabrielle Gravel
CHEELEY LAW GROUP, LLC
2500 Old Milton Parkway, Suite 200
Alpharetta, Georgia 30009
bob@cheeleylawgroup.com
Nick@cheeleylawgroup.com
dre@cheeleylawgroup.com
ggravel@cheeleylawgroup.com
*Counsel for Plaintiffs*

Donald H. Slavik
Slavik Law Firm, LLC
3001 South Lincoln Avenue
Suite C-1
Steamboat Springs, Colorado 80487
dslavik@slavik.us
*Counsel for Plaintiffs*

Virgil L. Adams
ADAMS, JORDAN & HERRINGTON, P.C.
915 Hill Park Suite 101
P.O. Box 928
Macon, GA 31202
vadams@adamsjordan.com
*Counsel for Plaintiffs*

This 17th day of September, 2025.

                                          */s/ Paul E. Petersen, III*
                                          Michael R. Boorman
                                          Georgia Bar No. 067798
                                          Paul E. Petersen, III
                                          Georgia Bar No. 791066