IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BEVERLEY WOOTEN, as Surviving Spouse of BARRY WOOTEN and BARRY WAYNE WOOTEN, as Administrators of the ESTATE OF BARRY WYATT WOOTEN, Deceased,<br><br>    Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>    Defendant. | CIVIL ACTION FILE<br><br>NO. 5:23-cv-00346 |

**DEFENDANT FORD MOTOR COMPANY'S MOTION TO
STRIKE LATE LIABILITY WITNESS DISCLOSURE**

Regrettably, Ford is before this Court again for reasons that are all too familiar. Plaintiffs are again attempting to identify an additional liability witness—Tommy Christian—more than three months after the deadline for fact witness discovery and after almost all expert discovery has concluded. Mr. Christian, who Plaintiffs now seek to add as a witness with "personal knowledge regarding the seat belt extender and Mr. Wooten's use of LCA in the subject vehicle," has been known to Plaintiffs since this crash occurred, more than **four years ago**, and yet is only being disclosed now.

Under this Court's Orders and Rule 37, Plaintiffs should not be allowed to add this liability witness at this late hour. There is no justification for Plaintiffs' delay in identifying Mr. Christian now. Nor can it be said that this is a harmless disclosure as it would inject new liability theories into the case after Ford has completed its investigation and discovery and almost all expert discovery has concluded, including the depositions of all Ford's experts. The Court should strike

1

Plaintiffs' late disclosure of this egregiously late liability witness.

## BACKGROUND

This crash occurred on September 14, 2021.  Plaintiffs waited until September 15, <u>2025</u>, to identify a new liability fact witness, Tommy Christian.

The parties served Initial Disclosures on December 12, 2023.[1]  **Mr. Christian was not listed in Plaintiffs' Disclosures.**  (Doc. No. 176-2).  On April 12, 2024, Plaintiffs responded to Ford's First Interrogatories.  (Doc. No. 51).  In Interrogatory No. 4, Ford asked Plaintiffs, "Who has information about the cause of the crash or the crash sequence?  Identify their name, contact information, and description of what they know."  (*Id.*).  Plaintiffs responded by identifying their then four experts (Buchner, Harrington, Leiss, Gill) and referred Ford to Plaintiff's Initial Disclosures.  (*Id.*).  **Nowhere in Plaintiffs' written Interrogatory responses or Initial Disclosures was Mr. Christian ever identified.**  (*Id.*).

After several respective extensions, Plaintiffs' expert disclosures were due October 18, 2024 (Doc. Nos. 23, 36, 41).  Plaintiffs filed their "Supplemental Initial Disclosures and Disclosure of Expert Testimony" on that date.  **These Supplemental Initial Disclosures again did not identify Mr. Christian.**  Ford's expert disclosures were due and served January 10, 2025.  (Doc. 68).  After several extensions, the discovery period closed on **June 12, 2025** (Doc. No. 97) and was not reopened.  (Doc. No. 184-3, p. 69).  Despite this, Plaintiffs served their Second Supplemental Initial Disclosures on July 24, 2025.  (Doc. No. 172).  **Mr. Christian was again not identified in those Second Supplemental Disclosures.**  (*Id.*).  On **September 15, 2025**, Plaintiffs serve their Third Supplemental Initial Disclosures for the first time identifying Tommy Christian:[2]

---

[1] This procedural history omits Plaintiffs' previously dismissed case that was re-filed here.  Mr. Christian was never identified in that dismissed case either.
[2] Though dated September 12, 2025, Plaintiffs' Third Supplemental Initial Disclosures were served via email on September 15, 2025.  *See* Exhibit 1, email service of Third Initial Disclosures.

2

| Tommy Christian, Five Star Ford of Warner Robins employee<br><br>900 Russell Parkway<br>Warner Robins, Georgia 31088<br>(478) 215-5070 | Tommy Christian is a Five Star Ford of Warner Robins employee and Barry Wooten's friend and former coworker. Mr. Christian has personal knowledge regarding the seat belt extender and Mr. Wooten's use of LCA in the subject vehicle. |
|---|---|
| Dated: September 12, 2025. | Respectfully submitted. |

Plaintiffs are clearly aware of the Court's multiple orders, along with 11th Circuit precedent, that witnesses disclosed and testimony taken after the discovery period are routinely excluded. In fact, Plaintiffs' counsel wrote to Ford regarding the need to conduct prior depositions within the discovery period, because proceeding without the Court's permission to disclose witnesses and take depositions outside the discovery period "could be a live grenade that frags everyone in this case." (Doc. No. 177-1). Yet despite this prior knowledge and history, four months later, two years after their Initial Disclosures were first due, and three months after the close of fact discovery, Plaintiffs keep throwing grenades—now attempting to unilaterally disclose a new liability fact witness outside of any applicable discovery deadline.

**LEGAL STANDARD**

Fed. R. Civ. P. 26 requires the categories and timing of mandatory disclosures in discovery, including (but not limited to) the following:

- 26(a)(1)(A)(i) – "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;"

- 26(a)(2)(D) – a party **must** make these disclosures at the times and in the sequence that the court orders.

3

- 26(e)(1)(A) – "A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response … in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Where a party fails to comply with any of these mandatory disclosures during the time in which the Court set, the automatic sanction provided by the Rules is exclusion:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). Unless the party who failed to disclose evidence can show that their failure was substantially justified or harmless, then "[t]he sanction of exclusion is ***automatic and mandatory***". *Cadet v. First Liberty Ins. Corp.*, No. 1:20-CV-3159-MLB, 2022 WL 671546, at *4 (N.D. Ga. 2022) (citing *Cooper v. S. Co.*, 390 F.3d 695, 728 (11th Cir. 2004)) (emphasis added). The burden of establishing substantial justification or harmlessness rests on the nondisclosing party. *Elder v. State Farm Fire & Cas. Co.*, No. 1:19-CV-05077-SDG, 2021 WL 4048789, at *4 (N.D. Ga. 2021) (quoting *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009)).

Rule 37(b) gives this Court broad discretion to issue sanctions for the failure of a party to comply with a Court Order. *See Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 799 F.2d 1510, 1519 (11th Cir. 1986) (noting district courts' "broad, although not unbridled, discretion in imposing sanctions" in this realm). "If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the

4

following: (ii) prohibiting the disobedient party from . . . introducing designated matters in evidence; (v) dismissing the action or proceeding in whole or in part . . . ." Fed. R. Civ. P. 37(b).

## ARGUMENT

Plaintiffs continued defiance of this Court's many Scheduling Orders and the Federal Rules governing witness disclosures and discovery is completely unjustifiable and prejudices Ford. Plaintiffs should have first identified Mr. Christian as a liability witness on December 12, 2023, in their Initial Disclosures, or in their written discovery responses on April 12, 2024, or one of their Supplemental Initial Disclosures thereafter. For that matter, any liability witness whom Plaintiffs intended to depose and/or elicit testimony should have been disclosed well before close of discovery on June 12, 2025, to allow Ford to investigate and depose them and for Ford's experts to take the evidence into account.

Plaintiffs' late disclosure of Mr. Christian, whose identity and involvement has been apparent to Plaintiffs for months, if not years, is improper and unjustified. Ford and Plaintiffs have been investigating since before Plaintiffs' re-filed the instant Complaint in 2023, whether Mr. Wooten was using the ADAS systems in the truck (for which there is still no actual evidence.) *See* Exhibit 2*,* August 8, 2023 Letter to Ford*.* Plaintiffs have been on notice since January 10, 2025, (four months prior to the expiration of fact discovery) when Ford served Dr. Rawson Wood's Expert Report, that Ford contends Mr. Wooten was using a cheap seat belt chime defeat device. However, only on September 15, 2025, did Plaintiffs' come forward with a new witness regarding "the seat belt extender and Mr. Wooten's use of LCA in the subject vehicle."

The Court should strike Plaintiffs' late disclosure of purported liability witness Tommy Chrstian. Because Plaintiffs continue the same pattern of disregarding anything but a direct Court order, the Court should also explicitly order Plaintiffs are barred from identifying any further

5

witnesses—which they already are not allowed to do under the Federal Rules.

## I. The Late Disclosure of Liability Witness Tommy Christian Violates Court Orders and is Not Justified.

### a. *Late Disclosures Violates Multiple Court Orders and Fed. R. Civ. P. 26.*

This Court's Rule 16 and 26 Order states, "No discovery request may be served unless the response to the request can be completed within the discovery period, and no discovery deposition shall be scheduled beyond the discovery period." (Doc. No. 18). The discovery period in this case closed on June 12, 2025 (Doc. No. 97), and the Court Ordered in no uncertain terms at the August 7, 2025 hearing that it would not be reopened. (Doc. No. 184-3, p. 69). Plaintiffs did not disclose Mr. Christian until September 15, 2025. (Ex. 1). Plaintiffs' late disclosure of a brand new liability witness violates both the Court's Rule 16 and 26 Order (Doc. No. 18) and Scheduling Order (Doc. No. 97).

Along with this Court's Orders, Fed. R. Civ. P. 26(a) and 26(e) makes mandatory that Plaintiffs disclosed Mr. Christian, in initial disclosures or in response to Ford's Interrogatory No. 4, in a timely manner and well within the discovery period that expired June 12, 2025. Under Fed. R. Civ. P. 37(c)(1), the automatic and mandatory sanction for Plaintiffs' failure to comply with the mandatory disclosures during the time in which the Court set is exclusion, unless the failure was substantially justified or is harmless. *Cooper v. S. Co.*, 390 F.3d 695, 728 (11th Cir. 2004).

### b. *Plaintiffs' Failure to Timely Disclose Mr. Christian Cannot be Justified.*

Plaintiffs cannot justify why they failed to disclose this witnesses in the last four years. Importantly, the Rules look "not [to] whether the opposing party is prejudiced, but whether the [Plaintiffs'] failure to comply was justified . . . ." *Richards v. Platz*, 920 F. Supp. 2d 1316, 1327 (N.D. Ga. 2013) (rejecting the contention that "the Court should excuse their late [expert] disclosure because Plaintiffs will not suffer any prejudice").

On September 15, 2025, Plaintiffs' for the first time identified Mr. Christian as a "friend and former co-worker," who "has personal knowledge regarding the seat belt extender and Mr. Wooten's use of LCA in the subject vehicle." First, Plaintiffs and Ford have been investigating whether Mr. Wooten was using Lane Centering Assist ("LCA") at the time of the crash **since before Plaintiffs' refiled their Complaint.** On August 8, 2023 (i.e., a month before Plaintiffs filed their Recast Complaint (Doc. No. 1)), Plaintiffs sent a letter to Ford asking Ford to download the IPMA, which is the module responsible for LCA and similar systems in the vehicle. *See* Ex. 3, August 8, 2023 Letter to Ford. On September 13, 2023, Plaintiffs filed their Recast Complaint alleging a failure in LCA as one of the reasons for the crash. (Doc. No. 1, ¶ 3.) Now, **two years later**—after all of fact discovery and all but the most limited supplemental expert discovery is complete, and Ford's experts have no time to consider—Plaintiffs' identify a friend and co-worker who has personal knowledge of Mr. Wooten's use of LCA in the subject vehicle. "The rules of discovery were not designed to encourage procedural gamesmanship, with lawyers seizing upon mistakes made by their counterparts in order to gain some advantage." *See Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 405 (E.D.N.C. 2014). This late disclosure is the type of "procedural gamesmanship" the court warned about in *Beach Mart*, and this Court's multiple Scheduling Orders were designed to protect against.

Second, Plaintiffs have been on notice since at least January 10, 2025, that one of Ford's liability defenses is that Mr. Wooten was not properly wearing his seatbelt at the time of the crash, which included the use of a cheap seat belt chime warning defeat device. On January 10, 2025, Ford disclosed Dr. Rawson Wood's expert opinion that due to, among other factors, "the use of a seat belt warning defeat device" . . . "it is my opinion that Mr. Wooten was not properly restrained" in the subject collision. (Dr. Wood's Expert Report, p. 10 and below.)

7

> Due to his pattern and severity of injuries, the damage to his vehicle's interior, the use of a seatbelt warning defeat device, the lack of medical evidence of seatbelt restraint, the lack of seatbelt loading marks and the surrogate study, it is my opinion that Mr. Wooten was not properly restrained in the subject collision. The September 2023 NHTSA report focused on the Ford's steering systems. The investigator did not examine the latch plate and, in my opinion, did

Despite this disclosure made five months before the expiration of fact discovery, Plaintiffs never disclosed Mr. Christian's purported contrary liability knowledge until September 15, 2025.

Finally, Plaintiffs cannot claim Mr. Christian just recently came out of the woodwork. In July 2024, Plaintiff Beverly Wooten testified as to Tommy Christian's (at that time) limited involvement in the case. Upon questioning, Ms. Wooten testified Mr. Christian was a close co-worker, who came to the hospital on the day of the crash and whom she spoke with in the days following the crash. (Doc. No. 55; pp. 32:25-33:3, 149:6-10, and 167:9-16). However, upon direct questioning on what Mr. Christian knew about whether or why the "truck (allegedly) failed," Ms. Wooten simply stated that, "[Mr. Christian] knew Barry. That if anything – if anything that he could have prevented, he (Barry) would have." (*Id.* at 134:15-135:1). However, now after the close of all fact discovery, Plaintiffs now apparently have Mr. Christian ready to testify about Mr. Wooten's use of LCA in the vehicle. These late disclosures are the type of "procedural gamesmanship" the court warned about in *Beach Mart*, and this Court's multiple Scheduling Orders were designed to protect against.

In disclosing Mr. Christian late in September 2025, Plaintiffs were neither diligent nor timely. The Federal Rules obligate litigants to diligently and in good faith pursue discovery. The Northern District of Georgia has clarified that the party seeking discovery bears the responsibility to ensure timely initiation and completion of discovery proceedings when interpreting the local rule stating that "[a]ll discovery proceedings *shall be initiated promptly* so that discovery may be initiated and completed within" the timeframe specified. *Beller v. Credit Alliance Corp.*, 106

8

F.R.D. 557, 559–60 (N.D. Ga. 1985). Plaintiffs have not acted promptly to identify Mr. Christian, which is directly to Plaintiffs' benefit.

This Plaintiffs-driven delay must end. "The time for discovery in this case [was originally set to] expire June 5, 2024." (Doc. No. 19). Almost two years later, Plaintiffs are still disclosing witnesses outside this Court's Orders and without leave to do so. The Court and Parties cannot allow Plaintiffs to continue to drag this refiled case out while they search for some evidence that will excuse the facts of this case as they have been exhaustively discovered to date. Allowing Plaintiffs to disclose this witness months after the time to do so has passed, will only lead to further delay, will prejudice to Ford, and is not justified.

## II. Ford Will Be Prejudiced if This Late-Disclosed Evidence is Allowed.

Even though no prejudice is required, Ford has had no opportunity to discover anything about the new information and theories provided in Plaintiff's untimely production, much less anything from the newly disclosed witnesses. Allowing this evidence would force Ford into a trial by ambush, where it is unable to probe further into the new information or know what this new witness might say until the information or witness is in front of the jury. *See, e.g, Thomas v. McDowell*, No. 2:10-CV-152, 2014 WL 5305501, at *5 (S.D. Ohio Oct. 15, 2014) ("By waiting until three months after the close of discovery and one month before trial to supplement their discovery responses with the identity of these new witnesses and new exhibits, the [opposing party was denied] the ability to conduct fact discovery related to these new witnesses and exhibits. . . .. Requiring the [opposing party] to alter his trial strategy at the last minute while trying to depose new witnesses and analyze new exhibits would cause him significant harm."). This is the same problem for this late disclosed liability witnesses. Mr. Christian injects two new liability defenses into this case—only after it is too late for Ford's experts to take this new evidence into account for

9

their opinions. Indeed, a defendant is harmed by a late disclosure merely because it was "not afforded the opportunity to review a written report and [] other materials" before other discovery took place. *See Perez v. Boecken*, No. SA-19-CV-00375, 2020 WL 3074420, at *5 (W.D. Tex. June 10, 2020).

**A continuance would not cure Ford's prejudice.** Continuous delay and extensions are no remedy for late disclosures. *See, e.g.*, *Koenig v. Beekmans*, No. 5:15-CV-00822, 2018 WL 297616, at *6 (W.D. Tex. Jan. 4, 2018) (excluding untimely opinion because extending the "expert designation deadlines would force [the defendants] to incur additional costs and impair the integrity of the [] Scheduling Order"); *Cadena*, 2017 WL 11621471 at *5 (excluding treating physicians even though no trial date had been set given risk of prejudice to defendant and delay of other pretrial deadlines); *Carr v. Montgomery Cnty., Tex.*, No. H-13-2795, 2015 WL 5838862 at *4 (S.D. Tex. Oct. 7, 2015) ("[Giving plaintiff] a second opportunity to supplement her designation [would] caus[e] further delay and prejudice to Defendants."). Given Plaintiffs' continues pattern of discovery delays and violations, what is to say that, even if the current deadlines are yet again continued, Plaintiffs will not disclose more new information just before those new deadlines? Everything about Plaintiffs' ever evolving information, opinions, and strategy point to this occurring again if Plaintiffs are again given the chance. *See Geiserman*, 893 F.2d at 791–92 (finding that continuance would not cure prejudice because it "would have resulted in additional delay and increased the expense of defending the lawsuit" and "would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders"); *Hamburger*, 361 F.3d 875, 883–84 (5th Cir. 2004) (holding that because other factors "militate[d] against permitting the [late] testimony, the trial court was not obligated to continue the trial . . .. Otherwise, the failure to satisfy the rules would never result in exclusion, but only in a continuance."); *Edwards v. Nat'l*

*Vision, Inc.*, 946 F. Supp. 2d 1153, 1160 (N.D. Ala. 2013), aff'd, 568 Fed. App'x 854 (11th Cir. 2014) ("Edwards cannot escape the embrace of Rule 26(e) by belatedly asking that her clear violation be forgiven because of her sudden willingness to allow the reopening of discovery . . . , a time consuming procedure that would require the filing of a new Rule 56 motion and revised brief."). It is well past time for this case to proceed to motion practice to narrow the issues, and then onto trial, if appropriate. However, if Plaintiffs get their way, this case will remain in discovery purgatory while they continue to disclose new witnesses and evidence in drips and drabs, to gin up further disputes.

## CONCLUSION

There is no justification for either of Plaintiffs' four year delay in disclosing Mr. Christian's liability evidence. Ford respectfully requests the Court enter an order striking Plaintiffs' late disclosure of liability witness Tommy Christian and precluding Plaintiffs calling him as a witness at trial. Ford also requests this Court enter an order explicitly barring Plaintiffs from identifying any further witnesses and taking additional fact discovery outside the now expired discovery period.

Respectfully submitted this 19th day of September, 2025.

/s/ *Paul E. Petersen*
Michael R. Boorman
Georgia Bar No. 067798
Paul E. Petersen, III
Georgia Bar No. 791066
WATSON SPENCE, LLP
Bank of America Plaza
600 Peachtree Street NE
Suite 2320
Atlanta, GA 30308
Telephone: 229-436-1545
mboorman@watsonspence.com
ppetersen@watsonspence.com

11

>Scott A. Richman
>*Admitted pro hac vice*
>Tiffany M. Gutierrez
>*Admitted pro hac vice*
>McDonald Toole Richman & Correnti, P.A.
>srichman@mtrclegal.com
>tgutierrez@mtrclegal.com
>
>Michael Carey
>*Admitted pro hac vice*
>Dykema
>mcarey@dykema.com
>
>Derek Linkous
>*Admitted pro hac vice*
>Bush Seyferth PLLC
>linkous@bsplaw.com
>*Attorneys for Defendant*
>*Ford Motor Company*

## CERTIFICATE OF SERVICE

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Robert D. Cheeley
Nick Wooten
Andre Tennille
Gabrielle Gravel
CHEELEY LAW GROUP, LLC
2500 Old Milton Parkway, Suite 200
Alpharetta, Georgia 30009
bob@cheeleylawgroup.com
Nick@cheeleylawgroup.com
dre@cheeleylawgroup.com
ggravel@cheeleylawgroup.com
*Counsel for Plaintiffs*

Donald H. Slavik
Slavik Law Firm, LLC
3001 South Lincoln Avenue
Suite C-1
Steamboat Springs, Colorado 80487
dslavik@slavik.us
*Counsel for Plaintiffs*

Virgil L. Adams
ADAMS, JORDAN & HERRINGTON, P.C.
915 Hill Park Suite 101
P.O. Box 928
Macon, GA 31202
vadams@adamsjordan.com
*Counsel for Plaintiffs*

This 19th day of September, 2025.

                                          */s/ Paul E. Petersen*
                                          Michael R. Boorman
                                          Georgia Bar No. 067798
                                          Paul E. Petersen, III
                                          Georgia Bar No. 791066