UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BEVERLY WOOTEN, as surviving spouse of Barry Wyatt Wooten, and BARRY WAYNE WOOTEN, as administrators of the Estate of Barry Wyatt Wooten, deceased,<br>    *Plaintiffs*,<br><br>v.<br><br>FORD MOTOR COMPANY,<br>    *Defendant*. | Civil Action 5:23-cv-00346-MTT |

## **Plaintiffs' Notice of Newly Discovered Evidence**

Plaintiffs herein give notice of newly discovered evidence in this matter related to the identity of a witness with knowledge regarding the use of LCA in Barry Wooten's F-150. By way of explanation, Plaintiffs would show as follows:

1) Ford reproduced connected vehicle data to Plaintiffs on July 28, 2025. Ford claims it is a reproduction of materials provided to Plaintiffs in May of 2024. Plaintiffs could not locate the 2024 materials in their records.

2) Since recently learning of the scope of Ford's collection of connected vehicle data, Plaintiffs have been reviewing GPS location data from Barry Wooten's F-150 to ascertain, as best as possible, any other trips through Exit 15 Barry Wooten may have made during the roughly 90 days between his purchase of the F-150 and the fatal crash.

3) During this review, Plaintiffs' counsel identified one such trip that involved three unfamiliar addresses. One address was in Forsyth, one in Cordele, and one in Sylvester, Georgia on September 11, 2021.

4) Plaintiffs' counsel's investigation of these addresses tied one of them to Mr. Mike Rooks.

5)   Wayne Wooten identified Mr. Rooks as a personal friend of Barry Wooten.

6)   Wayne Wooten contacted Mr. Rooks to inquire if Mr. Rooks had any knowledge of Barry Wooten's travels to the unfamiliar addresses in Cordele and Sylvester, Georgia on September 11, 2021.

7)   Wayne Wooten then asked undersigned to call Mr. Rooks regarding these unfamiliar addresses.

8)   Undersigned made contact with Mr. Rooks on October 9, 2025, at approximately 5:23 pm. Undersigned spoke with Mr. Rooks for approximately 23 minutes.

9)   At that time, Mr. Rooks communicated that Barry Wooten had loaned him the subject F-150 on September 11, 2021, to attend his high school reunion in Sylvester, Georgia.

10)  Mr. Rooks had stopped in Cordele to pick up a classmate on his way to Sylvester for the reunion.

11)  Of relevance to this case, Mr. Rooks described driving the subject F-150 on I-75 stating that when he engaged the cruise control he could feel the truck steering itself down the road.

12)  Mr. Rooks also stated that when he was on the way home from the reunion on I-75 with the cruise control engaged that an 18-wheeler came over into his lane. When Mr. Rooks tried to steer to the right to avoid the 18-wheeler the F-150 fought his steering efforts and would not leave the center of the lane.

13)  Undersigned then asked Mr. Rooks if he told Barry Wooten about this incident. Mr. Rooks stated that he did not tell Barry Wooten about this incident for fear it would upset him.

14)  Undersigned asked Mr. Rooks would he be willing to testify to a court of law about his use of Barry Wooten's truck. Mr. Rooks said he would do so. Undersigned asked no further questions.

15) Undersigned brings this to both Ford's and the Court's attention and seeks the Court's guidance as to how to proceed.

16) Plaintiffs' counsel's view of the relevance of this newly discovered evidence is that Mr. Rooks is able to testify that when cruise control was engaged in Barry Wooten's truck that he could feel the truck steering itself down the road.

17) This evidence is in alignment with Ford's internal documents stating that once LCA is selected in the infotainment system, LCA engages automatically when cruise control is engaged unless the driver takes manual steps to select base cruise.

18) This evidence tends to support the Plaintiffs' position that Barry Wooten would have been using LCA 3 days later when his cruise control was engaged when the lane departure occurred at Exit 15.

19) The Court extended the time to complete depositions of first responders and treaters until October 31, 2025. There is currently a deposition for a first responder set on October 27, 2025, in Forsyth, Georgia.

20) Mr. Rooks could be deposed by Ford before or after that deposition.

21) If the Court would like briefing on this issue, the Plaintiffs will be happy to provide a brief. Undersigned felt it was most important to immediately make Ford and the Court aware of this newly discovered evidence.

Dated: October 10, 2025,        Respectfully submitted,


                                /s/Nick Wooten
                                Counsel for Plaintiffs

| | |
|---|---|
| Virgil Adams<br>Caroline W. Herrington<br>ADAMS, JORDAN & HERRINGTON<br>P.O. Box 928<br>915 Hill Park, Suite 101<br>Macon, Georgia 31202<br>(478) 743-2159<br>(478) 743-4938<br>vadams@adamsjordan.com<br>cherrington@adamsjordan.com<br><br>Donald H. Slavik<br>Slavik Law Firm, LLC<br>2834 Blackhawk Court<br>Steamboat Springs, CO 80487<br>(970) 457-1011<br>dslavik@slavik.us | Robert D. Cheeley<br>Georgia Bar No. 122727<br>Nicholas H. Wooten<br>Admitted *Pro Hac Vice*<br>Gabrielle D. Gravel<br>Georgia Bar No. 449376<br>McKenzie R. Nadel<br>Georgia Bar No. 251909<br>CHEELEY LAW GROUP, LLC<br>2500 Old Milton Parkway, Suite 200<br>Alpharetta, Georgia 30009<br>(770) 814-7001<br>bob@cheeleylawgroup.com<br>nick@cheeleylawgroup.com<br>gabby@cheeleylawgroup.com<br>mckenzie@cheeleylawgroup.com<br><br>*Counsel for Plaintiffs* |

## CERTIFICATE OF SERVICE

I hereby certify that today I have served a copy of the foregoing on all parties of record by email on this 10th day of October 2025.

/s/ *Nick Wooten*
*Counsel for Plaintiffs*