IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BEVERLEY WOOTEN, as Surviving Spouse of BARRY WOOTEN and BARRY WAYNE WOOTEN, as Administrators of the ESTATE OF BARRY WYATT WOOTEN, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | CIVIL ACTION FILE<br><br>NO. 5:23-cv-00346 |

**FORD MOTOR COMPANY'S SUPPLEMENTAL BRIEF
CONCERNING THE OCTOBER 2, 2025 HEARING**

To borrow the Court's words, the "revelations at the October 2, 2025 hearing regarding plaintiffs' counsel's July 31, 2025 letter,"[1] amount to—at the very least—a tacit acknowledgement that Plaintiffs' counsel carefully crafted the language he used regarding his improper redaction removals. The gravity of Plaintiffs' actions was already laid out in Ford's motion. (*See* Doc. No. 184). Plaintiffs' counsel's attempted justifications at the hearing do nothing to challenge the propriety or necessity of appropriate sanctions here.

Plaintiffs' counsel had initially planned on "presenting [NHTSA documents] to Ford" and "requesting supplementation" of prior productions. Hrg. Tr., at 26–27. But when they discovered that certain redactions could be removed, they removed them all and said nothing to Ford. *Id.* Days later, Plaintiffs' counsel addressed a letter to the Court, advising they had "learned of relevant documents" (which they did not identify) that "***are publicly available on the NHTSA website and***

---

[1] *See* Text-Only Entry, Oct. 14, 2025.

1

***can be easily viewed on Adobe.***" (Doc. No. 184-1). No reference was made to the redaction removal in that letter or in any correspondence with Ford. (*Id.*; *see also* Doc. No. 184 at 2). The following week, Plaintiffs finally produced the documents referred to in the letter—which amounted to thousands of pages—but again, no reference was made to Plaintiffs' redaction removals. (Doc. No. 184 at 2). Ford was left to put the pieces together after Plaintiffs disclosed certain redacted content during a hearing two days later. (*See id.* at 2).

When responding to Fords' Motion to Seal and For Sanctions, Plaintiffs' counsel were initially recalcitrant in writing. (*See* Doc. 187 at 7 ("Plaintiffs did nothing wrong.")). That tune changed only after this Court found sanctions were appropriate and asked counsel to explain themselves in person. They pivoted to insisting that they had been forthright and teed up the issue—and it was the Court's and Ford's fault for not understanding what Plaintiffs' counsel was saying or failing to read between the lines of his cryptic chosen language:

> MR. WOOTEN: … I thought that I was going to prompt something from someone. Either Your Honor was going to say, "Mr. Wooten sent us a letter, what is this about? Can you explain what the letter meant?" Or, Ford was going to make at least a prophylactic objection of some sort to discussing those documents. When they didn't, I thought that that was a strategic choice.

Hearing Tr. 32. The Court was rightly skeptical:

> COURT: Hold on. How could you interpret silence, which is what you're describing, by permission from me to begin using documents that had been redacted? And that you had unredacted? … [N]obody told me they had been redacted. [H]ow did I give you permission?

*Id.* at 33. Counsel then doubled down that it was up to the Court and Ford to ascertain the impropriety in that, "I believed that we had alerted the Court that there was an issue to discuss about the documents," and the refrain that "when Ford said nothing, I believed that that was a strategic decision on their part." *Id.* at 33–34.

Plaintiffs' justifications continued with little accountability:

2

- By using the phrase "easily viewed on Adobe" Plaintiffs' letter "was screaming that there was a redaction problem." Hearing Tr. at 44, 55.

- The letter sent to the *Court* was actually "an attempt to inform" Ford about the redaction problem. *Id.*

- The letter was an exercise in "caution," because Plaintiffs wanted to file a motion for sanctions but "felt like [they] were walking on eggshells," based on the Court's prior rulings.[2] *Id.* at 89.

- The documents should not even be considered redacted because they could have been redacted more thoroughly, and because the dictionary definition of "redaction" refers to "a permanent change to the document that cannot be undone." *Id.* at 42–43.

- Unredacting and using the documents was "for the benefit of everyone involved in this case," because it "was short-circuiting six or seven months of discovery disputes about these documents." *Id.* at 49.

- Plaintiffs did not alert Ford about the redactions to Ford documents prior to publicly filing them "because they got [the documents] from the NHTSA website, and it was a publicly available source." *Id.*

The Court put an end to the parade of excuses, observing more than once how Plaintiffs "just keep making it worse" with their inconsistent justifications. *Id.* at 44, 45, 51.

As the Court rightly observed, each attempt at justification from Plaintiffs' counsel "just illustrates more culpability." *Id.* at 51. By their own admission, Plaintiffs' counsel fully anticipated Ford would object to the removal of the redactions, yet only cryptically hinted at the redaction removal via reference to "Adobe" in a letter to the Court, then "wait[ed] for someone to say, 'I have an objection.'" *Id.* at 34, 40.

* * * *

There is little left to add to Plaintiffs' own admissions. As laid out more fully in Ford's motion, fitting sanctions are appropriate under the circumstances. (*See* Doc. No. 184). "Courts have the inherent power to police those appearing before them," and "may exercise this power . .

---

[2]  A phone call or email to Ford's counsel was apparently never contemplated.

3

. to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Purchasing Power, LLC v. Bluestem Brands, Inc.,* 851 F.3d 1218, 1223 (11th Cir. 2017). Ford reiterates its request for the sanctions that this Court deems appropriate. (*See* Doc. No. 184 at 7). Such basic countermeasures will help redress the harm caused by Plaintiffs' counsel's actions. That said, Ford remains eager to move this case forward—finally—to the merits based on the relevant information gleaned during (now-closed) discovery.

Respectfully submitted this 24th day of October, 2025.

/s/ Paul E. Petersen
Michael R. Boorman
Georgia Bar No. 067798
Paul E. Petersen, III
Georgia Bar No. 791066
WATSON SPENCE, LLP
Bank of America Plaza
600 Peachtree Street NE
Suite 2320
Atlanta, GA  30308
Telephone: 229-436-1545
mboorman@watsonspence.com
ppetersen@watsonspence.com

Scott A. Richman
*Admitted pro hac vice*
Tiffany M. Gutierrez
*Admitted pro hac vice*
MCDONALD TOOLE RICHMAN & CORRENTI, P.A.
srichman@mtrclegal.com
tgutierrez@mtrclegal.com

Michael Carey
*Admitted pro hac vice*
DYKEMA
mcarey@dykema.com

Derek Linkous
*Admitted pro hac vice*
Bush Seyferth PLLC
linkous@bsplaw.com

*Attorneys for Defendant*
*Ford Motor Company*

5

**CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Robert D. Cheeley
Nick Wooten
Gabrielle Gravel
McKenzie R. Nadel
CHEELEY LAW GROUP, LLC
2500 Old Milton Parkway, Suite 200
Alpharetta, Georgia 30009
bob@cheeleylawgroup.com
Nick@cheeleylawgroup.com
ggravel@cheeleylawgroup.com
mckenzie@cheeleylawgroup.com
*Counsel for Plaintiffs*

Donald H. Slavik
Slavik Law Firm, LLC
3001 South Lincoln Avenue
Suite C-1
Steamboat Springs, Colorado 80487
dslavik@slavik.us
*Counsel for Plaintiffs*

Virgil L. Adams
Caroline W. Herrington
ADAMS, JORDAN & HERRINGTON, P.C.
915 Hill Park Suite 101
P.O. Box 928
Macon, GA 31202
vadams@adamsjordan.com
cherrington@adamsjordan.com
*Counsel for Plaintiffs*

This 24th day of October, 2025.

                                              */s/ Paul E. Petersen*
                                              Michael R. Boorman
                                              Georgia Bar No. 067798
                                              Paul E. Petersen, III
                                              Georgia Bar No. 791066