UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BEVERLY WOOTEN, as surviving spouse of Barry Wyatt Wooten, and BARRY WAYNE WOOTEN, as administrators of the Estate of Barry Wyatt Wooten, deceased,<br><br>    *Plaintiffs*,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>    *Defendant*. | Civil Action 5:23-cv-00346-MTT |

**PLAINTIFFS' STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT FOR FAILURE TO WARN**

Come now the Plaintiffs and files herewith their Statement of Material Facts in Support of Motion for Partial Summary Judgment for Failure to Warn, as follows:

**STATEMENT OF UNDISPUTED FACTS**

1. Barry Wooten purchased a new 2021 Ford F-150 through the Five Star Ford Dealership in Snellville, Georgia in June of 2021. Ford equipped Barry Wooten's ("Wooten") 2021 F-150 with Co-Pilot360 2.0 which includes Adaptive Cruise Control ("ACC") and Lane Centering Assist ("LCA"). In this case, Ford refers to this system in this case as ACC with LCA. Ford told NHTSA that ACC with LCA is a hands-on partial driving automation system that combines longitudinal control authority governed by Adaptive Cruise Control (ACC) and lateral control authority governed by a steerable path. See

Doc. 48-1, Window Sticker, Doc. 187-5, NHTSA ODI Resume for EA25001 dated 1/17/2025 (WOOTEN039654).

2. On September 14, 2021, Barry Wooten was driving to his home in Forsyth from work at the Five Star Ford Dealership in Warner Robins when he approached Exit 15 in Bolingbroke for the first time with ACC with LCA engaged around 3:20 in the afternoon. See Exhibit 1 hereto, the CAD 911 Report showing inbound 911 call at 15:23:47 on 9/14/2021 reporting truck hit tree.

3. ACC with LCA was engaged because Barry Wooten had previously used LCA. See, Exhibit 2, Ford_Expert_Ex_197-AI Text from Barry to Wayne Wooten, and Exhibit 3, deposition of Wayne Wooten page 86:15-18, 93:14-94:22, Exhibit 4, deposition of Wendy Wells page 84:8-85:2, and Exhibit 5, deposition of Beverly Wooten page 112:7-21, page 120:2-11, page 128:6-11 regarding use of system. See Exhibit 6, 2024.08.20 Transcript of Telephone Conference with Judge Treadwell page 19:14-21.

4. Ford admits that once LCA was selected, the default setting was for LCA to automatically engage whenever the cruise control button was activated by the driver. See Exhibit 7, DeCook Expert Deposition, page 133:6-136:18, and Exhibit 8, Ford_Expert_EX_22- Feature Specification v2_3_190314, page 13 (FORD-WOOTEN 009202).

5. Barry Wooten's friend, Michael Rooks, drove Barry Wooten's F-150 three days before this crash and experienced LCA engagement when he engaged the cruise control. See Exhibit 9, Declaration of Michael Rooks Executed.

6. Ford admits that cruise control was engaged leading up to the lane departure at exit 15. See Exhibit 10 2024.05.30_Natalie Dostie FULL page 19:5-11.

7. Ford has also withheld the data that would establish that ACC with LCA was engaged at the time of the lane departure. See Docs. 211 through 211-13, and 237-1.

8. Ford admits ACC with LCA "could not have prevented the truck from crossing the white line at this point in the exit, when the truck was traveling at a speed of 77 miles per hour." Doc. 101, 2/17/2025 Transcript, page 13:11–15.

9. Ford admitted *in judicio* that ACC with LCA was not capable of stopping Mr. Wooten's truck from crossing the fog line at Exit 15. Doc. 101, 2/17/2025 Transcript, page 17:14–17, 26:20–25.

10. Ford admitted that it does not provide any warning that Steering Probable Path would not function correctly at an interstate exit. See Exhibit 7, DeCook Expert Deposition page 22:20-23:9.

11. Ford also admits there is no warning in the vehicle whereby the vehicle could alert the driver that it was approaching road conditions that the vehicle could not navigate. Doc. 101, 2/17/2025 Transcript, page 20:17–21:1.

12. Ford does not contend that there was a system alert to Mr. Wooten before the flashing light seen in Shawn Harrington's test video at or near the point of lane departure. Doc. 101, 2/17/2025 Hearing Transcript, page 84:9–15; Doc. 98-1.

13. Ford Employee Nitendra Nath testified that the flashing light seen in the video at Doc. 98-1 is a request for the driver to put their hands on the wheel. See Exhibit 11, Nath Deposition page 18:5-21-16 and Doc. 98-1 also Nath Depo Exhibit # 38.

14. Ford admits that it was feasible to design a system that could have provided an earlier warning to the driver, but Ford did not do so. Doc. 101, 2/17/2025 Transcript, page 85:16–86:3.

15. Ford also admits that any unreasonable risk of serious injury or death is unacceptable if it can be eliminated by economically feasible and technically available engineering alternatives. See Exhibit 7, DeCook Expert Deposition page 34:3-35:8

16. It is commonly known in automotive engineering that lane departure crashes can end in serious injury or death. See Exhibit 7, DeCook Expert Deposition page 24:18-24.

17. Ford knows that interstate exits present a risk for run-off-the-road crashes. See Exhibit 7, DeCook Expert Deposition page 23:15-20.

18. Ford is aware that ACC with LCA systems that rely on computer vision (like the subject system) have known limitations determining proper steering path in exit lane scenarios. See Exhibit 7, DeCook Expert Deposition page 28:22-33:13.

Dated: November 19, 2025        Respectfully submitted,

*/s/ Nick Wooten*

| | |
|---|---|
| Virgil Adams<br>ADAMS, JORDAN &<br>HERRINGTON, P.C.<br>915 Hill Park, Suite 101<br>Macon, Georgia 31202<br>478.743.2159<br>478.743.4938 (fax)<br>vadams@adamsjordan.com<br><br>Donald H. Slavik<br>SLAVIK LAW FIRM, LLC<br>2834 Blackhawk Court<br>Steamboat Springs, CO 80487<br>(970) 457-1011<br>dslavik@slavik.us | Robert D. Cheeley<br>Georgia Bar No. 122727<br>Nicholas H. Wooten<br>Admitted *Pro Hac Vice*<br>Andrew T. Craft<br>Georgia Bar No. 844764<br>Gabrielle D. Gravel<br>Georgia Bar No. 449376<br>CHEELEY LAW GROUP, LLC<br>2500 Old Milton Parkway, Suite 200<br>Alpharetta, Georgia 30009<br>(770) 814-7001<br>bob@cheeleylawgroup.com<br>nick@cheeleylawgroup.com<br>andrew@cheeleylawgroup.com<br>gabby@cheeleylawgroup.com<br><br>*Counsel for Plaintiffs* |

# CERTIFICATE OF SERVICE

    I hereby certify that on November 19, 2025, I electronically filed the foregoing Plaintiffs' Statement of Facts in Support of Partial Summary Judgment with the Clerk of Court using the CM/ECF system, and I have provided an email copy of the filing to all counsel of record listed on the certificate of service.

Michael R. Boorman
Paul E. Petersen, III
WATSON SPENCE, LLP
Bank of America Plaza
600 Peachtree Street NE
Suite 2320
Atlanta, GA 30308
mboorman@watsonspence.com
ppetersen@watsonspence.com

*Counsel for Defendant*
*Ford Motor Company*

Scott A. Richman
Tiffany M. Gutierrez
MCDONALD TOOLE WIGGINS, PA
111 N. Magnolia Avenue
Suite 1200
Orlando, FL 32801
srichman@mtwlegal.com
tgutierrez@mtwlegal.com

*Counsel for Defendant*
*Ford Motor Company*

Michael Carey
DYKEMA GOSSET, PLLC
4000 Wells Fargo Center 90 South 7th Street
Minneapolis, MN 55402
mcarey@dykema.com

*Counsel for Defendant*
*Ford Motor Company*

Derek J. Linkous
BUSH SEYFERTH PLLC
100 W. Big Beaver Road, Ste. 400
Troy, MI 48084
linkous@bsplaw.com

*Counsel for Defendant*
*Ford Motor Company*

                                       */s/ Nick Wooten*
                                       Nick Wooten
                                       *Counsel for Plaintiffs*