UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BEVERLY WOOTEN, as surviving spouse of Barry Wyatt Wooten, and BARRY WAYNE WOOTEN, as administrators of the Estate of Barry Wyatt Wooten, deceased,<br>  *Plaintiffs*,<br><br>v.<br><br>FORD MOTOR COMPANY,<br>  *Defendant*. | Civil Action<br><br>5:23-cv-00346-MTT |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT ON FAILURE
TO WARN**

"[T]here is no warning."

— Ford Motor Co.

## Introduction

Ford's latest generation F-150 pickup truck, the P702 platform, is equipped with a hands-on partial driving automation system that Ford refers to in this case as ACC with LCA. Ford admits ACC with LCA has known limitations ("problems") determining proper steering path at interstate exits and is unable to prevent lane departures in interstate exit scenarios. Shockingly, Ford admits this failure occurs without any warning to the driver.

In Ford's words, "there is no warning" to a driver, despite knowing the system was wholly incapable of providing any appropriate steering assistance when navigating interstate exits. Ford could have designed a system that provided a warning—but simply chose not to do so. And because "there is no warning", there is no genuine issue of material fact about whether Ford provided an adequate warning or adequately communicated a warning. Thus, Plaintiffs are entitled to summary judgment on the duty and breach elements of their failure-to-warn claim.

## Undisputed Facts

Ford equipped Barry Wooten's ("Wooten") 2021 F-150 ("Truck") with Co-Pilot360 2.0 that included ACC with LCA. ACC with LCA is a hands-on partial driving automation system that combines longitudinal control authority governed by Adaptive Cruise Control (ACC) and lateral control authority governed by a steerable path. (*See* Statement of Undisputed Facts, hereinafter "SOF", at ¶ 1). On September 14, 2021, Wooten was driving his Truck to his home in Forsyth from work at the Five Star Ford Dealership in Warner Robins when he approached Exit 15 in Bolingbroke for the first time with ACC with LCA engaged around 3:20 in the afternoon. (SOF at ¶ 2).

In the moments leading up to the crash, Wooten was using ACC with LCA as he approached and entered the lane split at Exit 15 in Bolingbroke in his Truck. (SOF at ¶¶ 3-7). Unbeknownst to Wooten and without warning, the ACC with LCA steered Wooten's Truck straight through the fog line instead of navigating  the exit lane. (SOF at ¶¶ 8-10). Ford admits the system "could not have prevented the truck from crossing the white line at this point in the exit, when the truck was traveling at a speed of 77 miles per hour." (SOF at ¶ 8). That "is an admission *in judicio* by Ford that its system was not capable of stopping Mr. Wooten's truck from crossing the line here." (SOF at ¶ 9).

### Ford Knew of the Danger

Ford agrees any unreasonable risk of serious injury or death is unacceptable if it can be eliminated by economically feasible and technically available engineering alternatives. (SOF at ¶ 15). Ford knows lane departure crashes can end in serious injury or death. (SOF at ¶ 16). Ford knows that interstate exits present a risk for run-off-the-road crashes. (SOF at ¶ 17). Ford knew the ACC with LCA system had problems, "known limitations," determining the proper steering path at exit lanes. (SOF at ¶ 18).

### "No Warning."

Ford admits when a driver uses ACC with LCA at an interstate exit "there is no warning" the vehicle is approaching road conditions that the vehicle cannot navigate:

> THE COURT: … in terms of the automation in the vehicle, was there anything in the truck that would alert a driver that it was approaching … road conditions, in this case the white line as indicated where the truck crossed the white line, that the vehicle could not navigate that?
>
> FORD:[1] … to answer Your Honor's question, no, there is no warning.
>
> * * *
>
> THE COURT: … Does Ford contend that there was a system alert to Mr. Wooten before what we see here? Are your experts going to testify that there was a system alert earlier than that?
>
> FORD: I don't believe so, Your Honor. No. That's how the system is designed.
>
> THE COURT: It sounds like another admission.

(SOF at ¶¶ 11-13).

Ford could have designed the system to provide a warning—there is no question that it was feasible—but simply chose not to do so:

> THE COURT: Mr. Harrington is saying he thinks it's possible that it could have been designed to give an earlier alert, and I'd be surprised if Ford denied that. Certainly, you can design a system like a Tesla that would operate differently.
>
> FORD: For sure. Ford could have designed this feature to work differently, to have different systems, to have different functionality, similar to a Tesla Model 3 sedan. But for this

---

[1] For clarity, excerpts from the hearing transcript use "FORD" instead of its counsel's name.

>F-150 pickup truck, no, they did not make those design decisions.
>
>THE COURT: So there's no question about lack of feasibility of designing a system that could have provided an earlier warning, but this one was not designed to do so.

(SOF at ¶ 14).

## Standard

"[P]artial summary judgment is merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case." Fed. R. Civ. P. 56 advisory committee's note. The Court "shall grant summary judgment" if Plaintiffs show "that there is no genuine dispute as to any material fact" and that they are "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'material' if it is a legal element of the claim" under Georgia's law "such that its presence or absence might affect the outcome of the suit." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for [Ford]." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## Argument

**Ford provided "no warning," and thus there is no genuine issue of material fact about whether it provided an adequate warning or adequately communicated a warning.**

Ford admittedly failed to warn consumers that ACC with LCA would not navigate a proper steering path at interstate exits. SOF ¶ 10. In Ford's words, "there is no warning." SOF at ¶¶ 11-12. And because

"there is no warning," there is no genuine issue of material fact about whether Ford "provide[d] an adequate warning" or "adequately communicate[d] the warning." SOF at ¶ 11; *See, Key Safety Sys. v. Bruner*, 334 Ga. App. 717, 719–20 (2015) (quoting *Wilson Foods Corp. v. Turner*, 218 Ga. App. 74, 75 (1995)).

Under Georgia law, "a product manufacturer has a duty to warn consumers of dangers arising from the use of the product. That duty 'arises whenever the manufacturer knows or reasonably should know of the danger arising from the use of its product.'" *Brogdon v. Ford Motor Co.*, No. 4:23-cv-88 (CDL), 2024 U.S. Dist. LEXIS 201486 at *7, 2024 WL 4680649 (M.D. Ga. Nov. 5, 2024) (quoting *Chrysler Corp. v. Batten*, 264 Ga. 723, 724 (1994); citing O.C.G.A. § 51-1-11(c)). When "a duty to warn arises, as it does in this case," the "duty may be breached by (1) failing to adequately communicate the warning to the ultimate user or (2) failing to provide an adequate warning of the product's potential risks." *Wilson Foods Corp.*, 218 Ga. App. at 75 (quotation omitted).

Here, there is no genuine dispute of material fact Ford had a duty to warn and breached that duty. Ford knows (1) drivers use and trust its ACC with LCA system when navigating interstate exits (2) the ACC with LCA system in Wooten's Truck would not properly navigate interstate exits and (3) that a lane departure at interstate speeds may be deadly.

Crucial to this motion, Ford admittedly designed a hands-on partial driving automation system that does not warn drivers of the system's limitations when navigating certain road conditions, including interstate

exits. Certainly, for Wooten, the system's limitations were a "nonobvious foreseeable danger from the normal use" of the system. *Suzuki Motor of Am., Inc. v. Johns*, 351 Ga. App. 186, 193 (2019) (quotation omitted). By providing "no warning," Ford failed to "provide an adequate warning," and it certainly failed to "adequately communicate" a warning. SOF at ¶¶ 8-12; *Wilson Foods Corp.*, 218 Ga. App. at 75.

Of course, Ford will attempt to characterize the truck's owner's manual as a "warning." But the owner's manual is immaterial for this motion. To fulfill its duty to warn, Ford must provide an in-use system warning. In any event, "it is not sufficient for a user to know of a general danger; the particular danger lurking in the product must or should have been known and appreciated by the user." *Beauchamp v. Russell*, 547 F. Supp. 1191, 1198 (N.D. Ga. 1982) (citation omitted). None of the "warnings" that Ford may drum up mention anything regarding the limitations of the ACC with LCA system when navigating exit lanes. Any warning in the Truck's owner's manual is general in nature and does not adequately warn customers that Steering Probable Path would not function correctly at an interstate exit. *See* SOF ¶10. As such, an adequate in-use system warning is required.

Ford may also argue, as it has before, that failure-to-warn claims require expert testimony. However, courts in this district have routinely rejected that argument. "To the extent that Ford may suggest that Plaintiffs' failure-to-warn claim must be supported by expert testimony, the Court rejects any such argument." *Brogdon*, 2024 U.S. Dist. LEXIS at

9; *see also Bullock v. Volkswagen Grp. of Am., Inc.*, 107 F. Supp. 3d 1305, 1316 (M.D. Ga. 2015) (rejecting automaker's argument that failure to warn requires expert testimony when it "knew of the risks of the design but provided *no warning*"). The Court should reject that argument if Ford tries it again. Notwithstanding any argument Ford may present, Ford's admission *in judicio* precludes any such argument regarding its duty to warn. Moreover, Ford's admission *in judicio* precludes any argument an adequate, in-use system warning was not feasible. Because Wooten's truck did not include an in-use warning and Ford admitted to such, summary judgment is required regarding Plaintiffs' failure to warn claim.

## Conclusion

For those reasons, the Court should grant Plaintiffs' partial summary judgment on their failure-to-warn claim.

Dated: November 19, 2025,    Respectfully submitted,

**SLAVIK LAW FIRM, LLC**

Donald H. Slavik
CO Bar No. 33860
*Admitted Pro Hac Vice*
2834 Blackhawk Court
Steamboat Springs, CO 80487-2018
Tel.: (970) 457-1011
Fax: (267) 878-7697
dslavik@slavik.us

**ADAMS, JORDAN & HERRINGTON, P.C.**

Virgil L. Adams

**CHEELEY LAW GROUP, LLC**

*/s/ Nick Wooten*
Robert D. Cheeley
GA Bar No. 122727
Nick Wooten
TX Bar No. 24128672
*Admitted pro hac vice*
Gabrielle D. Gravel
GA Bar No. 449376
Andrew T. Craft
GA Bar No. 844764
2500 Old Milton Parkway
Suite 200
Alpharetta, GA 30009
Tel.: (770) 814-7001

Georgia Bar No. 004625  
Caroline W. Herrington  
Georgia Bar No. 153008  
915 Hill Park, Suite 101  
P.O. Box 928 Macon, Georgia 31202  
Phone: (478) 743-2159  
Fax: (478) 743-4938  
vadams@adamsjordan.com  
cherrington@adamsjordan.com  

Fax: (678) 559-0273  
bob@cheeleylawgroup.com  
nick@cheeleylawgroup.com  
gabby@cheeleylawgroup.com  
andrew@cheeleylawgroup.com  

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2025, I electronically filed the foregoing Plaintiffs' Motion for Partial Summary Judgment with the Clerk of Court using the CM/ECF system, and I have provided an email copy of the filing to all counsel of record listed on the certificate of service.

Michael R. Boorman
Paul E. Petersen, III
WATSON SPENCE, LLP
Bank of America Plaza
600 Peachtree Street NE
Suite 2320
Atlanta, GA 30308
mboorman@watsonspence.com
ppetersen@watsonspence.com

*Counsel for Defendant*
*Ford Motor Company*

Scott A. Richman Tiffany M. Gutierrez
MCDONALD TOOLE WIGGINS, PA
111 N. Magnolia Avenue
Suite 1200
Orlando, FL 32801
srichman@mtwlegal.com
tgutierrez@mtwlegal.com

*Counsel for Defendant*
*Ford Motor Company*

Michael Carey
DYKEMA GOSSET, PLLC
4000 Wells Fargo Center 90 South 7th Street
Minneapolis, MN 55402
mcarey@dykema.com

*Counsel for Defendant*
*Ford Motor Company*

Derek J. Linkous
BUSH SEYFERTH PLLC
100 W. Big Beaver Road, Ste. 400
Troy, MI 48084
linkous@bsplaw.com

*Counsel for Defendant*
*Ford Motor Company*

/s/ Nick Wooten
Nick Wooten
*Counsel for Plaintiffs*