UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BEVERLY WOOTEN, as surviving spouse of Barry Wyatt Wooten, and BARRY WAYNE WOOTEN, as administrators of the Estate of Barry Wyatt Wooten, deceased, *Plaintiffs*, | Civil Action |
| v. | 5:23-cv-00346-MTT |
| FORD MOTOR COMPANY, *Defendant*. | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT MOTION FOR PARTIAL SUMMARY JUDGMENT ON FAILURE TO WARN**

Ford's opposition to Plaintiffs' motion for partial summary judgment hinges on three arguments previously briefed. In sum, Ford contends (1) its owner's manual establishes an adequate warning, (2) there is no evidence of ACC with LCA engagement, and (3) there is no evidence to support a feasible alternative design regarding warnings. Plaintiffs have already briefed and addressed these ill-founded contentions. To avoid duplicative briefing, Plaintiffs refer the Court to their original brief in support of motion for partial summary judgment, their response in opposition to Ford's motion for summary judgment and Plaintiffs' 56(d) motion. Docs. 255-2, 321, 306. To the extent some arguments are not addressed in prior briefing, Plaintiffs show the Court as follows:

## I. Ford's Owner's Manual is Not an Adequate Warning.

Ford's repeated attempt to characterize the general language regarding the ACC with LCA ("ADAS") system's limitations as an adequate warning fails. Under Georgia law, "a product manufacturer has a duty to warn consumers of dangers arising from the use of the product. That duty 'arises whenever the manufacturer knows or reasonably should know of the danger arising from the use of its product.'" *Brogdon v. Ford Motor Co.*, No. 4:23-cv-88 (CDL), 2024 U.S. Dist. LEXIS 201486 at *7, 2024 WL 4680649 (M.D. Ga. Nov. 5, 2024) (quoting *Chrysler Corp. v. Batten*, 264 Ga. 723, 724 (1994).

First, Ford attempts to label the ADAS system's general limitation as the danger presented to Wooten. However, the true danger presented to Wooten was not just that the ADAS system's torque assistance may be limited at curves. Doc. 315 at 1. Rather, the danger presented to Wooten was the ADAS system's inability to provide any appropriate steering assistance at exit lanes. Ford knew the ADAS system would not apply any appropriate assistance. Doc. 255-2 at 3. Ford also knew the dangers arising from the use of the ADAS system at exit lanes. *Id.* However, there was no warning whatsoever, to alert Wooten the ADAS system would not provide any appropriate steering assistance at exit lanes. *Id.* at 4.

## II. Sufficient evidence shows ACC with LCA engagement.

As fully briefed in response to Ford's motion for summary judgment, there is sufficient competent evidence showing ACC with LCA was engaged at the time of the crash. Doc. 321, pgs. 3-6, 321-2, PSAF 1.

## III. Ford admitted an adequate warning was feasible.

As fully briefed in response to Ford's motion for summary judgment, Ford admitted there was no warning and there was an alternative design. Doc. 321, pgs. 19-23. However, it is worth noting Ford now attempts to wriggle its way out of its judicial admissions. Accordingly, Ford now characterizes its judicial admissions as pertaining to overall functional differences in the Truck and the Tesla Model 3. Doc. 315 at 11-12. However, the Court specifically asked Ford about the feasibility of a system alert warning, not general or overall functional differences in the Truck and the Tesla Model 3:

> THE COURT: Mr. Harrington is saying he thinks it's possible that it could have been designed to give an earlier ***alert***, and I'd be surprised if Ford denied that. Certainly, you can design a system like a Tesla that would operate differently.
>
> FORD: For sure. Ford could have designed this feature to work differently, to have different systems, to have different functionality, similar to a Tesla Model 3 sedan. But for this F-150 pickup truck, no, they did not make those design decisions.
>
> THE COURT: ***So there's no question about lack of feasibility of designing a system that could have provided an earlier warning, but this one was not designed to do so***.

SOF at ¶ 14.

As such, there is no dispute the Court's questions and Ford's judicial admissions pertained to feasible alternative design regarding warnings, not total system functionality.

## IV. Ford's Repeated Weaponization of Judicial Admissions

Finally, Ford's opposition further highlights the issues raised in Plaintiffs' 56(d) motion regarding discovery of .A2L and .DBC files. Doc. 306. To that end, Ford argues partial summary judgment is inappropriate because Plaintiffs' experts did not conduct testing of the forward-facing camera to determine potential feasible alternatives, which was only possible by reviewing Ford's .A2L and .DBC files. Doc. 315 at 11. Ford assured the Court access to these files was unnecessary considering their judicial admission. Doc. 101 at 24:22-24 ("…they're still asking for this and demanding these files when these files will shed no light on anything that's actually at issue in the case."). Again, Ford weaponizes this judicial admission to attack the absence of expert testimony regarding alternative design warnings.

## V. Conclusion

For the reasons outlined above, proper application and enforcement of Ford's judicial admissions entitle Plaintiffs to partial summary judgment on their failure-to-warn claim.

Dated: January 7, 2025,

Respectfully submitted,

**SLAVIK LAW FIRM, LLC**
Donald H. Slavik
CO Bar No. 33860
*Admitted Pro Hac Vice*
2834 Blackhawk Court
Steamboat Springs, CO
80487-2018
Tel.: (970) 457-1011
Fax: (267) 878-7697
dslavik@slavik.us

**ADAMS, JORDAN & HERRINGTON, P.C.**
Virgil L. Adams
Georgia Bar No. 004625
Caroline W. Herrington
Georgia Bar No. 153008
915 Hill Park, Suite 101
P.O. Box 928 Macon,
Georgia 31202
Phone: (478) 743-2159
Fax: (478) 743-4938
vadams@adamsjordan.com
cherrington@adamsjordan.com

**CHEELEY LAW GROUP, LLC**

*/s/ Nick Wooten*
Robert D. Cheeley
GA Bar No. 122727
Nick Wooten
TX Bar No. 24128672
*Admitted pro hac vice*
Gabrielle D. Gravel
GA Bar No. 449376
Andrew T. Craft
GA Bar No. 844764
2500 Old Milton Parkway
Suite 200
Alpharetta, GA 30009
Tel.: (770) 814-7001
Fax: (678) 559-0273
bob@cheeleylawgroup.com
nick@cheeleylawgroup.com
gabby@cheeleylawgroup.com
andrew@cheeleylawgroup.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that today I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I have provided an email copy of the filing to all counsel of record listed on the certificate of service.

Michael R. Boorman
Paul E. Petersen, III
WATSON SPENCE, LLP
Bank of America Plaza
600 Peachtree Street NE
Suite 2320
Atlanta, GA 30308
mboorman@watsonspence.com
ppetersen@watsonspence.com

*Counsel for Defendant Ford Motor Company*

Scott A. Richman Tiffany
M. Gutierrez
McDONALD TOOLE WIGGINS, PA
111 N. Magnolia Avenue
Suite 1200
Orlando, FL 32801
srichman@mtwlegal.com
tgutierrez@mtwlegal.com

*Counsel for Defendant Ford Motor Company*

Michael Carey
DYKEMA GOSSET, PLLC
4000 Wells Fargo Center 90 South
7th Street
Minneapolis, MN 55402
mcarey@dykema.com

*Counsel for Defendant Ford Motor Company*

Derek J. Linkous
BUSH SEYFERTH PLLC
100 W. Big Beaver Road, Ste. 400
Troy, MI 48084
linkous@bsplaw.com

*Counsel for Defendant Ford Motor Company*

*/s/ Nick Wooten*
Nick Wooten
*Counsel for Plaintiffs*