UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BEVERLY WOOTEN, as surviving spouse of Barry Wyatt Wooten, and BARRY WAYNE WOOTEN, as administrators of the Estate of Barry Wyatt Wooten, deceased,<br>   *Plaintiffs*,<br><br>v.<br><br>FORD MOTOR COMPANY,<br>   *Defendant*. | Civil Action No.<br>5:23-cv-00346-MTT |

## **PLAINTIFFS' COUNSEL'S REQUST FOR A HEARING**

  Undersigned Counsel ("Wooten") remains counsel for the Plaintiffs in this matter. Wooten learned from his clients that the Court held an in-camera hearing last Friday, February 13, 2026, with at least Cheeley Law Group. Wooten received no notice of said hearing and there is no docket entry reflecting the hearing taking place.

  Wooten can only speculate as to what the Court may have been told during this secret hearing based upon the conduct of Mr. Cheeley leading up to the filing of D.E. 338 and what Wooten has learned from clients and co-counsel in other matters.

  For the Court's information, Wooten was ethically obligated to resign from Cheeley Law Group immediately and without notice on February 11, 2026. This ethical obligation arose because Mr. Cheeley demanded that Wooten withdraw from his representation in this case in direct conflict with at least one of the co-administrator's wishes. Mr.

Cheeley followed that demand with false statements of fact to the other co-administrator Wooten's presence. When this occurred, Wooten immediately resigned.

At some point between the entry of the Court's order at D.E. 337 on the evening of February 9, 2026, and the morning of February 11, 2026, Mr. Cheeley decided that Wooten should be made a scapegoat and cast out of the case. Mr. Cheeley developed the belief that forcing Wooten to withdraw would cause the Court to view the evidence in this case differently. Wooten ethically could not obey Mr. Cheeley's order to withdraw from representation because Wooten has ethical duties to his clients that supersede Mr. Cheeley's case strategies.

Only after Wooten resigned because of Mr. Cheeley's actions did Mr. Cheeley then come forward and threaten Wooten with allegations that Wooten had violated the Court's orders. Mr. Cheeley's threats were met with the only appropriate, ethical response: "If you think that I violated the protective order, you have an obligation to report it and you should do so." As always, Wooten is more than happy to stand before the Court, explain why Mr. Cheeley's allegations are false, and answer any questions the Court may have. As always, Wooten will accept any punishment the Court deems proper if the Court finds Wooten has violated his obligations to the Court, as any Officer of the Court should do.

The only caveat in this instance is that since Wooten's resignation, Mr. Cheeley has actively denied Wooten access to the clients' files, and the Firm's resources, including several software and messaging programs

that contain the materials needed to disprove Mr. Cheeley's allegations. As a matter of professional responsibility, Mr. Cheeley cannot deny Wooten access to these Firm materials or to the clients' file. Yet, despite many warnings and requests to cease and desist, Mr. Cheeley continues to withhold access to Wooten's work product, Wooten's records of communications (both internal and external), and Wooten's access to client files and materials to which Wooten is absolutely entitled as counsel in the case. In this instance, access is mandatory as Mr. Cheeley has made allegations of wrongdoing while withholding access to the materials that disprove those allegations.

The Court should be aware that since the February 13, 2026, hearing, Mr. Cheeley has told numerous Wooten clients that this Court is disbarring and jailing Wooten. Given Wooten's exclusion from the February 13, 2026, hearing, the lack of notice to Wooten, and the lack of even a minute entry suggesting this hearing took place, it is possible that the Court directed Mr. Cheeley to announce the Court's punishment to all of Wooten's clients and co-counsel. Having appeared before the Court several times, Wooten doubts the Court would have sent a messenger rather than deliver such a message personally.

Wooten means absolutely no disrespect to the Court. But the Court must know that Mr. Cheeley weaponized the February 13, 2026, hearing to assail Wooten to both his clients and co-counsel seeking to prevent them from departing Cheeley Law Group with Wooten. Undersigned previously briefed the law on the requirements for due process applicable to

sanctions proceedings in D.E. 197 and adopts the legal arguments on that point as if set out here in full rather than repeating them.

Lastly, Wooten apologizes to the Court that this matter must be addressed by the Court in the first instance. Mr. Cheeley's actions dumped an internal ethical disagreement between lawyers into the Court's lap lathered in a spurious allegation of wrongdoing. Any hearing will, of necessity, require some inquiry into normally privileged matters. This subject matter will require the Court to fashion protection against unnecessary disclosure of the clients' privileged information.

## Request for Relief

Wooten requests each of the following:

1) A complete list of allegations that the Court would like Wooten to address.

2) That the Court order Mr. Cheeley to restore Wooten's access to the Firm's resources and the clients' files immediately so that Wooten can gather the evidence to respond to the allegations *and* continue his representation.

3) That the Court direct Wooten to notify the Court when access is restored to the Firm's resources and the clients' files.

4) That the Court then set a hearing at least 7 days after Wooten has restored access to the Firm's resources and the clients' files to allow him adequate time to gather the evidence to respond.

Dated: February 19, 2026.    Respectfully submitted,

>   */s/ Nick Wooten*
>   Nicholas H. Wooten
>   Admitted *Pro Hac Vice*
>   Nick Wooten, LLC
>   (833) 937-6389
>   nick@nickwooten.com
>
>   *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that today I have served a copy of the foregoing on all parties of record by use of the ECF system on February 19, 2026.

>   */s/ Nick Wooten*
>   Counsel for Plaintiffs