IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BEVERLEY WOOTEN, as Surviving Spouse of BARRY WOOTEN and BARRY WAYNE WOOTEN, as Administrators of the ESTATE OF BARRY WYATT WOOTEN, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | CIVIL ACTION FILE<br><br>NO. 5:23-cv-00346 |

**FORD MOTOR COMPANY'S MOTION FOR EMERGENCY HEARING AND FOR EXTENSION OF FEBRUARY 23, 2026 DEADLINE REGARDING ADDITIONAL SANCTIONS BRIEFING**

Plaintiffs recently alerted the Court and Ford of Plaintiffs' "violations of court orders pertaining to protected documents" and requested a hearing with no public transcript to address the issues with the Court. On the afternoon of February 18, 2026, Ford learned those violations are more numerous and widespread than Plaintiffs previously portrayed them. So Ford now needs to seek emergency intervention from this Court. Ford respectfully requests the Court hold a hearing as soon as possible, so the Court and Ford can investigate the full scope of these improper disclosures and for an extension of time to move for additional sanctions, as this Court previously invited.

**BACKGROUND**

Following this Court's sanctions order (Doc. 337) and Plaintiffs' counsel's revelation of court-order violations (Doc. 338), this Court held a telephonic scheduling hearing on February 13, 2026. During that hearing, Plaintiffs told the Court and Ford they had recently learned of the

1

improper disclosure of confidential information and documents governed by the Court's Protective Order (Doc. 47) and the improper production of unredacted NHTSA documents (*see* Doc. 184) by email to two (unidentified) persons outside of the Plaintiffs' counsel's law firm.  At that hearing, Plaintiffs represented they had reviewed those improper disclosure emails and would produce those to Ford imminently.

It was not until February 18, 2026, that Plaintiffs produced to Ford a list of the ***seven*** people they have identified ***so far*** as having improperly received confidential documents and/or unredacted NHTSA documents from Plaintiffs' counsel.  With that letter, Plaintiffs produced the emails that Plaintiffs' counsel sent with the confidential and unredacted materials attached and a link to view some of those documents.[1]

**DISCUSSION**

Even the briefest review of the emails Plaintiffs' counsel improperly sent to these seven individuals demonstrates the sweep of the violations is much greater than represented to the Court at the February 13, 2026 hearing.  First, the seven individuals who received the improper disclosures include two journalists, including one for the *Wall Street Journal*, who just last week published a highly sensational story about the alleged dangers of Ford's BlueCruise technology and highlighted this lawsuit (Attachment 1, WSJ Article, "Hands-Free Driving Systems Confuse Drivers, but Carmakers Puh for More"), a plaintiffs' lawyer with active litigation against Ford involving technology in an F-250, a government official, and a computer sciences professor.

Second, it was originally represented to the Court that all improper disclosures were solely the work of prior counsel and a staff member who have now been terminated. But a review of the

---

[1] Many of the document production links contained in the emails were either deleted or have expired.

emails suggests at least one member of Plaintiffs' current counsel was likely involved in, or at the very least aware of, the disclosure of the unredacted NHTSA documents to one or both of the journalists.

Third, Plaintiffs' letter admits that counsel is still reviewing emails to determine if this is the total extent of the improper disclosures, that several Dropbox links used to improperly send the confidential materials and unredacted NHTSA documents have been deleted—so it may be impossible to determine the scope of the improper disclosures and mitigate the same—and that confidential Ford documents were uploaded to undisclosed artificial intelligence model(s). Plaintiffs do not yet even know the scope of the problem, so there is no way Ford can understand the full scope of the disclosure and the extent potential harms that has already been created.

Even though the full scope is unknown at this point, the known harms to Ford and the Court are substantial, current and ongoing. The *Wall Street Journal* article specifically referenced the unredacted NHTSA documents provided to it by Plaintiffs' counsel, and potentially used other confidential case production documents governed by the Protective Order, to publish an inflammatory article on the purported "dangers" of BlueCruise. (Exhibit 1). Confidential case documents appear to have been sent to improper third parties as early as February 2025 and as recently as January 14, 2026. The unredacted NHTSA documents that were the subject of this Court's Sanctions Orders were improperly disclosed to two journalists on August 2, 2025 (before they were even produced to Ford) and to other attorneys as late as January 14, 2026 (while this Court's interim sanctions directives were still in force.) Right now, other than the *Wall Street Journal* reporter who published an article using this confidential and unredacted information, the Court and Ford have no idea what the receiving individuals did with those documents or who else they sent them to.

**RELIEF REQUESTED**

At this time Ford respectfully requests the Court hold an emergency hearing as soon as possible, so the Court and Ford can investigate the full scope of these improper disclosures. Ford also requests an indefinite extension of the February 23, 2025 deadline (Doc. 337) for Ford to move for additional sanctions. Ford anticipates it will need to request some form of injunctive relief under Fed. R. Civ. P. 65 and/or 71, asking the Court to issue orders to the receiving parties to embargo the protected and confidential documents and make some type of disclosure as to whether and with whom they shared the documents with, as well as Fed. R. Evid. 706 for the Court to appoint an independent forensic expert to address the holes in Plaintiffs' disclosure knowledge. However, at his time, Ford is not in a position to make such a request without knowing more about the scope and extent of the improper disclosures.

Respectfully requested this the 19th day of February, 2026.

/s/ Paul E. Petersen
Michael R. Boorman
Georgia Bar No. 067798
Paul E. Petersen, III
Georgia Bar No. 791066
WATSON SPENCE, LLP
Bank of America Plaza
600 Peachtree Street NE
Suite 2320
Atlanta, GA 30308
Telephone: 229-436-1545
mboorman@watsonspence.com
ppetersen@watsonspence.com

Scott A. Richman,
*Admitted pro hac vice*
Tiffany M. Gutierrez
*Admitted pro hac vice*
MCDONALD TOOLE RICHMAN & CORRENTI, P.A.
srichman@mtrclegal.com
tgutierrez@mtrclegal.com

Michael Carey
*Admitted pro hac vice*
DYKEMA
mcarey@dykema.com

Derek J. Linkous
*Admitted pro hac vice*
BUSH SEYFERTH PLLC
linkous@bsplaw.com

*Attorneys for Defendant Ford Motor Company*

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Robert D. Cheeley
Gabrielle Gravel
McKenzie R. Nadel
CHEELEY LAW GROUP, LLC
2500 Old Milton Parkway, Suite 200
Alpharetta, Georgia 30009
bob@cheeleylawgroup.com
ggravel@cheeleylawgroup.com
mckenzie@cheeleylawgroup.com
*Counsel for Plaintiffs*

Nicholas H. Wooten
Nick Wooten, LLC
nick@nickwooten.com
*Counsel for Plaintiffs*

Donald H. Slavik
Slavik Law Firm, LLC
3001 South Lincoln Avenue
Suite C-1
Steamboat Springs, Colorado 80487
dslavik@slavik.us
*Counsel for Plaintiffs*

This 19th day of February, 2026.

                                               */s/ Paul E. Petersen, III*
                                               Michael R. Boorman
                                               Georgia Bar No. 067798
                                               Paul E. Petersen, III
                                               Georgia Bar No. 791066