UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BEVERLY WOOTEN, as surviving spouse of Barry Wyatt Wooten, and BARRY WAYNE WOOTEN, as administrators of the Estate of Barry Wyatt Wooten, deceased, *Plaintiffs*, <br><br> v. <br><br> FORD MOTOR COMPANY, *Defendant*. | Civil Action 5:23-cv-00346-MTT |

**PLAINTIFF'S MOTION TO QUASH FORD'S SUBPOENA TO NON-PARTY DROPBOX ONLINE, INC.**

Plaintiffs Beverly Wooten, as surviving spouse of Barry Wyatt Wooten, and Barry Wayne Wooten, as administrators of the Estate of Bary Wyatt Wooten, deceased, by and through the undersigned Counsel, move to quash Ford's subpoena for production of documents to non-party Dropbox Online, Inc., and moves for protection under Fed. R. Civ. P. 45(d)(3). As written, Ford's subpoena to Dropbox is well beyond the scope of this case and requires disclosure of privileged and other protected matters, both inside and outside of this case, where no exception of waiver applies. Because the subpoena is grossly overbroad, unduly burdensome, and would require disclosure of privileged or other protected matter for which no exception or waiver applies, the Court should quash or modify the subpoena.

**STATEMENT OF FACTS**

As this Court is aware, on February 12, 2026, Counsel for Plaintiffs disclosed to Ford that several improper disclosures had been made relating to the instant case by former counsel for Plaintiffs, Nick Wooten, and his paralegal, Kamden Ahlberg. Doc. 348. On February 18, Counsel for Plaintiffs sent Ford copies of improper

disclosure emails, which either contained confidential documents from the instant case or the unredacted NHTSA documents, or links to the same. *Id.* As Plaintiffs explained to Ford, for only **two** of the disclosed emails, the Dropbox links are no longer active. One of those links was sent to the Wall Street Journal on August 2, 2025. Based on that email to Mr. Felton containing the inactive link, it appears the link included the unredacted NHTSA documents. The second inactive link was sent from Nick Wooten to Wendy Wells, the daughter of the deceased, Barry Wooten, on August 14, 2025. The context of the email to Ms. Wells is such that Plaintiffs cannot identify which documents were contained in the Dropbox link.

In a hearing held on April 1, 2026, counsel for Plaintiffs indicated the information in the inactive links might be available directly from Dropbox, a vendor used by Plaintiff's Counsel's to store and send documents. Plaintiffs' Counsel made it clear Plaintiffs did not object Ford's desire to revive the two inactive Dropbox links. Doc. 351 at 35:17-12; 36:12-25. As far as Ford's investigation into the extent of these improper disclosures into Plaintiffs' Counsels' files, the Court made clear: "[s]cope is one thing that certainly the details are going to have to be addressed." *Id.* at 36:8-9. As the hearing concluded, and the Parties' intents for a forensic investigation were incongruent, the Court noted, "Well, I haven't heard a specific reason why we shouldn't do this, assuming it can be set up in a way that would protect, for example, issues of confidentiality." *Id.* at 39:23-40:1.

On May 5, 2026, Ford served a subpoena for production of documents to non-party Dropbox Online, Inc., seeking all of Cheeley Law Group, LLC's data stored in Dropbox for all of 2025 and 2026. The subpoena demanded the following:

---

### SCHEDULE "A"

Any and all records in your care, custody or control regarding **THE CHEELEY LAW GROUP** including, but not limited to, the following:

1.  copies of any and all documents, grouped or produced in their original Drobox folders/links, uploaded or downloaded by **Cheeley Law Group, LLC** during 2025 and 2026 regarding all accounts, including all accounts affiliated with bob@cheeleylawgroup.com, andrew@cheeleylawgroup.com, paula@cheeleylawgroup.com, nick@cheeleylawgroup.com and kamden@cheeleylawgroup.com

2.  copies of the links used to upload or download materials from **Cheeley Law Group, LLC**

3.  copies of the links used to upload or download materials by **Nicholas "Nick" Wooten**

4.  copies of the links used to upload or download materials by **Kamden Ahlberg**

5.  Information showing the identity of who accessed any Dropbox folders or links, the dates that activity occurred, and a description of the activity that occurred, including whether any documents were downloaded, deleted or added, and if so by whom.

---

*See* Exhibit 1, Non-Party Subpoena to Dropbox. To date, Plaintiffs have sent Ford everything that Plaintiffs have learned of or believe to be a violation of the protective order or the Court's September 2, 2025 Order regarding the NHTSA documents.

Lastly, on May 13, 2026, Counsel for Plaintiffs requested that Ford modify the subpoena, but Ford refused. Specifically, Counsel for Plaintiffs informed Ford they would not object to the production of the documents contained in the seven links produced by Plaintiffs regarding improper disclosures. *See* Exhibit 2, Email

Exchange. However, Ford never withdrew their subpoena, necessitating the instant motion.

## MEMORANDUM OF LAW

### Legal Standard

Under Federal Rule of Civil Procedure 45, upon timely motion, the court "must quash or modify a subpoena that…(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). "On a motion to quash a subpoena, the moving party has the burden of persuasion under Rule 45(d)(3), but the party issuing the subpoena must demonstrate that the discovery sought is relevant…. The scope of the discovery that can be requested under Rule 45 is the same as the scope under Rule 26(b)." *Dropbox, Inc. V. Motion Offense, LLC*, No. 22-mc-80083-SVK, 2022 U.S. Dist. LX 185490, at *4-5 N.D. Cal. Apr. 20, 2022). Rule 45 requires a party or attorney issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on the recipient of the subpoena." *Id.* at (d)(1); *Progressive Emu Inc. v. Nutrition & Fitness Inc.*, 785 F. App'x 622, 629 n.8 (11th Cir. 2019). Further, a "party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests." *Id.* at 630.

### Argument

#### I. The subpoena seeks disclosure of privileged or other protected matter, and no exception or waiver applies.

"[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation modified). Under Federal Rule of Civil Procedure 26(b)(1), discovery must be both "relevant to any party's claim or defense and proportional to the needs of the case."

Here, Ford's subpoena to Dropbox seeks sweeping access to Cheeley Law Group's materials relating to numerous cases, attorneys, and staff members. The subpoena is not directed toward discrete communication, a particular transfer event, or an identifiable file transmission, even though Plaintiffs' Counsel has already identified the relevant communications for Ford's request to Dropbox. Nor is it even tailored to this case. Instead, the subpoena seeks expansive categories of electronically stored information encompassing privileged communications, attorney work product, and materials from unrelated clients and matters. Courts grant motions to quash when a subpoena calls for records protected by attorney client or work product privileges. *See, e.g.*, *Owen v. Audubon Fields Sols. LLC*, No. 25-mc-00070, 2026 U.S. Dist. LX 32384, at *6 (E.D. Pa. February 18, 2026).

Ford's subpoena here extends far beyond any legitimate inquiry relevant to the issues before the Court and operates as a fishing expedition into Plaintiffs' Counsel's electronic files. Under Rule 45, Ford must "take reasonable steps to avoid imposing undue burden or expense on the recipient of the subpoena." *Progressive Emu Inc.*, 785 F. App'x at 629 n.8. Compliance would require substantial review of voluminous electronically-stored information for privilege, confidentiality, and unrelated client material—not only by Dropbox for production, but also for a third-party Forensic examiner who would certainly have to referee the production—all without a pre-established protocol between the Parties the Court suggested at the April 1 hearing. *See* Doc. 351 at 44:18-45:6. This would impose a significant burden wholly disproportionate to Ford's needs here. Accordingly, because the subpoena "requires disclosure of privileged or other protected matter," and because "no exception or waiver applies," the subpoena should be quashed in its entirety. Fed. R. Civ. P. 45(d)(3)(A)(iii).

## II.  The subpoena is facially overbroad and disproportional to the instant issue.

Here, the subpoena seeks expansive Dropbox data relating to three attorneys and two paralegals over a broad timeframe without identifying specific files, communications, or transfer activity. Such sweeping requests are not proportional to the needs of the case in violation of Rule 26(b)(1), particularly where the discovery sought intrudes into attorney files and privileged litigation materials. While Nick Wooten and Kamden Ahlberg primarily worked on the instant case during their time at Cheeley Law Group, Ahlberg, along with Paula Senra, paralegal, have compiled, sent, and downloaded Dropbox links in other cases they worked on during the subpoenaed time period. Ford cannot demonstrate under Rules 26(b) and 45(d)(3) that the scope of the subpoena, as written, seeks only relevant discovery. *Dropbox, Inc.*, at *4-5 (N.D. Cal. Apr. 20, 2022).

If this subpoena is not quashed or modified, volumes of irrelevant information from other cases will be part of Dropbox's production. The only question needing an answer is the contents of the two identified Dropbox links. Therefore, the subpoena should be quashed in its entirety or modified to a search of the Dropbox links identified in the emails disclosed to Ford on February 18, 2026. Doc. 348.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request this Court issue a protective order and quash Ford's subpoena to non-party Dropbox.

Respectfully submitted this 19th day of May 2026.

**SLAVIK LAW FIRM, LLC**
Donald H. Slavik
CO Bar No. 33860
*Admitted Pro Hac Vice*
2834 Blackhawk Court
Steamboat Springs, CO 80487-

**CHEELEY LAW GROUP, LLC**
*/s/Gabrielle (Gravel) Waldrop*
Gabrielle W. Waldrop
GA Bar No. 449376
Andrew T. Craft
GA Bar No. 844764

6

2018 Tel.: (970) 457-1011  
Fax: (267) 878-7697  
dslavik@slavik.us

Robert D. Cheeley  
GA Bar No. 122727  
McKenzie R. Nadel  
GA Bar No. 251909  
2500 Old Milton Parkway  
Suite 200  
Alpharetta, GA 30009  
Tel.: (770) 814-7001  
Fax: (678) 559-0273  
bob@cheeleylawgroup.com  
gabby@cheeleylawgroup.com  
mckenzie@cheeleylawgroup.com  
andrew@cheeleylawgroup.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify I electronically filed the foregoing with the Clerk of Court which will provide automatic notification to the following counsel of record:

Michael R. Boorman
Paul E. Petersen, III
WATSON SPENCE, LLP
Bank of America Plaza
600 Peachtree Street NE
Suite 2320
Atlanta, GA 30308
mboorman@watsonspence.com
ppetersen@watsonspence.com

*Counsel for Defendant
Ford Motor Company*

Scott A. Richman Tiffany
M. Gutierrez
MCDONALD TOOLE WIGGINS, PA
111 N. Magnolia Avenue
Suite 1200
Orlando, FL 32801
srichman@mtwlegal.com
tgutierrez@mtwlegal.com

*Counsel for Defendant
Ford Motor Company*

Michael Carey
DYKEMA GOSSET, PLLC
4000 Wells Fargo Center 90 South
7th Street
Minneapolis, MN 55402
mcarey@dykema.com

*Counsel for Defendant
Ford Motor Company*

Derek J. Linkous
BUSH SEYFERTH PLLC
100 W. Big Beaver Road, Ste. 400
Troy, MI 48084
linkous@bsplaw.com

*Counsel for Defendant
Ford Motor Company*

Date: May 19, 2026

**CHEELEY LAW GROUP, LLC**

*/s/ Gabrielle (Gravel) Waldrop*
Gabrielle (Gravel) Waldrop

*Counsel for Plaintiffs*