

May 5, 2026

**VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED**
Dropbox Online, Inc.
Attn: Records Custodian
333 Brannan Street
San Francisco, CA 94107

> RE:   Beverly Wooten, et al. v. Ford Motor Company
>        United States District Court – Middle District of Georgia - Macon Division
>        Civil Action File No.: 5:23-cv-00346-MTT

Dear Madam/Sir:

This firm represents Ford Motor Company in the above-referenced lawsuit.

Pursuant to F.R.C.P. Rule 45, we have enclosed a Subpoena which requires you to produce and permit inspection and copying of designated documents which are in your possession, custody or control.

In lieu of appearing at our offices with the specified materials, you may email a copy of the requested documents to me at mmiller@watsonspence.com along with an executed copy of the Certificate of Authentication that is also enclosed.  You may also send your invoice for reasonable copy charges incurred in complying with the Subpoena.

Pursuant to Fed. R. Civ. P. 45(d)(2)(B), you have 14 days after the Subpoena is served in which to object. Thank you in advance for your anticipated cooperation in this matter.

Very truly yours,
WATSON SPENCE LLP

Michelle L. H. Miller
Paralegal

cc:    All Counsel of Record (w/enclosures)

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Georgia

| | | |
|---|---|---|
| Beverly Wooten, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   5:23-cv-00346-MTT |
| Ford Motor Company | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Dropbox Online, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
SEE ATTACHED SCHEDULE "A"

| Place: Watson Spence LLP<br>600 Peachtree ST NE, Suite 2320<br>Atlanta, GA 30308 | Date and Time:<br><br>05/22/2026 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      05/05/2026

| CLERK OF COURT | | |
|---|---|---|
| | OR | *Paul E. Pet—* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Ford Motor Company _____ , who issues or requests this subpoena, are:

Paul Petersen, 600 Peachtree St NE, Suite 2320, Atlanta, GA 30308; ppetersen@watsonspence.com; 229-436-1545

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

### <u>SCHEDULE "A"</u>

Any and all records in your care, custody or control regarding **THE CHEELEY LAW GROUP** including, but not limited to, the following:

1. copies of any and all documents, grouped or produced in their original Drobox folders/links, uploaded or downloaded by **Cheeley Law Group, LLC** during 2025 and 2026 regarding all accounts, including all accounts affiliated with bob@cheeleylawgroup.com, andrew@cheeleylawgroup.com, paula@cheeleylawgroup.com, nick@cheeleylawgroup.com and kamden@cheeleylawgroup.com

2. copies of the links used to upload or download materials from **Cheeley Law Group, LLC**

3. copies of the links used to upload or download materials by **Nicholas "Nick" Wooten**

4. copies of the links used to upload or download materials by **Kamden Ahlberg**

5. Information showing the identity of who accessed any Dropbox folders or links, the dates that activity occurred, and a description of the activity that occurred, including whether any documents were downloaded, deleted or added, and if so by whom.

Records Check Made By: _____
Please Sign & Print Name

Records Check Verified By:_____, Records Custodian
Please Sign & Print Name

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| BEVERLY WOOTEN, as Surviving Spouse of BARRY WOOTEN and BARRY WAYNE WOOTEN, as Administrators of the ESTATE OF BARRY WYATT WOOTEN, Deceased, | : : : : : : | |
| Plaintiffs, | : : | CIVIL ACTION FILE NO.: 5:23-cv-00346-MTT |
| v. | : : | |
| FORD MOTOR COMPANY, | : : | |
| Defendant. | : | |

## CERTIFICATE OF AUTHENTICATION

Before me, the undersigned officer, duly authorized to administer oaths, appeared the undersigned _____, who upon being duly sworn certifies that he/she is a custodian for **Dropbox.** The attached records were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with personal knowledge of such matters and a business duty to report; were kept in the course of the regularly conducted activity; and were made by the regularly conducted activity as a regular practice.

THIS CERTIFICATE is given in lieu of the personal appearance of the person certifying hereto, and in connection with a case or proceeding entitled *Beverly Wooten, et al. v. Ford Motor Company;* United States District Court, Middle District of Georgia, Macon Division, Civil Action File No. 5:23-cv-00346-MTT.

_____
Records Custodian

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  5:23-cv-00346-MTT

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

via USPS Certified Mail - Return Receipt Requested

_____ on *(date)*    05/05/2026    ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date:    05/05/2026    

_____
*Server's signature*

Michelle L. H. Miller, Paralegal
_____
*Printed name and title*
Watson Spence LLP
600 Peachtree Street NE
Suite 2320
Atlanta, GA 30308
_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).