**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| BEVERLY WOOTEN, as Surviving Spouse of BARRY WOOTEN and BARRY WAYNE WOOTEN, as Administrators of the ESTATE OF BARRY WYATT WOOTEN, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | CIVIL ACTION FILE NO:<br>5:23-cv-00346 |

**FORD MOTOR COMPANY'S RESPONSE TO PLAINTIFFS' MOTION TO QUASH
FORD'S SUBPOENA TO NON-PARTY DROPBOX ONLINE, INC.**

Plaintiffs' motion is as ill-founded as Ford's subpoena to Dropbox is essential. We know that—during their time at Cheeley Law Group—Plaintiffs' former counsel Nick Wooten and paralegal Kamden Ahlberg violated both the Protective Order (Doc. 47) and this Court's Order regarding disclosure of unredacted NHTSA documents (Doc. 195). We know that Dropbox was the platform Cheeley Law Group used to disseminate Ford's highly confidential business information against court orders. We know that for at least two transmissions of Ford's confidential material, Cheeley Law Group cannot reconstruct the scope of what was improperly transmitted. We know that Counsel did not search any emails accounts other than Wooten and Ahlberg's for additional violations. And how do we know? *Manual* searches by non-IT professionals of *certain* files from *select* individuals' computers.

Ford therefore remains acutely concerned that additional breaches of its confidentiality and this Court's orders have occurred but have not yet been uncovered. The piecemeal manner in which

the Cheeley Law Group disclosed the violations thus far and the false testimony that accompanied those only heighten Ford's legitimate concern. So Ford subpoenaed Dropbox to allow its unaffiliated, expert consultant to examine the font of how Ford's proprietary documents were wrongly distributed. And yet Cheeley Law Group—who employed Messrs. Wooten and Ahlberg, have led the narrow and imperfect search efforts to date, have admitted to the incompleteness of those efforts—now want to stand in the way of Ford and this Court being able to ascertain the extent of the wrongdoing. That should not be countenanced.

The very point of third-party discovery (here, a subpoena) is to remove the parties and their motives from intermediating the search for truth. The Dropbox subpoena is critically important for Ford to be able to not only regain some modicum of control over its own confidential information but also to determine the appropriate sanction request for the numerous violations of Court orders. Given the posture and the seriousness of the matter as well as the process that Ford has suggested —but Plaintiffs have rejected—for protecting client confidences, this motion should be swiftly denied so that Ford need not rely on the cold comfort of its opponents' representations about their own violations of this Court's orders.

## BACKGROUND

As the Court well knows, Ford has become aware of numerous violations of multiple orders of this Court by Plaintiffs' former counsel Nick Wooten and paralegal Kamden Ahlberg, during their time at Cheeley Law Group, as well as false averments regarding those activities. *See generally* Docs. 341, 345, 351.  Ford has repeatedly expressed that it continues to believe that the full scope of the violations is still not yet known.

The Court, during the April 1, 2026, hearing, directed Ford to work with Plaintiffs' counsel and Mr. Wooten to prepare a protocol for the forensic examination of the Cheeley Law Group's

emails. Ford has retained a leading forensic expert, Brian Chase from Archer Hall, to conduct the examination.[1]

Ford also stated its intention during the April 1 hearing to subpoena Dropbox in order to obtain information and documents related to links sent by Plaintiffs' counsel, which are believed to contain transmissions of materials in violation of the Protective Order and/or the NHTSA Order. Indeed, Cheeley Law Group admitted that there are some Dropbox links that appear to have contained documents disseminated in violation of this Court's orders for which Cheeley Law Group cannot access the contents of the links. (Doc. 351 at 35:5-8).

What these and other Dropbox links contain is of particular concern to Ford in light of competing representations from Messrs. Craft and Cheeley, on the one hand, and Mr. Wooten, on the other, as to which documents were contained in certain links sent to various third parties. For example, Mr. Wooten claims that he personally redacted the confidential deposition transcripts that were sent to The Todd Tracy Firm. (Doc. 351 at 16:19-22). Comparatively, the versions of the transcripts that the Cheeley Law Group sent to Ford, and were represented to be what Mr. Ahlberg sent at Mr. Wooten's direction, were not redacted. (*Id*. 42:22-43:5)

Even more, Mr. Craft admitted at the hearing that the Cheeley Law Group has only turned over the emails and documents from certain Dropbox links that attorneys within the Cheeley Law Group were able to locate through a *manual review*—and then, only of Messrs. Wooten and Ahlberg's emails. (*Id*. 8:12-14, 9:12-14). As Mr. Craft acknowledged, those searching were not "IT folks" or forensic experts. (*Id*. 9:17-19). Additionally, no other employee emails were searched for violations of the Protective Order or the NHTSA Orders, meaning if anyone other than

---

[1]  Meet-and-confer efforts over Mr. Hall's proposed examination protocol are ongoing between Ford, Cheeley Law Group and Mr. Wooten.

Messrs. Wooten and Ahlberg (even at their direction) improperly sent protected, confidential, or unredacted documents via Dropbox links to third parties, neither Ford nor the Court will find out without additional searches.

Ford has therefore rightfully subpoenaed Dropbox to investigate all potential Protective Order and NHTSA Order violations.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45(d)(3)(A)(iii) calls for the Court to quash or modify a subpoena that requires disclosure of privileged or other protected matter, ***if no exception or waiver applies***." (emphasis added).  In the Eleventh Circuit, "[t]he person invoking the privilege does bear the burden of proving its existence." *In re Grand Jury Investigation*, 842 F.2d 1223, 1225 (11th Cir. 1987). Under Rule 45(e)(2), the party invoking privilege to quash a subpoena must prove the privilege applies to each document withheld; courts in the Eleventh Circuit have made clear that a blanket assertion of privilege is insufficient to quash a subpoena and that the asserting party must establish the privilege for each document withheld. *Popcorned Planet, Inc. v. Lively*, 815 F. Supp. 3d 1248, 1252 (M.D. Fla. 2025).

## ARGUMENT

This motion by Plaintiffs is an effort to shut down a full investigation into whether Plaintiffs' counsel committed additional violations of this Court's orders that Cheeley Law Group still has not found or has not disclosed. The sweeping invocation of attorney-client privilege and work-product protection is no answer. Ford already proposed a measured solution: Dropbox would produce the subpoenaed material not to Ford, but to Cheeley Law Group and Mr. Chase. Cheeley Law Group and Mr. Chase would then independently identify the links they believe relate to this

case and to the investigation into violations of the Protective Order and NHTSA Order. Only the links and documents appearing on both lists would be produced to Ford.[2]

Plaintiffs, through Cheeley Law Group, rejected that sensible compromise and filed this motion instead. But Ford's effort is to investigate serious violations of this Court's multiple orders and to understand who is being fully candid about those violations (in the face of known false testimony and competing accusations of dishonesty.)  Ford's sincere and well-founded efforts should not be derailed by a categorical privilege objection that Ford has already addressed with a reasonable screening process. That is exactly why Ford retained a neutral forensic expert.

**Plaintiffs' blanket privilege objection is insufficient.** Plaintiffs cannot use a blanket claim of privilege to block disclosure of Dropbox records and activity they themselves put at issue. Any claim of privilege must be document-specific, not categorical. Yet Plaintiffs insist Ford should confine its subpoena to only the handful of Dropbox links they have chosen to identify, while denying Ford any means to discover other links or documents that may bear directly on the violations at issue. That cannot be how this works.

Courts have held that when a party places privileged material at issue through its own conduct, it may impliedly waive privilege as to those materials. The point of the waiver doctrine is "to protect against the unfairness that would result from a privilege holder selectively disclosing privileged communications to an adversary, revealing those that support the cause while claiming the shelter of the privilege to avoid disclosing those that are less favorable." *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 241 (N.D. Cal. 2015). Plaintiffs cannot wield privilege as both sword

---

[2] Ford further proposed that if Mr. Chase thinks any additional links and documents are relevant, he would report that to both parties, and the parties would negotiate them at that time. (Doc. 352-2, meet and confer email exchange.)

and shield—especially where the issue is the dissemination of Ford's confidential information in violation of Court orders.

**The subpoena is not overbroad.** The Dropbox subpoena is tailored to the pressing problem before the Court. Cheeley Law Group admits they conducted only a non-technical, manual review of just two mailboxes. Ford should not be forced to accept that truncated and selective accounting of the misconduct. Ford has no way to test the accuracy of those efforts without access to the full universe of potentially responsive materials. The parties and the Court need to know what documents were sent through Dropbox links so that additional violations of this Court's orders can be identified and Ford can present an informed sanctions request. Ford's subpoena—and the limitations Ford proposed—does exactly that without intruding on any properly asserted privilege. That is also why Ford retained Mr. Chase to help develop a protocol for collecting, filtering, and reviewing the materials so that potentially privileged information unrelated to counsel's Court-order violations is not disclosed to Ford. The process is akin to the use of taint or filter teams in government investigations, which protect privilege without sacrificing the search for the truth. *See, e.g.*, *In re Sealed Search Warrant & Application for a Warrant by Tel. or Other Reliable Elec. Means*, 11 F.4th 1235, 1248 (11th Cir. 2021).

Limiting the subpoena to the links Cheeley Law Group has already identified would force Ford to accept Cheeley Law Group's own account of the misconduct—an account that is both self-interested and disputed by Mr. Wooten. That would defeat the purpose of third-party discovery and undermine the value of the third-party forensic review this Court endorsed at the April 1, 2026 hearing.

## CONCLUSION

Given the competing allegations of wrongdoing levied by current and former Plaintiffs'

counsel against one another, the one thing that is certain is that Ford cannot know the scope of the improper conduct in this case without resort to third-party discovery. Ford has a sincere and legitimate interest in knowing this scope and having certainty as to who improperly obtained its confidential documents, when this occurred, and who is responsible for it. And those investigative efforts will likewise benefit the Court in determining whether any of these links (both those currently known and those yet-unknown) have been accessed by anyone and what documents were placed in or removed from those links. Ford's subpoena is the only way for the whole truth to be known, and Ford has presented a fair and reasonable method by which this can be accomplished. Accordingly, Ford requests this Court deny Plaintiffs' Motion to Quash Ford's subpoena to non-party Dropbox.

Respectfully submitted this the 22nd day of May, 2026.

/s/ Paul E. Petersen
Michael R. Boorman
Georgia Bar No. 067798
Paul E. Petersen, III
Georgia Bar No. 791066
WATSON SPENCE, LLP
Bank of America Plaza
600 Peachtree Street NE
Suite 2320
Atlanta, GA 30308
Telephone: 229-436-1545
mboorman@watsonspence.com
ppetersen@watsonspence.com

Scott A. Richman,
*Admitted pro hac vice*
Tiffany M. Gutierrez
*Admitted pro hac vice*
MCDONALD TOOLE RICHMAN & CORRENTI, P.A.
srichman@mtrclegal.com
tgutierrez@mtrclegal.com

Michael Carey
*Admitted pro hac vice*
DYKEMA
mcarey@dykema.com

Derek J. Linkous
*Admitted pro hac vice*
BUSH SEYFERTH PLLC
linkous@bsplaw.com

*Attorneys for Defendant Ford Motor Company*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Robert D. Cheeley
Gabrielle Gravel
Andrew T. Craft
McKenzie R. Nadel
CHEELEY LAW GROUP, LLC
2500 Old Milton Parkway, Suite 200
Alpharetta, Georgia 30009
bob@cheeleylawgroup.com
ggravel@cheeleylawgroup.com
andrew@cheeleylawgroup.com
mckenzie@cheeleylawgroup.com
*Counsel for Plaintiffs*

Donald H. Slavik
Slavik Law Firm, LLC
3001 South Lincoln Avenue
Suite C-1
Steamboat Springs, Colorado 80487
dslavik@slavik.us
*Counsel for Plaintiffs*

This 22nd day of May, 2026.

/s/ Paul E. Petersen
Michael R. Boorman
Georgia Bar No. 067798
Paul E. Petersen, III
Georgia Bar No. 791066