**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| BEVERLY WOOTEN, as Surviving Spouse of Barry Wyatt Wooten, and BARRY WAYNE WOOTEN, as Administrators of the ESTATE OF BARRY WYATT WOOTEN, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Civil Action No.<br>5:23-cv-00346-MTT |

# EXHIBIT A

Declaration of Nicholas H. Wooten (Oct. 20, 2026)

to

**WOOTEN'S RESPONSE IN OPPOSITION TO FORD MOTOR COMPANY'S MOTION TO COMPEL (DOCS. 358, 359)**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| BEVERLY WOOTEN, as Surviving Spouse of Barry Wyatt Wooten, and BARRY WAYNE WOOTEN, as Administrators of the ESTATE OF BARRY WYATT WOOTEN, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Civil Action No.<br>5:23-cv-00346-MTT |

**DECLARATION OF NICHOLAS H. WOOTEN IN SUPPORT OF HIS RESPONSE IN OPPOSITION TO FORD MOTOR COMPANY'S MOTION TO COMPEL (DOCS. 358, 359)**

I, Nicholas H. Wooten, declare as follows:

1. I am over eighteen years of age and competent to make this declaration. I make it from personal knowledge, except where I state that a fact is drawn from a document, in which case I identify the document.

2. I served as counsel for Plaintiffs in this action while employed by Cheeley Law Group, LLC. I resigned from that firm on February 11, 2026. Since that date I have not had access to the firm's computers, my firm email account, its Teams accounts, its online document database, or its client files.

3. Under Section 6.2.2 of the Digital Forensic Collection and Analysis Protocol (Doc. 357-1), ArcherHall delivered to me the responsive email data involving my former firm email account, consisting of 425 entries bearing NHW Bates numbers.

4. I personally reviewed each entry. On September 16, 2026, I produced 188 documents (1,458 pages) and served a 223-entry privilege log identifying each withheld entry by Bates range, date, author, recipients, and the basis for withholding. Where Cheeley Law Group

claimed a privilege as to an entry and I did not, I deferred to that firm's designation and noted that on my log.

5. Among the entries I withheld that Ford still seeks are those described below. The Bates numbers are those on my privilege log; attachments are listed with the emails that carried them.

(a) Communications with Frank J. Beltran, an attorney I consulted at Mr. Cheeley's direction, beginning in September 2025, for legal advice concerning Ford's motion for sanctions (Doc. 184) and about possibly representing the Cheeley Firm in those proceedings (NHW0000882–85, NHW0000889–91, NHW0000932–35, and NHW0000936–38, with its attachments, NHW0000939–1146).

(b) Communications with Professor Patrick E. Longan of Mercer University School of Law about retaining him as an expert on legal ethics in connection with the sanctions proceedings (NHW0000916–19, NHW0000920–23, and NHW0003192–96).

(c) A September 12, 2025 email to Professor Matt Hall, the ethics expert the Cheeley Firm retained, whose declaration Plaintiffs filed (Doc. 210), transmitting filings from the docket of this case (NHW0001208–10, with its attachments, NHW0001211–1451).

(d) A September 2–3, 2025 thread on the AIEG members' listserv titled "Question about Failed Redactions," in which I asked whether members had legal authority addressing which party bears the burden of making proper redactions and the effect of a failed redaction, together with members' responses and my replies to members who wrote to me directly. The messages on the listserv are NHW0000924–31, NHW0002967–74, NHW0003086–88, NHW0003102–06,

NHW0003118–24, NHW0003134–41, NHW0003197–99, NHW0003200–04, NHW0003205–10, NHW0003216–22, and NHW0003223–30, with their attachments (NHW0003089–3101, NHW0003107–17, NHW0003125–33, and NHW0003142–52); the direct exchanges are NHW0003076–81, NHW0003211–15, NHW0003231–36, NHW0003237–40, and NHW0003241–46. No Ford document was attached to any message in the thread. The attachments are copies of the members' message text, except NHW0003078–81 ("AI Assistant Response-7.docx"), which is a member's printout of questions he put to the Lexis+ AI research tool about the burden of redaction and the answers it gave. It contains no Ford material.

(e) Communications with Plaintiffs Beverly Wooten and Barry Wayne Wooten and with Wendy Wells, the decedent's daughter, whom I represented and communicated with as a client throughout my involvement in this case (NHW0000374–76, with its attachments, NHW0000377–719; NHW0000868–69; NHW0001884; NHW0001885–86; NHW0003347–49; and NHW0004075–77). Mrs. Wells knew of the Protective Order and understood that materials her counsel shared with her were not to be disseminated.

(f) Communications with Stratejic, a vendor retained to locate former Ford employees as potential witnesses. Stratejic was never provided any document produced by Ford in this case (NHW0001859–62, NHW0001863–68, and NHW0001875–77).

6. None of the communications described in Paragraph 5 was made to carry out, conceal, or further any disclosure of a document protected by the Protective Order or any violation of an order of this Court. Each was made to obtain legal advice, to obtain expert assistance, to communicate with my clients, or to conduct the ordinary business of litigation.

7. Natalie Dostie testified as Ford's Rule 30(b)(6) designee on May 30, 2024. The court reporter certified the transcript on June 3, 2024. At the start of the deposition, Ford's counsel stated that it would be taken as confidential under the protective order and that Ford would later designate the confidential portions; no specific portion was identified on the record. Response Ex. D (Dostie Dep. 9:21–10:3). Ford served its "Designation of Confidential Portions of Deposition Transcript of Natalie Dostie Pursuant to Protective Order" on October 15, 2024. A true copy of that designation (NHW0004136–38) is attached to my response as Exhibit E. To my knowledge, Ford served no other written designation for that transcript.

8. On December 3, 2024, I sent the Dostie transcript, together with Ford's October 15, 2024 designation, to Rosi Castillo, a paralegal at a firm whose lawyers are members of AIEG. I asked that the transcript be kept confidential other than for use by lawyers suing Ford. The same day I asked Jill Martin, AIEG's database manager, whether AIEG had received the deposition and Ford's designation; she asked for the protective order, and it was sent to her. AIEG's counsel has represented to me that no AIEG member has accessed the transcript since it was shared.

9. Before the Dostie transcripts were sent to Garrett Rogers of the Tracy Firm in January 2026, I personally redacted the pages Ford had designated and gave the redacted transcripts to Kamden Ahlberg to send. Because I have had no access to my former firm's computers, email, Teams accounts, or document systems since February 11, 2026, I have not been able to retrieve the redacted version or the communications concerning it.

10. Before the materials were sent to Garrett Rogers, I told Bob Cheeley personally that I intended to share them with Mr. Rogers, and I asked him how to share them correctly under AIEG's protocols. Mr. Cheeley did not object to the sharing.

11. Anything I had or gathered as part of this process, including any executed Written Assurances in my possession, I have already turned over.

12. I am willing to submit any entry on my privilege log to the Court for in camera review on request.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 20, 2026, at Cumming, Forsyth County, Georgia.

*/s/ Nick Wooten*
Nicholas H. Wooten