**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| BEVERLY WOOTEN, as Surviving Spouse of Barry Wyatt Wooten, and BARRY WAYNE WOOTEN, as Administrators of the ESTATE OF BARRY WYATT WOOTEN, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Civil Action No. 5:23-cv-00346-MTT |

# EXHIBIT C

Letter from N. Wooten to counsel re: Ford's request for additional production (Sept. 21, 2026)

to

**WOOTEN'S RESPONSE IN OPPOSITION TO FORD MOTOR COMPANY'S MOTION TO COMPEL (DOCS. 358, 359)**

# NICK WOOTEN, LLC
## ATTORNEY AT LAW

**Nicholas H. Wooten, JD, LLM, CAM, MFP, CWM, AFA, CPM**
nick@nickwooten.com

**Telephone:**
**(833) 937-6389**

**Licensed in:**
**Alabama, Colorado, Texas**
www.nickwooten.com

**Facsimile:**
**(833) 937-6389**

September 21, 2026

Delivery via email only to:

Paul Petersen
ppetersen@watsonspence.com

Michael Boorman
mboorman@watsonspence.com

Andrew Craft
andrew@cheeleylawgroup.com

Scott Richman
srichman@mtrclegal.com

Bob Cheeley
bob@cheeleylawgroup.com

Tiffany M Gutierrez
tgutierrez@mtrclegal.com

Scott Richman
srichman@mtrclegal.com

***In re: Wooten v. Ford Motor Company; Pending in the Middle District of Georgia, Case Number 5:23-cv-00346-MTT;***

**Response to Certain Requests for Additional Production**

Dear Paul,

I reviewed your correspondence dated September 18, 2026 regarding additional production. I am afraid there may have been some miscommunication for which I will accept responsibility.

I indicated that as to the items where Cheeley claimed confidentiality, but I did not, that I would respect Cheeley's designations until the two of you resolved those differences. However, your correspondence also addressed matters that should have been directed to me.

Rows 47-48 are attorney client privileged communications with Frank Beltran seeking his advice and counsel regarding the upcoming sanctions hearing. These fit squarely within the ambit of attorney-client communications and clearly indicate no documents were provided to Mr. Beltran.

Rows 49-50 are emails with a potential ethics expert from Mercer we reached out to in an effort to hire him as a testifying expert for the sanctions hearing. These fit squarely within the ambit of attorney work product and clearly indicate no documents were provided to the potential expert.

You also have rows 51-64 involving a question I posted to the AIEG listserve regarding whether anyone had cases addressing who has the burden of making proper redactions and the effect of failing to properly redact materials. There are no documents attached to those emails.

Rows 65-72 are again addressed to the counsel we either retained or were planning to retain (Bob can confirm if there was ever a formal retainer) to provide us representation and advice regarding the sanctions issues.

Row 73 has nothing to do with any PO materials. Providing this email would give you insight into our core work product and trial strategy. I do not consent to your receiving these materials.

Row 74 is our email to Matt Hall who was our testifying expert at the sanctions hearing. You have the ECF number of every document sent to him. You do not need to invade our work product to understand what he received. I do not consent to your receiving these materials.

In Row 84 you ask for assurance that no confidential information was shared. However, that assurance is apparent from the face of the document.

Rows 85-87 addressing an email to Gardiner Harris again demonstrates that no confidential materials were shared with Gardiner Harris. These exhibits have been previously provided to Ford as expert exhibits and consist of materials that we pulled from Ford's own website and produced to you labeled as non-confidential.

In Row 88, you ask us to provide you information about an unrelated case involving a class action that was filed in Michigan against GM. Clearly that has nothing to do with Wooten v. Ford. That request is unreasonable on its face.

In Rows 92-93 you demand to see a signed PO from Stratejic. Yet Stratejic has never been provided any Ford PO materials. You should google Stratejic. I think that would resolve your concerns about emails involving Stratejic. They have a very specific business model that has nothing to do with looking at documents from any case.

On Rows 94-95 you request information from an email chain regarding Bob Poston. As previously stated, Poston came to the hearing on the .A2L and .DBC files in February 2025 and presented our evidentiary exhibits. We did not even have the NHTSA documents when this email was authored. It is not relevant to the NHTSA redactions issue. Rather, this document is referencing the NHTSA Investigation that upgraded PE24012 to EA25001. A link to that publicly available document is here: https://static.nhtsa.gov/odi/inv/2025/INOA-EA25001-10004.pdf. This document is within the greater EA25001 materials found here: https://www.nhtsa.gov/?nhtsaId=EA25001. I hope that we are not now going backwards and claiming that publicly available information should be given to you (again) or somehow could ever violate the protective order.

Rows 96-102 again address an email to Stratejic. There are no documents attached to this email. Notice the formats are all .png extensions which are pictures. These are the "highest verdict" boxes

that are at the end of my signature and the firm information that served as my signature at Cheeley. Again, if you will take the time to google Stratejic, your questions about who they are will be resolved. There is nothing here to produce.

Rows 103-104 are dated 10/7/2024 and reference testing. My recall is that this reference would be to Shawn Harrington's testing of the BlueCruise truck. My understanding is that Cheeley has confirmed the referenced attachment has nothing to do with protected materials (since I was not provided with the attachment). Again, there is nothing to produce.

Rows 105-107 are also about testing performed by Harrington and do not include anything that touches upon the PO or any Ford designation.

Rows 108-112 are emails with AIEG requesting to make a presentation regarding the importance of .A2L and .DBC files in modern auto products cases. There are no materials shared as these rows clearly show. There is nothing implicating the PO.

Rows 133-137 are again emails with Poston for evidence that we expected to use in the February 2025 hearing regarding production of the .A2L and .DBC files.

Rows 138-140 are my protected work product. They do not contain any PO materials. They are not responsive.

Rows 141-142 are emails we sent to the court reporters for the named experts making sure they had the proper digital exhibits after Tiffany requested that the entire exhibits be attached to the transcripts. If these constitute violations of the PO, then these violations were triggered by Ford demanding we go back to the Court reporters and attach exhibits to the various transcripts rather than rely upon the exhibits we provided digitally. Further, no one has, to my knowledge, required that any court reporter sign the protective order, including Ford. Nor is there any rational fear that a court reporter has distributed any Ford documents.

Rows 154-156 belongs in the same response as Rows 51-64 above.

Row 157 does not discuss the PO in this case and there are no materials shared. This is non-responsive.

Row 160 does not reference shared testimony. It is an AIEG member asking if anyone has deposed Dostie. No confidential materials are shared, and it is not responsive. It clearly cannot be a PO violation to acknowledge deposing a witness.

Row 163 is protected from production by the cited Federal Statute and the work product doctrine. Further, there are no documents attached to this message.

Row 164 is protected from production by the cited Federal Statute and the work product doctrine. Further, there are no documents attached to this message.

Row 165-185 belongs in the same response as Rows 51-64 above.

Row 186 is an email with a potential appellate counsel regarding his potential retention. This should have been flagged as both attorney-client privileged and work product. The email shows that no documents were attached.

Row 187 is an email with a potential ethics expert about his retention, contains no documents, and is protected from production.

For Rows 188-196 please see the response in rows 51-64 above.

Rows 197-199 do not contain any documents, are not responsive to the search, and are protected as work product.

Row 200 is a communication with an attorney we consulted with about hiring to represent us regarding the sanctions order.

Row 203 is not responsive to this request. Lee Brown provided information generally applicable to Daubert motions for an expert being used in other litigation.

Row 204 is not responsive to this request. This involves litigation between Wooten and his former firm. Ryan Felton was inadvertently included in the email thread.

Rows 206-207 contain no documents and are not responsive.

Row 209 is work product. Ford should also consider the language of the Protective Order with respect to the Dostie deposition. The Protective Order required designation within 14 business days after receipt of the final transcript and also states that "[a]ll portions of transcripts not designed as Confidential within the time frame provided herein shall be deemed not confidential." The Court reporter certified the transcript on June 3, 2024. Ford's designation came more than five months after Dostie's deposition was taken and well beyond 14 days after her deposition transcript was final. Thus, under the plain language of the protective order the designations offered were untimely and, even if they weren't untimely, only the designated portions of pages 78-80, 82-85 were protected. I trust any further communications to the Court will make this timeline clear along with the limitations of any possible improper disclosure being limited to the portions of the six pages you untimely designated.

I leave any remaining items in your list to the Cheeley Firm for their response. Thank you for your prompt attention to this matter. I am available to meet and confer at your convenience as to any other issues to be discussed. Each of you has my cell phone number if you need to reach me.

Sincerely,

*Nick Wooten*

Nick Wooten