**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| BEVERLY WOOTEN, as Surviving Spouse of Barry Wyatt Wooten, and BARRY WAYNE WOOTEN, as Administrators of the ESTATE OF BARRY WYATT WOOTEN, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Civil Action No. 5:23-cv-00346-MTT |

# EXHIBIT F

Letter from N. Wooten to counsel re: production of search materials (Sept. 16, 2026)

to

**WOOTEN'S RESPONSE IN OPPOSITION TO FORD MOTOR COMPANY'S MOTION TO COMPEL (DOCS. 358, 359)**

# NICK WOOTEN, LLC
## ATTORNEY AT LAW

**Nicholas H. Wooten, JD, LLM, CAM, MFP, CWM, AFA, CPM**
**nick@nickwooten.com**

**Telephone:**
**(833) 937-6389**

**Licensed in:**
**Alabama, Colorado, Texas**
**www.nickwooten.com**

**Facsimile:**
**(833) 937-6389**

September 16, 2026

Delivery via email only to:

Paul Petersen
ppetersen@watsonspence.com

Michael Boorman
mboorman@watsonspence.com

Andrew Craft
andrew@cheeleylawgroup.com

Scott Richman
srichman@mtrclegal.com

Bob Cheeley
bob@cheeleylawgroup.com

Tiffany M Gutierrez
tgutierrez@mtrclegal.com

Scott Richman
srichman@mtrclegal.com

***In re: Wooten v. Ford Motor Company; Pending in the Middle District of Georgia, Case Number 5:23-cv-00346-MTT;***

**Production of Materials from Email Search**

Dear All:

I herein provide the link to the folder containing the production materials, a Bates Range List of Documents Produced, and the current version of my privilege log:

https://www.dropbox.com/scl/fo/f1hg0bbgqixj35ywpl1ae/AMoiPHiI5fR6kZTjAxBAOGQ?rlkey=2h7nn7ckycgusmx2uoacx7oom&st=nwda73hb&dl=0

There are a couple of points to discuss. I updated my privilege log to withhold anything that the Cheeley Firm made a claim of privilege on out of respect for their claim. I noted those withholdings as such in my log. Once you have resolved those disputes, I will abide by your agreement regarding the documents.

Per our discussion today, I continue to assert work-product protection over essentially all of the materials shared with you that were not subject to attorney-client privilege and that led to this imbroglio in the first instance. Nothing about this production is intended to be a waiver of my

rights to clawback all materials improperly shared subject to Rule 502(d) and the plain terms of the protective order.

As noted during our meeting, the only two instances of even an arguable violation of the protective order that have not been previously disclosed to you are at lines 217-218 of my privilege log. They are work product documents. Both involve the DeCook transcript only.

I want to emphasize that the privilege log demonstrates that simply because a member of AIEG shares their work-product or the non-confidential portions of a deposition with the AIEG repository, the membership does not have unfettered access to the materials. If you look at entries 129-141 of my privilege log, you will see that I requested information from AIEG. AIEG sent me the applicable protective orders governing those matters. AIEG would not share anything unless I could certify entitlement to receive the materials under the terms of the applicable protective orders.

I analyzed each protective order to determine if I had the right to access the materials under the terms of the Orders. I determined that I did not and therefore I did not execute and return any of the access agreements (equivalent in form to the Exhibit A in our protective order). Therefore, even though I was a member of AIEG at the time, I was not granted access to any of those materials because it was not permissible under the Protective Order's terms.

AIEG employs this same process for any request to access materials in the AIEG repository subject to a protective order. This should provide Ford great comfort that even information shared with AIEG is not generally accessible to its own membership without certifying protective order compliance. AIEG's counsel has represented to me that no member of AIEG has accessed the DeCook deposition transcript since it was shared to the AIEG repository. I would hope that this production and this information would allow us to move on from this and allow the case to move forward.

Thank you for your prompt attention to this matter. I am available to meet and confer at your convenience as to any other issues to be discussed. Each of you has my cell phone number if you need to reach me.

Sincerely,

Nick Wooten

Nick Wooten